UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWEL E. BROWN, | ) | CASE NO.  3:02CV0223(CFD) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF CONNECTICUT, COMMISSION ON | ) | |
| HUMAN RIGHTS AND OPPORTUNITIES, | ) | |
| NICHOLAS CIOFFI, Chairperson; RICHARD | ) | |
| ROBINSON, Commissioner and Chairperson; | ) | |
| CYNTHIA WATTS ELDER, Executive Director; | ) | |
| VIVEN BLACKFORD, Commissioner and | ) | |
| LEANNE APPLETON, Business Manager | ) | |
| | ) | |
| Defendants. | ) | June 3, 2004 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION
TO FILE A SUBSTITUTED COMPLAINT AS AMENDED**

COMES NOW the defendants and object to the plaintiff's request to file his

proposed "Substituted Complaint, as Amended," dated  April 28, 2004.

Specifically, the defendants object to the plaintiff's attempt to consolidate his case

against the CHRO with his claim against Central Connecticut State University (Case No.

3:02CV1516) after the court DENIED the plaintiff's motion to consolidate these cases.

Second, the plaintiff has joined as defendants to his lawsuit 10 state agencies and 10

officials from those agencies (presumptively in their official capacities) fully aware by

his own sworn admissions that at the time he prepared and filed the pleading that he had

not exhausted his administrative remedies against these agencies as required under Title

VII and the recent Supreme Court case of  National Railroad Passenger Corp. v. Abner

Morgan,  536 U.S. 101, 153 L. Ed. 2d 106 (2002).

## ARGUMENTS

**THE PLAINTIFF'S REQUEST TO FILE HIS "SUBSTITUTED COMPLAINT" SHOULD BE DENIED BECAUSE THE PLEADING VIOLATES THE COURT'S ORDER DENYING THE PLAINTIFF'S MOTION TO CONSOLIDATE.**

The plaintiff's April 28, 2004 "Substituted Complaint, As Amended" includes in Count XX a claim against Central Connecticut State University and defendant Richard Judd and Carolyn Magnan. These claims are identical to the claim presented by the plaintiff in his current action pending before this court in the case of Brown v. Central Connecticut State University, case No. 3:02CV1516 (CFD). On March 24, 2004, the court issued a ruling denying the plaintiff's motion to consolidate his case against the CHRO with his case against CCSU and various individual defendants. (Doc. # 37). Instead of simply complying with the court's order, the plaintiff added Central Connecticut State University and defendant Judd and Magnan to his CHRO case. Apparently the plaintiff believes that he can simply ignore the court's order or add counts to his pleading in anticipation of a future motion to consolidate. Defendant CCSU objects to this backdoor attempt by the plaintiff to consolidate cases that this defendant believes should not be consolidated. The matter was fully briefed in response to the plaintiff's motion to consolidate, which the court has ruled on. Accordingly, the court should deny the plaintiff's request to file his April 28, 2004 "Substituted Complaint" as pled.

**THE PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE HIS
PLEADING CONTAINS CLAIMS THAT HE KNOWS ARE TIME
BARRED THEREBY SUBJECTING HIM TO RULE 11 SANCTIONS.**

In his "Substituted Complaint As Amended" the plaintiff has added 10 state

agencies as defendants alleging that he was denied various positions that he applied for

between 1999 and 2003. (Counts: IX, X, XI, XIII, XV, XVI, XVII, XIX, XX, XXI).[1] In

his deposition on July 22, 2003, counsel specifically asked the plaintiff if he had filed a

CHRO/EEOC charge of discrimination against any state agencies other than CCSU and

the CHRO. To this inquiry the plaintiff admitted that he had not. (See Ex. A attached

hereto). When defense counsel received a copy of the plaintiff's proposed "Substituted

Complaint," he wrote an e-mail on May 6, 2004 to the plaintiff pointing out his

admissions under oath and the fact that under the Supreme Court case of  National

Railroad Passenger Corp. v. Abner Morgan,  536 U.S. 101, 153 L. Ed. 2d 106 (2002),  a

separate CHRO/EEOC charge must be filed for any discrete acts of discrimination, which

includes as a discrete act the refusal to hire an applicant because of his/her race, gender,

etc. (See Ex. B attached hereto). Counsel asked the defendant to revise his pleading to

eliminate those defendants for which he did not file a charge as required under Title VII.

The plaintiff not only refused to amend his complaint, but had the Substituted Complaint

served on various state agencies before the court granted his request to amend knowing

fully well that his Title VII claims against these agencies are barred.

Plaintiff will advance the argument that the state is one employer and therefore

his filing against the CHRO is sufficient to comply with Title VII. Such is not the case for

several reasons. First, the plaintiff's claims against the different state agencies involve

---

[1]  The plaintiff does not plead that he exhausted the administrative remedies against each defendant under
Title VII.

different decision makers, different jobs and different dates. While a person may be a state employee, he/she is actually employed by a specific state agency that acts autonomously from other agencies.  More importantly, even if the state is one employer, the National Railroad case, and subsequent Second Circuit cases, specifically hold that claims against the same employer, if they involve discrete acts, require a separate charge of discrimination because the clock on filing a such a claim begins a new after each discrete act. The recent Second Circuit case of Elmenayer  v. ABF Freightsystem, Inc, 318 F.3d 130, 134 (2003) stated the rule succinctly as follows:

> In National Railroad Passenger Corporation v. Morgan, supra, the Court made two rulings pertinent to our pending case.  First, the Court unanimously ruled that "each discrete discriminatory act starts a new clock for filing charges alleging that act." The Court identified "termination, failure to promote, denial of transfer, **or refusal to hire," . . .** as examples of what is meant by "discrete discriminatory acts."

Id at 134. See also, Glynn v. County of Suffolk, 50 Fed. Appx. 58, 2002 U.S. App. LEXIS 23296 (2002).  In Elmenayer, the Circuit court went on to hold that an employer's refusal to provide an accommodation for religious practices was a discrete act that could not support a continuing violation.

    In the present case, the plaintiff should know the law given his allegations boasting about his experience as the Acting Executive Director of the CHRO and his training as an attorney. More disturbing is the plaintiff's belief that regardless of the law, he can simply do what he wishes without regard to the court's rulings.

    Rule 11 is designed to discourage "diliatory and abusive litigation tactics and eliminate frivolous claims and defenses, thereby speeding up and reducing the costs of the litigation process. " McMahon v. Shearson/American Express, Inc., 896 F.2d 17, 21 (2d Cir. 1990).  Furthermore, federal courts in this district have imposed sanctions in

cases where a plaintiff files a claim that is clearly deficient and then after being informed of the defect refuses to withdraw it or provide an explanation to support modifying the law. See, <u>Burkekovitch v. Hertz</u>, 2001 U.S. Dist. LEXIS 12173, 2001 WL 984942, *13 (E.D.N.Y. 2001); <u>Inter-County Resources Inc. v. Medical Resources, Inc</u>., 49 F. Supp. 2d 682, 684 (S.D.N.Y. 1999).  <u>De La Fuente v. DCI Telecommunications, Inc</u>., 259 F. Supp. 2d 250, 262  (S.D.N.Y. 2003).

In the present case, the plaintiff has added various state agencies as defendants knowing that his claims are subject to dismissal on the grounds that he failed to exhaust his administrative remedies by filing a charge of discrimination against all but two of the agencies.  He does not even plead that he complied with the administrative exhaustion requirement under Title VII, 42 U.S.C. 2000e-5. [2]

The plaintiff's motion to file his "Substituted Complaint, as Amended" should be denied because his conduct of adding additional pleadings and costs to this litigation by advancing claims that he knows are barred based on his own deposition testimony.

<div style="margin-left: 40%;">

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By:    _____
       Joseph A. Jordano (ct 21487)
       Assistant Attorney General
       55 Elm Street, P.O. Box 120
       Hartford, CT 06141-1020
       Tel:  (860) 808-5340
       Fax:  (860) 808-5383

</div>

---

[2]  Plaintiff does not plead any facts showing a continuing violation or a conspiracy among these separate state agencies for open positions spanning several years.  (Counts: IX,  X, XI, XIII, XV, XVI, XVII, XIX, XX, XXI).

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this 3rd day of  June, 2004 a copy of the

aforementioned Defendants' Objection  to Plaintiff's Motion to File a Substituted

Complaint, As Amended was sent by First Class United States mail, postage prepaid, to:

Jewel E. Brown, Pro Se
21 Brewster Road
South Windsor, CT  06074

_____
Joseph A. Jordano
Assistant Attorney General