**IN THE UNITED STATED DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2004 AUG 30 P 3:39

DISTRICT COURT

| | |
|---|---|
| Jewel E. Brown,<br>PLAINTIFF. | ) |
| | ) |
| VS        Docket # # 32CV223 (CFD) | ) |
| | ) |
| The state of Connecticut and its Commission on Human | ) |
| Rights and Opportunities, et al. | ) |
| DEFENDANTS. | ) |
| | ) **August 30, 2004** |

## MOTION TO MODIFY THE CURRENT SCHEDULING ORDER

COMES NOW Plaintiff, and request this Court to enter its Order modifying

the existing Scheduling Order to extend to a date ending on the 120th day

following the date defendants file their Answer to Plaintiff's Substituted

Complaint, as Amended and in support of this Motion, Plaintiff alleges and states,

as follows:

(1) On March 30, 2004 this Court entered his order establishing August

30, 2004 as the deadline for completing discovery in this matter.

(2)   Simultaneously with the issuance of the Scheduling Order, this Court

entered various other orders. Among these, was: (a) an order directing Plaintiff to

either file an Amended and Substituted Compliant, or an Objection thereto, on or

before April 30, 2004; and (b) an order directing defendants to file an Answer to

Plaintiff's Amended and Substituted Complaint within a period of thirty (30) days

after receipt of the Complaint.

(4) In compliance with this order, Plaintiff filed a Substituted Compliant, as

amended, on April 28, 2004. Simultaneously, Plaintiff perfected service of the

Substituted Complaint on defendants by mailing a copy to the address of their

attorney of record, Mr. Joseph Jordano. **[See: Plaintiff's Exhibit #1, Copy of Plaintiff's April 28, 2004 letter to Defendants Transmitting Plaintiff's Substituted Complaint, as Amended]**

(3) In Plaintiff's correspondence transmitting the Substituted Complaint, as amended, plaintiff requested defendants to waive formal service of the complaint pursuant to the appropriate Rule of the Federal Rules of Civil Procedures.

(5) On May 4, 2002 Plaintiff received an e-mail from defendants advising Plaintiff that they were in the process of reviewing Plaintiff's Substituted Complaint and inquiring whether or not Plaintiff had an objection to their filing a Motion for Additional Time to file their Answer. **[See: Plaintiff's Exhibit #2, Copy of Defendants' e-mail to Plaintiff's dated May 4, 2004]**

(6) On the following day, May 5, 2004 Plaintiff responded by e-mail and advised defendants that he would object to their being granted an extension of time to file their Answer for reason that this case has commenced to age and that it was urgent that the parties proceed as expeditiously as feasible to consummate the litigation. . **[See: Plaintiff's Exhibit #3, Copy of Plaintiff's May 6, 2004 e-mail to defendants]**

(7) Defendants responded by e-mail dated May 6, 2004 wherein they advised Plaintiff that they: (a) would not waive formal service of the Substituted Complaint, as Amended, on those defendants, not previously served; and (b) objecting to the naming of these defendants for reason that Plaintiff had not perfected jurisdiction over them pursuant to either Title VII of the Civil Rights Act of 1964, as amended, or the Connecticut Fair Employment Practices Act, as

amended, inasmuch as plaintiff had failed to exhaust the administrative remedy requirements of either enactment and had failed to obtain a "right to sue" letter from the EEOC or a "Release to Sue" from CCHRO. .

(8) Thereafter, defendants filed their official response to the Substituted Complaint, as Amended, in the form of a pleading that they labeled "Defendants Objection to Plaintiff Motion to File a Substituted Complaint, as amended". Defendants' motion is still pending a ruling from the Court.

(9) As set out in defendants' e-mail dated May 6, 2004, defendants reasserted in their "Objection" their challenge to plaintiff's right to seek to permission from this Court to join the various defendants named in Plaintiff's Substituted Complaint, as Amended, without plaintiff having first exhausted the administrative remedy requirements of each enactment and thereby obtain permission to sue from the Acts' administrative enforcement agencies. Defendants also objected to plaintiff's attempt to join Central Connecticut State University, (CCSU) in this lawsuit because of this Court's, March 26, 2004, Order denying Plaintiff's motion to Consolidate the CCSU, [see: docket number 3:02CV1516(CFD)] with this complaint.

(10) Notwithstanding defendants' failure to formally answer Plaintiff's Substituted Complaint, as Amended, Plaintiff nevertheless served his First Set of Interrogatories on Defendant, CCHRO, and those individual defendants named in connection with Plaintiff's complaint against CCHRO.

(11) However, Plaintiff has not been able to prepare and serve interrogatories on the defendants named in the additional counts in Plaintiff's

3

complaint, nor has Plaintiff been able to take the depositions of any of the potential witnesses whom Plaintiff intends to depose because presently plaintiff is unaware of what defendants' alleged legitimate non-discriminatory reason(s) are for having subjected plaintiff to the conduct that Plaintiff challenges as being discriminatory.

(12) Moreover, Plaintiff will not ascertain this information until after defendants file their formal Answer to Plaintiff's complaint. Consequentially, plaintiff needs additional time to conduct discovery in this matter.

(13) Additionally, Plaintiff has consulted with Mr. Joe Jordano, Attorney for defendants, and has been advised that defendants have no objection to Plaintiff's Motion to modify the currently pending Scheduling Order. However, defendants do request that they be given a period of forty-five (45) days from the date discovery closes to file any Summary Judgment motion that they deem appropriate and that they be given permission to file an earlier Motion for Summary Judgment if, in their judgment, such a motion is appropriate. Plaintiff has no objection to either of defendants' request.

WHEREFORE, premises considered, Plaintiff prays that this court enter its order modifying the Scheduling Order to: (a) extend the deadline for discovery to a period ending on the 120th day following the date defendants' file their Answer to Plaintiff's Substituted Complaint, as Amended; (b) grant defendants a period of forty-five (45) days from the date discovery end to file any motion(s) for Summary Judgment that they deem appropriate; (c) grant defendants permission to file an

4

earlier motion for Summary Judgment, if they deem such a motion advisable; and

(d) for all necessary and proper relief.

Respectfully Submitted

Jewel E. Brown,
By:

Jewel E. Brown, Pro-se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 644-5379
FAX (860)-644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing pleading to be served upon Defendants' Attorneys this 30th day of August, 2004, by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendants' Attorneys' address shown of record in this matter.

Respectfully submitted

By:

Jewel E. Brown, Pro se

*Exhibit #1*

**J. ELIJAH BROWN**
21 BREWSTER ROAD
**SOUTH WINDSOR, CT 06074**

PHONE (860) 644-5379                              FAX (860) 644-6551

April 28, 2004

Mr. Joseph Jordano,
Attorney for Defendants
55 Elm Street
P.O. Box 120
Hartford, Ct. 06141-0120

Re: Plaintiff's Substituted Complaint, As Amended
    Brown v. State of Connecticut, et al.,
    Civil Docket # 3:02CV223(CFD)

Dear Joe:

Enclosed please find a copy of Plaintiff's Motion for Leave to Amend and Plaintiff's Substituted Complaint, As Amended.

Upon your receipt of these pleadings, could I impose upon you to let me know as soon as you can whether or not you will represent those defendants who have not been previously served, especially those who are merely being sued in their representative capacities? If you are representing them, would you let me know whether you or they are inclined to waive formal service of summons and process? I will wait perfecting formal service until I hear from you.

Naturally, I realize that my attempt to bring CCSU into this lawsuit via this process has not legal merit until the Court gives expressed consent. However, in an effort to call the matter directly to his attention, again, I will be filing a Motion to Voluntary Nonsuit, Without Prejudice, the pending action against CCSU. If this motion is granted, it will activate this element of my Substituted Complaint. If denied, it will render moot this element of the Complaint.

Also, I am posting the required security bond in this action today.

Again, thanks for your cooperation in this matter.

Respectfully Yours'

Jewel Brown
        Pro se

        Enclosures:

*Exhibit F 2*

| | |
|---|---|
| Subj: | **Brown v. CHRO** |
| Date: | 5/4/04 3:13:01 PM Eastern Daylight Time |
| From: | Joseph.Jordano@po.state.ct.us |
| To: | employmentpa@aol.com |

*Sent from the Internet (Details)*

I am in the process of reviewing your Substituted Complaint and letter. I will get back to you. Do you have an objection to a request for additional time to file a responsive pleading?  Thank you.


J. Jordano
Assistant Attorney General

Subj:   **Re: Brown v. CHRO**
Date:   5/5/04 9:32:50 AM Eastern Daylight Time
From:   Employmentpa
To:     Joseph.Jordano@po.state.ct.us

*Exhibit #3*

Dear Joe:

Yes, Joe I would object to an extension of time to file a responsive pleading. As you stated earlier, this matter is aging fast and we need to go forwarding so that it can be finalized.

Jewel.

Wednesday, May 05, 2004 America Online: Employmentpa

*Exhibit #4*

Subj:     **RE: Brown v. CHRO**
Date:     5/6/04 7:23:09 AM Eastern Daylight Time
From:     Joseph.Jordano@po.state.ct.us
To:       Employmentpa@aol.com
Sent from the Internet (Details)

Dear Mr. Brown:

I am writing in response to your letter of April 28, 2004 that accompanied your "Substituted Complaint, as Amended."

First, I will not waive service upon any of the defendants.

Second, I believe that your pleading is subject to Rule 11 sanctions. During your deposition I specifically asked you whether you had filed a CHRO or EEOC complaint against any state agency other than CCSU and the CHRO. You told me no. Before you filed this pleading I reminded you of the recent Supreme Court case that requires a separate CHRO/EEOC complaint for each discrete act such as the denial of position. See National Railroad Passenger Corp. v. Abner-Morgan, 2002 U.S. LEXIS 4214, 70 U.S.L.W. (2002). Refusal to hire is a "discrete" act falling within Title VII and CFEPA.
As a former Executive Director of the CHRO you should be aware of the employment law cases.

I formally request that you withdraw all claims against state agencies for which you never filed a complaint with the CHRO/EEOC and have not obtained a right to sue letter or a release of jurisdiction as required under Title VII. If you refuse, I will file a motion to dismiss and consider seeking sanctions. It is established law that you cannot raise claims that were not first raised before the administrative agency.

Regarding the CCSU case, the court denied your motion to consolidate. I am not aware of a motion for nonsuit in federal court. I will object to bringing your CCSU case into the CHRO case.

Once all the defendants are served I will file a motion to dismiss much of your Substituted Complaint. You are correct that this case is old. Unfortunately, the case is moving slowly because you insist on filing pleadings that are subject to dismissal. It took months and a motion to the court to simply get you to file one comprehensive pleading. Had you cooperated earlier, this case would have moved much more quickly.

Best wishes.

Very truly yours,

Joseph A. Jordano
Assistant Attorney General

---

From: Employmentpa@aol.com [mailto:Employmentpa@aol.com]
Sent: Wednesday, May 05, 2004 9:33 AM
To: Jordano, Joseph A.
Subject: Re: Brown v. CHRO

Dear Joe:

Yes, Joe I would object to an extension of time to file a responsive pleading. As you stated earlier, this matter is aging fast and we need to go forwarding so that it can be finalized.

Jewel.

Thursday, May 06, 2004 America Online: Employmentpa

RICHARD BLUMENTHAL
ATTORNEY GENERAL



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

Tel: ( 860) 808-5340
Fax: (860) 808-5383

May 19, 2004

Mr. Jewel Brown
21 Brewster Road
South Windsor, CT  06074

Dear Mr. Brown:

I sent an e-mail to you in response to your letter to me of April 28, 2004.  Since I don't know whether you received the e-mail, I am sending you a copy of it for your records.

Very truly yours,

Joseph A. Jordano
Assistant Attorney General

JAJ:lf

Enclosure

*Exhibit #5*

## Jordano, Joseph A.

**From:**    Jordano, Joseph A.
**Sent:**    Thursday, May 06, 2004 7:25 AM
**To:**    'Employmentpa@aol.com'
**Subject:**    RE: Brown v. CHRO



Dear Mr. Brown:

I am writing in response to your letter of April 28, 2004 that accompanied your "Substituted Complaint, as Amended."

First, I will not waive service upon any of the defendants.

Second, I believe that your pleading is subject to Rule 11 sanctions. During your deposition I specifically asked you whether you had filed a CHRO or EEOC complaint against any state agency other than CCSU and the CHRO. You told me no. Before you filed this pleading I reminded you of the recent Supreme Court case that requires a separate CHRO/EEOC complaint for each discrete act such as the denial of position. See <u>National Railroad Passenger Corp. v. Abner-Morgan</u>, 2002 U.S. LEXIS 4214, 70 U.S.L.W. (2002). Refusal to hire is a "discrete" act falling within Title VII and CFEPA. As a former Executive Director of the CHRO you should be aware of the employment law cases.

I formally request that you withdraw all claims against state agencies for which you never filed a complaint with the CHRO/EEOC and have not obtained a right to sue letter or a release of jurisdiction as required under Title VII. If you refuse, I will file a motion to dismiss and consider seeking sanctions. It is established law that you cannot raise claims that were not first raised before the administrative agency.

Regarding the CCSU case, the court <u>denied</u> your motion to consolidate. I am not aware of a motion for nonsuit in federal court. I will object to bringing your CCSU case into the CHRO case.

Once all the defendants are served I will file a motion to dismiss much of your Substituted Complaint. You are correct that this case is old. Unforunately, the case is moving slowly because you insist on filing pleadings that are subject to dismissal. It took months and a motion to the court to simply get you to file one comprehehensive pleading. Had you cooperated earlier, this case would have moved much more quickly.

Best wishes.

Very truly yours,

Joseph A. Jordano
Assistant Attorney General

---

**From:** Employmentpa@aol.com [mailto:Employmentpa@aol.com]
**Sent:** Wednesday, May 05, 2004 9:33 AM
**To:** Jordano, Joseph A.

5/6/2004

Subj: **Brown v.State of Connecticut, et al, 3:02CV223(CFD)**
Date: 8/30/2004 12:36:19 AM Eastern Daylight Time
From: Employmentpa
To: Joseph.Jordano@PO.STATE.CT.US

*Dear Joe:*

As you know, tomorrow is the last day for conduct discovery in this. Since only limited progress was achieved in this area, I am filing a motion to extend the discovery deadline December 30, 2004. This is my effort to ascertain whether you will join me in this matter?

Please let me know whether you join me in this motion?
I await your prompt reply.

Thank, Jewel