**IN THE UNITED STATED DISTRICT COURT** F I L E D
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jewel E. Brown, <br> PLAINTIFF. | ) <br> ) <br> ) |
| VS     Docket # # 32CV223 (CFD) | ) <br> ) <br> ) |
| The state of Connecticut and its Commission on Human <br> Rights and Opportunities, et al. <br> DEFENDANTS. | ) <br> ) <br> ) <br> ) |

2004 SEP 22  A 11: 54

U.S. DISTRICT COURT
HARTFORD, CT.

) **September 14, 2004**

## CORRECTED MOTION CLARIFICATION OF THE
## COURT'S ORDER DATED AUGUST 17, 2004

COMES NOW Plaintiff, and request this Court to clarify its order of

August 17, 2004 directing plaintiff to file an Amended Complaint containing all the

claims that plaintiff has against the defendants and in support of this Motion,

Plaintiff alleges and states, as follows:

(1) On or about March 24, 2004 this Court entered an order directing

Plaintiff to either file an Amended and Substituted Compliant containing all his

claims against defendants, or an Objection within (30) days from the date of

issuance.

(2) In compliance therewith, Plaintiff filed a Substituted Compliant, as

amended, on April 29, 2004. Simultaneously, Plaintiff perfected service of the

Substituted Complaint on the previously named defendants by mailing a copy to

the address of their attorney of record, Mr. Joseph Jordano and proceeded to

perfect service on the newly named defendants by process service through

Connecticut Process Service, LLC.

(3) Service was perfected on each defendant except for Kristine Ragaglia, the former Commissioner of the Department of Children and Families. Plaintiff is filing the proof of service on these defendants as of today. (These will accompany the filing of Plaintiff's Corrected Motion for Clarification of the Court's Order Dated August 17, 2004, inasmuch as they were not filed on the date of filing the original Motion).

(4) However, prior to formally serving process on the newly named defendants, plaintiff requested defendants, through their attorney, to waive formal service of the complaint pursuant to the appropriate Rule of the Federal Rules of Civil Procedures.

(5) Defendants' attorney responded by e-mail dated May 6, 2004 wherein they advised Plaintiff that they: (a) would not waive formal service of the Substituted Complaint, as Amended, on those defendants, not previously served; and (b) objected to the naming of new defendants for reason that Plaintiff had not perfected jurisdiction over them pursuant to either Title VII of the Civil Rights Act of 1964, as amended, or the Connecticut Fair Employment Practices Act, as amended, inasmuch as plaintiff had failed to exhaust the administrative remedy requirements of either enactment and had failed to obtain a "right to sue" letter from the EEOC or a "Release to Sue" from CCHRO. .

(6) Thereafter, defendants filed their official response to the Substituted Complaint, as Amended, in the form of a pleading that they labeled "Defendants Objection to Plaintiffs Motion to File a Substituted Complaint, as amended". Insofar as plaintiff knows, Defendants' motion is still pending a ruling from the

2

Court.

(7) As set out in defendants' e-mail dated May 6, 2004, defendants reasserted in their "Objection" their challenge to plaintiff's right to seek permission from this Court to join the newly named defendants without plaintiff having first exhausted the administrative remedy requirements of each of the enactments cited above and thereby obtain permission to sue from the Acts' administrative enforcement agencies. Defendants also objected to plaintiff's attempt to join Central Connecticut State University, (CCSU) in this lawsuit because of this Court's, March 26, 2004, Order denying Plaintiff's motion to Consolidate the CCSU case, [see: docket number 3:02CV1516(CFD)], with this complaint.

(8) Thereafter, on or about August 30, 2004 Plaintiff filed a Motion for Modification of the Court's Scheduling Order wherein plaintiff set out most of the facts asserted herein.

(9) Subsequent to plaintiff filing his motion seeking modification of the Scheduling Order, plaintiff received a correspondence from defendants wherein defendants state that they seek to clarify some statements that plaintiff made in his Motion to Modify the Scheduling Order. Specifically, defendants states as follows:

> "... the court entered an order on March 24, 2004 ordering you to file an amended complaint within 30 days of that date. April 25th came and went without an amended compliant. On April 29, 2004 you filed a motion for leave to file a substituted complaint. On June 5, defendants objected to your motion for leave to file a substituted amended complaint. **On August 17, 2004 Judge Droney entered an order granting you leave to file a substituted amended complaint by September 15, 2004**. Accordingly, there was no answer due to your

amended complaint **because the docket sheet does not show that you ever filed a substituted amended complaint in April 2004** as you represent to the court in your motion. Because the deadline for filing the amended complaint, pursuant to the court order of March 24, 2004, came and went, you correctly had to request leave of the court". [See Attached]

(10) Plaintiff submits that these representations along with the Court's August 17, 2004 Order has confused plaintiff as to the status of the record in this matter.

(11) In this respect, up until Plaintiff received defendants' correspondence quoted above, Plaintiff was of the opinion that he had filed his amended complaint containing all claims that Plaintiff has against defendants. In support of this belief Plaintiff submits for the court's consideration a stamped filed copy of the Substituted complaint, as Amended (see attached) that Plaintiff filed on April 29, 2004. If this filing has been stricken from the record no one has notified Plaintiff of this fact.

(12) Moreover, as represented above, plaintiff has secured the service of process and the complaint upon the newly named defendants at a cost of ($490.00) in reliance on the fact that this pleading had been filed of record pursuant to the court's earlier order. As a matter of fact, the clerk refused to file the pleading until she had searched the file and found the order that plaintiff referenced in his Motion for Leave that accompanied the Substituted Complaint, as Amended.

(13) Consequently, in light of these facts and defendants' representations, plaintiff deems it prudent to seek further clarification from the court as to the

4

purpose of the August 17, 2004 Order in light of the entire record pertinent to its' issuance.

(14) With respect to the entire pertinent record, plaintiff calls the court's attention to the following facts. First, contrary to defendants' representation, plaintiff Substituted Complaint, as Amended, was timely submitted for filing and was, in fact, timely stamped filed of record.

(15) In support of this contention, plaintiff notes that the 25th day of April fell on a Sunday. Hence, in according with Rule 6, Federal Rules of Civil Procedures, the due date for filing the Substituted Complaint, as Amended, was Monday, April 26, 2004.

(16) Additionally, subdivision (e) of Rule 6, allowed Plaintiff an additional three days to comply with the filing deadline because the court's order was served on plaintiff by mail. Unless plaintiff is mistaken, once the deadline for filing the Substituted Complaint, as Amended, is calculated in accordance with Rule 6, FRCP, the filing was timely.

(17) But even if defendants are wholly correct in their calculation of the time period, nevertheless, plaintiff submits that it's obvious that plaintiff was filing his Substituted Complaint, as Amended, to comply with the Court's March 24, 2004 order which plaintiff erroneously stated was entered on March 30, 2004. This is evident by the fact that plaintiff's Motion for Leave requesting permission to file the complaint clearly states that it was being filed in an effort to comply with the court's earlier order.

(18) Additionally, neither this court nor the Clerk's Office has notified plaintiff that the Substituted Complaint, as Amended, was being stricken from the record.

(19) In addressing the representations made by defendants in their written correspondence to the Plaintiff, Plaintiff does not intend to imply that the court has, in fact, adopted these representations. Rather, plaintiff addresses them merely to illustrate the profound basis of plaintiff's genuine confusion and as further illustration as to why plaintiff is seeking further clarification from the court as to whether the court's August 17, 2004 order was previously complied with by Plaintiff when he filed his Substituted Complaint, as Amended, on April 29, 2004.

WHEREFORE, premises considered, Plaintiff prays that this court enter its order clarifying the purpose of the court's August 17, 2004 order directing plaintiff to file an amended complaint containing all the claims asserted against the defendants inasmuch as plaintiff has already done so and for all necessary and proper relief.

Respectfully Submitted

Jewel E. Brown

By:
Jewel E. Brown, Pro-se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 644-5379
FAX (860)-644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing pleading to be served upon Defendants' Attorneys this 20th day of September