UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWEL E. BROWN, | : | CASE NO. 3:02CV0223(CFD) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, COMMISSION ON | : | |
| HUMAN RIGHTS AND OPPORTUNITIES, | : | |
| NICHOLAS CIOFFI, Chairperson; RICHARD | : | |
| ROBINSON, Commissioner and Chairperson; | : | |
| CYNTHIA WATTS ELDER, Executive Director; | : | |
| VIVEN BLACKFORD, Commissioner and | : | |
| LEANNE APPLETON, Business Manager | : | |
| | : | |
| *Defendants.* | : | SEPTEMBER 28, 2004 |

## MOTION FOR MORE DEFINITE STATEMENT

COMES NOW the defendants and request an order for a more definite statement directing the plaintiff to set out in separate counts his claims against the individual defendants in his Substituted Complaint filed September 17, 2004. In support of this motion the defendants show the court as follows:

1.  The plaintiff's substituted complaint lists twelve (12) state agencies and sixteen (16) individual defendants. It is not clear in what capacity he is suing each individual defendant, though it appears that most of the state agency commissioners are only being sued in their official capacities. This leaves 6-8 individual defendants who are arguably being sued in their individual and official capacities.

2.  In each count the plaintiff incorporates the facts of the prior counts.

  3. In the counts appearing on pages 60, 61, 63, 67 and 69, they simply refer to the "defendants" with no reference to which defendants allegedly violated his constitutional rights.

  4. This substituted complaint also includes Central Connecticut State University and some of its officials, which the plaintiff joined in this case despite the fact that the plaintiff's motion to consolidate his prior lawsuit against CCSU with this case was denied. There is no way for the individual defendants from CCSU, as well as the other defendants, to know exactly what claims are being brought against each of them individually.

  5. Although the plaintiff mentions several federal statutes in Section I, the plaintiff does not identify the federal or state statutory basis for his claims against each defendant (Title VII, 42 U.S.C. § 1983, § 1981, etc). There is no way for the defendants to respond without attempting to guess the statutory basis for each claim.

  6. Despite the liberal pleading rules under the Federal Rules of Civil Procedure, at a minimum, the pleading rules require that the allegations against each individual defendant be set forth in a manner so that each individual defendant knows exactly what allegations pertain to him/her in their individual capacity. The individual defendants cannot tell from this complaint what acts are allegedly attributable to each defendant.

  7. This motion should have been unnecessary. On numerous occasions, the plaintiff has been asked to set forth the pleadings in a manner that sets forth the specific claims against each defendant.

WHEREFORE, the twenty-four (24) defendants request an order directing the plaintiff to make the Substituted Complaint dated September 17, 2004 more definite and certain consistent with this motion.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
E-mail: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 28th day of September, 2004, a true and accurate copy of the foregoing was sent by United State mail, postage prepaid, to the following:

Jewel E. Brown, pro se
21 Brewster Road
South Windsor, 06074

_____
Joseph A. Jordano
Assistant Attorney General

3