IN THE UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jewel E. Brown,<br>PLAINTIFF. | )<br>)<br>) |
| VS   Docket # 3:02CV223(CFD) | )<br>) |
| The State of Connecticut, et al.,<br>DEFENDANTS. | )<br>)<br>) |
| | ) December 22, 2004 |

FILED
2004 DEC 22 P 1: 53
U.S. DISTRICT COURT
HARTFORD, CT.

### Plaintiff's Memorandum of Law In Support of Motion For Voluntary Dismissal Pursuant Rule 41(a) FRCP

Plaintiff submits the following memorandums of law in support of his Motion to voluntary dismiss those counts and defendants more specifically designated in the accompanying Motion.

Initially, plaintiff notes that insofar as relevant here, Rule 41(a)(1) provides, as follows:

> "Subject to the provisions of Rule 23 (e), of Rule 66, and of any statute of the United States, an action may be dismissed by the Plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion summary judgment, whichever first occurs, … . "

Consequently, plaintiff notes that pursuant to the literal language of the Rule, plaintiff probably does not need to seek formal leave of court in order to invoke the provision of the Rule inasmuch as it is plaintiff's contention that those defendants affected by this motion have neither filed an Answer to plaintiff's Substituted Complaint, as amended, nor have they filed a Motion for Summary Judgment, notwithstanding their having filed several motions seeking scheduling deadlines for purpose of filing a motion for summary judgment.

Nonetheless, for purpose of clarity and continuity of the proceeding; especially in light of the court's November 17, 2004 Scheduling Order, plaintiff seeks an order from the court authorizing plaintiff to voluntary dismiss those counts and parties designated in paragraphs 11, 12 and 13 of the accompanying Motion.

Indeed, the primary purpose of "[Rule 41(a)] is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions", McCants v. Ford Motor Company, 781 F.2d 885 (11th Cir 1986). As such, a dismissal, without prejudice, should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. Ibid  Hence, in McCants, the Eleventh Circuit held that the mere fact that the plaintiff would avoid the imposition of the Alabana one year statute of limitation, if he were allowed to voluntary dismiss his compliant, was no bar to the court granting plaintiff permission to voluntary dismiss his complaint, without prejudice, pursuant to Rule 41(a)(2). In other words, the court concluded that the moving party deriving such tactical advantage did not subject Ford Motor Company to plain legal prejudice. See also Merit Insurance Company v. Leatherby Insurance Company, 581 F. 2d 137, (7th Cir. 1978).

Hence, plaintiff contends that for the reasons stated above, this court should enter his order granting plaintiff leave to amend his complaint by voluntary dismissing those Counts and parties designated in plaintiff accompanying Motion, at Paragraphs 11, 12 and 13 thereof.

THEREFORE, IN CONCLUSION, and for the foregoing reasons, Plaintiff respectfully submit that the prayed for relief should be granted.

Respectfully Submitted

Jewel E. Brown,

By: _____

    Jewel E. Brown, Pro-se
    21 BREWSTER
    SOUTH WINDSOR, CT. 06074
    PHONE (860) 644-5379
    FAX (860)-644-6551
    E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing pleading to be served upon Defendants' Attorneys this 22nd day of December 2004, by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendants' Attorneys' address shown of record in this matter.

Respectfully submitted,

By: _____
    Jewel E. Brown, Pro se