IN THE UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jewel E. Brown, <br> PLAINTIFF. <br><br> VS    Docket ## 32CV223 (CFD) <br><br> The state of Connecticut and its Commission on Human Rights and Opportunities, et al. <br> DEFENDANTS. | ) <br> ) <br> ) 2005 JAN 18 <br> ) <br> ) U.S. DISTRIC <br> ) HARTFC <br> ) <br> ) <br> ) <br> ) <br> ) January 13, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDNTS' MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGEMENT AND FOR ORDER DIRECTING PLAINTIFF TO FILE SUBSTITUTED AMENDED COMPALIANT**

COMES NOW Plaintiff and objects to Defendants' Motion for an Extension of Time to file Motion for Summary Judgment and for Order directing Plaintiff to file Substituted Amended Complaint, and in support of this Objection, Plaintiff alleges and states, as follows:

(1) Plaintiff objects to defendants' Motion because it is both premature and frivolous.

(2) In this respect, plaintiff states that Defendants' motion is premature to the extent that it seeks an extension of time to file a Motion for Summary Judgment because Plaintiff has not, as of the date of this Objection, filed the amendment to his Substituted complaint, as Amended which Amendment and Substituted Complaint defendants' seek to have dismissed by way of Summary Judgment.

(3) As such, Plaintiff submits that it is impossible for defendants to make, in good faith, a reasonable assessment as to feasibility of seeking a motion for summary judgment.

(4) Moreover Plaintiff states, and defendants apparently recognize (see defendants' e-mail to plaintiff dated January 5, 2005) that this court's November 17, 2204 order granting defendants permission to file a Motion for Partial Summary Judgment has, practically speaking, been rendered moot by Plaintiff's Rule 41(a) Motion to the extent that, in said Motion, Plaintiff seeks to voluntary dismiss those counts that were made the subject of defendants' previous motion for partial summary judgment. (See Paragraphs 10 and 11 of Plaintiff's Rule 41(a) Motion)

(5) Hence, plaintiff submits that it is literally impossible for defendants to make a determination, prior to Plaintiff filing the amended pleading, as to whether or not it would be appropriate for defendants to seek to dismiss portions or all of the complaint, as amended, by way of a Motion for Summary Judgment. As such, Plaintiff submits that defendants' Motion seeking an Extension of Time to File a Motion for Summary Judgment is premature.

(6) Likewise, Plaintiff submits that defendants' Motion for an Order directing Plaintiff to file Plaintiff's First Amendment to Plaintiff's Substituted Complaint, as Amended, is frivolous because Plaintiff's Rule 41(a) Motion makes it clear that plaintiff delayed the filing of the amended complaint for the sole purpose of getting permission from the court to proceed as plaintiff was proposing in his Motion.

(7) Again, at the risk of being redundant and, in an effort to make clear Plaintiff's intent, Plaintiff shall forthwith file his "First Amendment to Plaintiff's Substituted Complaint, as Amended, immediately upon Plaintiff's receipt of an

2

order issued by this court that: (a) authorizes Plaintiff to dismiss, WITHOUT PREJUDICE, those counts specified in paragraphs 11 of Plaintiff's Rule 41(a) Motion and (b) reserves plaintiff right to seek a default judgment against defendants for having failed to timely answer plaintiff's April 29, 2004 Substituted Complaint, as Amended.

(8) Further, Plaintiff submits that inasmuch as his Rule 41(a) Motion makes clear his intent to file the amended complaint immediate upon receipt of the requested court order, that defendants' Motion to compel Plaintiff's filing the amended complaint is both frivolous and in bad faith. Again Plaintiff submits that defendants' January 5, 2005 e-mail makes it clear that defendants understood that Plaintiff intended to file the amended complaint upon plaintiff's receipt of the referenced court order inasmuch as defendants' e-mail seeks to ascertain whether Plaintiff would have an Objection to defendants' requesting an extension of 21 days from the date the court grants Plaintiff's Rule 41(a) Motion to file a new motion for summary judgment, in the event defendants deemed such a motion to be advisable.

(9) Deeming defendants' request to be reasonable, Plaintiff responded by notifying defendants that Plaintiff had no objection to defendants requesting the extension of time, provided that defendants understood that Plaintiff' was not consenting to an extension of time for defendants to file their Answer to Plaintiff's "First Amendment" to Plaintiff's Substituted Complaint, as Amended", whenever the same became due under applicable Federal Rules of Civil Procedure.

(10) Hence, once Plaintiff receives an order issued by the court authorizing plaintiff to: (a) voluntary dismiss, WITHOUT PREJUDICE, those counts specified paragraph (11) of Plaintiff's Rule 41(a) Motion; and (b) reserving plaintiff right to seek a default judgment against defendants due to their having failed to Answer Plaintiff's April 29, 2004 "Substituted Complaint, as Amended" within the time period allowed by law, Plaintiff shall immediately file his "First Amendment to his Substituted Complaint, as Amended". .

WHEREFORE, premises considered, Plaintiff prays that this court dismiss defendants' Motion for an Extension of Time to file a Motion for Summary Judgment as being both premature and frivolous for the reasons stated above and for all necessary and proper relief.

Respectfully Submitted,

Jewel E. Brown
By: _____
Jewel E. Brown, Pro-se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 644-5379
FAX (860)-644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing pleading to be served upon Defendants' Attorneys this 13th day of January 2005 by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendants' Attorneys' address shown of record in this matter.

Respectfully submitted,

By: _____
Jewel E. Brown, Pro se

4

Subj: **Brown v. CHRO**
Date: 1/5/2005 8:55:57 AM Eastern Standard Time
From: Joseph.Jordano@po.state.ct.us
To: Employmentpa@aol.com

I am writing to seek if you have a objection to a request I plan to make asking for 21 days from the date the court rules on your latest motion for the defendants to file summary judgment, if necessary. Hopefully, such a motion will not be necessary.

Please let me know if you have an objection.

Subj: **Re: Brown v. CHRO**
Date: 1/5/2005 10:49:27 AM Eastern Standard Time
From: Employmentpa
To: Joseph.Jordano@po.state.ct.us

Joe: I have no objection just as long as the Summary Judgment Motion does not delay defendants' Answer to the Amended Complaint.

Jewel.