UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWEL E. BROWN, : | CASE NO. 3:02CV0223(CFD) |
|   *Plaintiff,* : | |
| : | |
| v. : | |
| : | |
| STATE OF CONNECTICUT, COMMISSION ON : | |
| HUMAN RIGHTS AND OPPORTUNITIES, : | |
| NICHOLAS CIOFFI, Chairperson; RICHARD : | |
| ROBINSON, Commissioner and Chairperson; : | |
| CYNTHIA WATTS ELDER, Executive Director; : | |
| and LEANNE APPLETON, Business Manager : | |
|   *Defendants* : | January 20, 2005 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION**

    Throughout this case the defendants have labored unsuccessfully to get the plaintiff to file one simple pleading that sets forth, with specificity, his claims against the defendants. Instead, what the defendant has received is a mish mash of confusing and obtuse pleadings and motions. The plaintiff filed claims that he knows were barred, consolidated parties in contravention of the court's order, filed confusing motions for clarification and piecemeal pleadings containing paragraphs that are misnumbered and causes of actions that are not labeled as separate counts.

    The plaintiff was suppose to file an amended complaint on December 7, 2004. (Doc. # 71). He asked for an extension of time until December 22. (Doc. # 72). The plaintiff then filed a motion to dismiss certain defendants, but DID NOT file an amended complaint. (Doc. # 74). The defendants then filed a motion for 21 days AFTER the plaintiff's files his amended complaint in which to file for summary judgment, if necessary. (Doc. # 76). The defendants' request is both reasonable and understandable

given that the plaintiff has yet to comply with the Court's order requiring the filing of a more definite and certain amended complaint. (Doc. # 65). The plaintiff's recent motion is simply nonsensical.

 The plaintiff continues to advance the incorrect and misleading notion that the defendants failed to answer an Amended and Substituted Complaint allegedly filed on April 29, 2004. The docket sheet reflects NO such filing. The plaintiff was ordered by the court to file an amended complaint by April 25, 2004 (Doc. # 38). On April 29, 2004, AFTER the deadline had passed, the plaintiff filed a motion for leave to file an amended complaint. (Doc. # 40). The plaintiff sent a copy of his proposed amended complaint to counsel, but never filed it. The plaintiff's Amended and Substituted Complaint was not formally filed until August 17, 2004. (Doc. # 51). Upon receiving notice from several client agencies about service of an amended complaint, the defendants filed a Motion for More Definite Statement on September 22, 2004 (Doc. # 61). The plaintiff's motion for leave to file an amended complaint was not actually granted until November 10, 2004. (Doc. # 69). On November 12, 2004, the court GRANTED the defendants' request to make the plaintiff's Amended and Substituted Complaint more definite. (Doc. # 65). So the plaintiff's request for default is frivolous and not supported by the official docket sheet for this case. The defendants submit that the delay and confusion about the pleadings in this case rests squarely with the plaintiff's refusal or inability to simply allege a clear and concise complaint as required under the Federal Rules of Civil Procedure. The parties have been going around and around trying to get the plaintiff to plead a concise complaint that can be answered.

The defendants ask the court to extend the deadline for filing summary judgment UNTIL the plaintiff actually files a Substituted and Amended Complaint that includes the appropriate defendants and specific facts regarding the individual defendants. The defendants cannot respond to a complaint that the court has already concluded needs to be more definite and certain. (Doc. # 61). The plaintiff mistakenly believes that if he dismisses certain defendants, that alone will cure any defect in his pleading. Not so.

For all of the above reasons, the court should reject the plaintiff's objection and set a firm deadline for the plaintiff to actually comply with the Court's prior orders.

                    DEFENDANTS,

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

BY: _____
       Joseph A. Jordano
       Assistant Attorney General
       Federal Bar # ct21487
       55 Elm Street, P.O. Box 120
       Hartford, CT 06141-0120
       Tel: 860-808-5340
       Fax: 860-808-5383
       E-mail: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 20th day of January, 2005, a true and accurate copy of the foregoing was sent by United State mail, first class postage prepaid, to the following:

Mr. Jewel E. Brown, pro se
21 Brewster Road
South Windsor, CT 06074

_____
Joseph A. Jordano
Assistant Attorney General