UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWEL BROWN | ] | NO. 3:02CV0223 (CFD) |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | |
| | ] | |
| COMMISSION ON HUMAN RIGHTS | ] | |
| AND OPPORTUNITIES, ET AL. | ] | |
|     Defendants. | ] | MARCH 24, 2005 |

## DEFENDANTS' RULE 56(a)(1) STATEMENT OF FACTS

1. On May 31, 2000, the plaintiff filed a charge of discrimination against the Commission on Human Rights and Opportunities. EEOC number 16AA01264. (Exhibit 9, Affidavit of Donald Newton, dated March 21, 2005 [hereinafter "Newton Aff."], ¶ 7).

2. On October 31, 2001, the EEOC issued to the plaintiff a Notice of Suit Rights based on a finding of No Reasonable Cause. (Exhibit 3, EEOC Notice; Ex. 9, Newton Aff., ¶ 8).

3. On February 6, 2002, ninety-six (96) days after the right to sue notice was issued, the plaintiff filed a complaint in the Federal District Court, case No. 3:02CV223 (CFD). (Exhibit 1, Docket Sheet, Filing Entry # 1).

4. The plaintiff's 2001 CHRO complaint indicated the last alleged act of discrimination occurred on September 9, 1999. (Exhibit 14, CHRO Complaint # 0010425, EEOC # 16AA01264).

5.      In the February 6, 2002 federal lawsuit that was filed, the plaintiff did not sue Barbara Waters, Marc Ryan, the Connecticut Department of Administrative Services or the Office of Policy and Management.  (Ex.. 1, Docket Entry #1, Sec III).

5.      Defendants Richard Robinson and Nicholas Cioffi were sued in their official capacities only.  (Exhibit 15, Complaint dated February 8, 2002, pp. 1-4, Sec. III, ¶ 6).

6.      On January 28, 2003, the plaintiff filed a second charge of discrimination against the CHRO alleging that on December 1, 2002 he was denied a position as the Regional Manager in the CHRO Waterbury office.  The EEOC number for that charge was 16AA300728.  (Ex. 9, Newton Aff., ¶ 9).

7.      On September 30, 2003, the United States Department of Justice issued a Notice of Rights to Sue to the plaintiff for EEOC charge 16AA300728. (Exhibit 4, DOJ Notice of Right to Sue Letter, dated September 30, 2003).

8.      On April 29, 2004, the plaintiff attempted to file an Substituted Complaint as amended, which was not actually docketed by the court until August 17, 2004.  (Ex. 13, Substituted Complaint, as amended; Ex. 1, Doc. Entry # 51).

9.      Again as with his original complaint, plaintiff only sued defendants Robinson and Cioffi in their representative capacity.  The only former

CHRO Commissioner sued in her official and personal capacity, was Vivien Blackford. (Ex. 13, Sec. III, ¶ 10, pg. 5).

10. The plaintiff first raised the issue of his denial of a position in the CHRO Waterbury office in his April 28, 2004 Substituted Complaint, some 200 plus days after the issuance of the Notice of Suit Rights. (Ex. 13, Count 12, pg. 43).

11. In the Substituted Complaint dated April 28, 2004, the plaintiff named as a defendant, Barbara Waters, the Commissioner of the Department of Administrative Services. The Substituted Complaint did not indicate that Barbara Waters was being sued in her personal capacity. (Ex. 13, Sec II, ¶ 6, p. 3).

12. On May 21, 2004, a copy of the Summons and Substituted Complaint was served at the Department of Administrative Services and was accepted by Devin Marquez, staff counsel, for Barbara Waters in her official capacity. (Ex. 5, Affidavit of Devin Marquez, dated March 16, 2005 [hereinafter "Marquez Aff."], ¶¶ 3-4).

13. Devin Marquez had no authority to accept service upon Barbara Waters in her personal capacity, and did not do so. (Ex. 5, Marquez Aff., ¶ 5).

14. In the Substituted Complaint dated April 28, 2004, the plaintiff named as a defendant, Mark (sic) Ryan, the Secretary for the Connecticut Office of Policy and Management. The Substituted

3

Complaint did not indicate that Marc Ryan was being sued in his personal capacity. (Ex. 13, Sec II, ¶ 5, p. 2).

15. On May 21, 2004, a copy of the summons and Substituted Complaint was served at the Office of Policy and Management and was accepted by Anne Gnazzo, Deputy Secretary, for Mark (sic) Ryan in his official capacity. (Exhibit 8, Affidavit of Anne Gnazzo, dated March 16, 2005 [hereinafter "Gnazzo Aff."], ¶¶ 2-3).

16. Anne Gnazzo had no authority to accept service upon Marc Ryan in his personal capacity, and did not do so. (Ex. 8, Gnazzo Aff., ¶ 4).

17. Jewel Brown never filed an administrative charge of discrimination with the CHRO or EEOC against the Connecticut Department of Administrative Services or the Office of Policy and Management. (Exhibit 10, Excerpts from deposition of Jewel Brown, dated July 22, 2003 [hereinafter "Brown Depo."], pp. 170:8-172:5; Ex. 9, Newton Aff., ¶ 19).

19. The Connecticut Department of Administrative Services and Office of Policy Management are political subdivisions of the State of Connecticut. (Exhibit 2, Second Substituted Complaint, pp. 1-2).

20. On February 10, 2005, the plaintiff filed a Second Substituted Complaint, as Amended, in which for the first time he alleges to be suing defendants Cioffi and Robinson in their personal capacities. (Ex. 2, Second Substituted Complaint, Sec. III. ¶¶ 4, 11). Plaintiff alleges that he

did not learn that he had not been selected for the Waterbury regional job until December 1, 2002. (Ex. 2, ¶ 128, p. 28).

21.    Defendants Cioffi and Robinson have never been served with process in their personal capacities after the filing of the plaintiff's February 10, 2005 Second Substituted Complaint, as amended. (Exhibit 1, Docket Sheet, Docket Entry # 80).

22.    The plaintiff does not plead in his February 10, 2005 Second Substituted Complaint any alleged wrongful acts committed by defendants Cioffi or Robinson that occurred during the three year statute of limitations period dating back to February 10, 2002.  (Exhibit  2).

23.    Defendant Richard Robinson resigned and left his position as a Commissioner for the CHRO on March 2, 2000. (Ex. 9, Newton Aff., ¶ 14).

24.    Defendant Nicholas Cioffi resigned and left his position as a Commissioner for the CHRO on June 1, 1999. ((Ex. 9, Newton Aff., ¶ 14).

25.    Cynthia Watts Elder was hired as the Interim Executive Director of the CHRO on or about March 15, 1999.  She was made the permanent Executive Director in July 1999. (Ex. 9, Newton Aff., ¶ 11).

26.    Jewel Brown's position as CHRO Deputy Director was eliminated by the CHRO Commissioners on September 9, 1999.  On that date,  the Commissioners eliminated both Deputy Director positions. (Ex. 9, Newton Aff., ¶ 12).

27. The 2002 opening for a CHRO Regional Manager position involved different job responsibilities from the Chief of Field Operations and/or the Deputy Director position. The Commissioners were not involved in the selection of the Waterbury regional manager. Several persons were involved in the hiring process for Regional Manager for the Waterbury office in 2002, and they included an interview panel of CHRO managers (including Donald Newton) who made a recommendation to Cynthia Watts Elder, who made the final decision. The candidate chosen by Ms. Watts Elder is a black female and she started her employment as Regional Manager in Waterbury on March 22, 2002. (Ex. 9, Newton Aff., ¶ 15).

28. Jewel Brown could not be considered for the Waterbury Regional Manager position because he did not respond to messages left for him at his residence, nor did he ever appear for an interview or respond to a letter sent to him on January 25, 2002. (Ex. 9, Newton Aff., ¶¶ 16-17).

29. Almost two and one half years elapsed between the date Jewel Brown's Deputy Director position was eliminated by the Commissioners (September 9, 1999) and the date given to Mr. Brown as a deadline (January 31, 2002) to contact Ms. Susie Carlson to schedule an interview for the CHRO Waterbury Regional Manager position. (Ex. 9, Newton Aff., ¶ 18).

30. No CHRO or EEOC complaints were filed by Jewel Brown against DAS, OPM, Marc Ryan or Barbara Waters. (Ex. 9, Newton Aff., ¶ 19).

6

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-1020
Tel:  (860) 808-5340
Fax:  (860) 808-5383
E-mail address:
Joseph.Jordano@po.state.ct.us

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this    24th    day of MARCH, 2005, a copy of the aforementioned Defendants' Rule 56(a)(1) Statement of Facts was sent by First Class United States mail, first class postage prepaid to:

Jewel E. Brown, Pro Se
21 Brewster Road
South Windsor, CT  06074

_____
Joseph A. Jordano
Assistant Attorney General

7