## UNITED STATED DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWEL E. BROWN | : | No. 3:02CV0223(CFD) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSION ON HUMAN | : | |
| RIGHTS & OPPORTUNITIES, ET AL. | : | |
| *Defendants*. | : | May 18, 2005 |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S
## MOTION FOR ANOTHER CONTINUANCE

The defendants ask the court to carefully scrutinize the plaintiff's request for another extension of time in which to respond to the summary judgment filed almost two months ago on March 24, 2005. The defendants advise the court that the plaintiff did not comply with Local Rule 7 and seek to confer with defense counsel before filing his motion for more time.

It is difficult to understand why after 6 weeks having lapsed, the plaintiff needs additional time and limited discovery in order to respond to a summary judgment that focuses primarily on procedural deficiencies with the plaintiff's case.  For instance, the defendants contend that defendants Waters, Ryan and Cioffi were not properly served in their individual capacities.  Either these parties were timely and properly served or they were not!  What additional discovery will change the result? The plaintiff should have a marshal's return, filed with the court, showing proper service upon these defendants in their "individual

capacities." The affidavit testimony from representatives of both OPM and DAS shows that neither defendants Waters nor Ryan were served personally.

Similarly, the plaintiff's own testimony that he did not file CHRO/EEOC complaints against defendants OPM and DAS under Title VII is not going to change with more discovery.

More accurately, the plaintiff's pleading in this case has been a confusing mess. The plaintiff has amended the complaint several times in which different defendants were added and not served, the capacity in which he sued certain people was changed with no service upon the individual defendants being sued personally for the first time, and several state agencies were named without the required right to sue letter under Title VII. These facts will not change.

This case has been pending for several years and the court has repeatedly dealt with such motions. Since the summary judgment was filed, the plaintiff conducted no discovery. His motion does not articulate exactly what discovery is critically necessary in order to respond to the summary judgment. While the defendant and the court have been very accommodating thus far to the plaintiff, absent more information justifying another delay, the plaintiff's request should be denied.

DEFENDANTS

COMMISSION ON HUMAN
RIGHTS & OPPORTUNITIES, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano  (ct 21487)
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 18th day of May, 2005, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following:

Jewel E. Brown
21 Brewster Street
South Windsor, CT 06074

_____
Joseph A. Jordano
Assistant Attorney General

3