IN THE UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jewel E. Brown, <br> PLAINTIFF. <br><br> VS    Docket # # 32CV223 (CFD) <br><br> The state of Connecticut and its Commission on Human Rights and Opportunities, et al. <br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) May 31, 2005 |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION FOR LIMITED DISCOVERY

COMES NOW Plaintiff, and submit the following Response to Defendants' pleading entitled "Defendants Objection to Plaintiff's Motion for another Continuance" and in support of this Response Plaintiff alleges and states as follows:

(1) In their pleading, Defendants state that they are objecting to "Plaintiff's request for another extension of time in which to respond to" their Motion for Summary Judgment, filed on March 24, 4005, for reason that, among others, Plaintiff failed to comply with Local Rule 7 and confer with Defendants' Counsel before filing the Motion

(2) Plaintiff's only response to this contention is that it is nonsense. To the contrary, Plaintiff has carefully followed the instructions of the Court contained in its November 17, 2004 order.

(3) In this respect, as previously set out by Plaintiff, in some details, in his Motion for Limited Discovery, the Court's Order:

(a) Granted Plaintiff until December 7, 2004 to file a Second Substituted Complaint, as Amended;

(b) Directed Defendants to file their Motion for Summary Judgment, together with supporting Memoranda by not later than December 31, 2004; and

(c) Directed Plaintiff to file any request for limited discovery pursuant to the Summary Judgment Motion by not later than January 31, 2005; and,

(d) Directed Defendants to file any response or objections to those requests by not later than February 14, 2005.

(4) As such, Plaintiff submits that, except as modified by express order of the court, the, parties have complied with both the letter and spirit of the November 17, 2004 order.

(5) In this respect, the record show that Plaintiff filed his Second Substituted Compliant, as Amended on or about February 10, 2005 and that Defendants filed their Motion for Partial Summary Judgment, together with supporting Memoranda, on or about March 24, 2005.

(6) Thereafter, Plaintiff timely filed his request for limited Discovery on May 16, 2005 and defendants have since filed their pleading entitled "Defendants Objection to Plaintiff's Motion for another Continuance". Assuming Defendants' pleading was intended to be their objection to Plaintiff's request for limited discovery, it appears to plaintiff that, at least to this point, each party has complied with the Court's November 17, 2004 order.

(7) Consequently, it appears to Plaintiff that the Defendants real contention is that Plaintiff should not have been given the privilege of informing the court as the amount of time that Plaintiff would need in order to conduct limited discovery and to thereafter file his response to the merits of their Motion for Summary Judgment.

(8) Notwithstanding Defendants' contention the court order speaks for itself.

(9) Next, Defendants purport to explain why, in their judgment; they believe that they could file Plaintiff's response to the merits of their Summary Judgment Motion in less time than what Plaintiff is requesting.

(10) Plaintiff's only response to this contention is that it is irrelevant. Indeed if, as Defendants intimate, all Plaintiff had to do was to respond to Defendants' contention respecting the status of Plaintiff's efforts to perfect personal service on Defendants Waters and Ryan, Plaintiff's response could be both cursory and summary. However, Defendants' Summary Judgment Motion raises other issues that require substantial research which must be completed prior to Plaintiff's ability to determine what additional discovery, if any, will be needed in order for Plaintiff to response competently to Defendants' Motion.

(11) For example, Defendants contend that the claims against all individual defendants in the official capacities are barred by the Eleventh Amendment and that the claims against defendants Ryan, Waters, Cioffi and Robinson are barred by the applicable statute of limitation.

(12) While Plaintiff is willing to admit that it could be that once he complete his research into these issues they might very well be resolvable without the need to resort to limited discovery. However, Plaintiff is not certain of this fact and until he is, Plaintiff deems it prudent to reserve a timeframe that is sufficient to allow plaintiff to conduct one or two abbreviated depositions.

(13) In this respect, Plaintiff submits that the time period requested by him is absolutely essential to Plaintiff's ability to conduct indispensable research, conduct limited discovery and file his competent response to Defendants' Motion.

(14) Plaintiff is absolutely certain that any shorter period of time would frustrate, totally, Plaintiff's ability to plan, schedule, organize and implement those activities that must be completed in order for Plaintiff would file a competent response.

(15) Indeed, if Plaintiff was proceeding pro-se or in the alternative, if Plaintiff had the resources, money and staffing that is available to the Office of the Connecticut Attorney General, maybe his response could be sooner but plaintiff is proceeding pro-se and Plaintiff does not have the resources available to his as Defendants have available to them.

WHEREFORE, premises considered, Plaintiff prays that this court enter its order rejecting the contentions made by Defendants in their pleading entitled "Defendants Objection to Plaintiff's Motion for another Continuance" and for all necessary and proper relief.

Respectfully Submitted

By: _Jewel E. Brown_

4

Jewel E. Brown, Pro-se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 644-5379
FAX (860)-644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing pleading to be served upon Defendants' Attorneys this 31st day of May 2005, by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendants' Attorneys' address shown of record in this matter.

Respectfully submitted,

By: _____
Jewel E. Brown, Pro se

5