IN THE UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWEL E. BROWN | ) | CIVIL ACTION No. 3:02-CV223(CFD) |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSION ON HUMAN RIGHTS | ) | |
| AND OPPORTUNITIES, ET AL., | ) | |
|     Defendants. | ) | July 12, 2005 |

## REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

At the outset, the court should note that the plaintiff admits all but two of the facts set forth in the Defendants' Rule 56(a)(1) Statement of Facts. Though he controverts two facts (nos. 26 and 28), the plaintiff offers no affirmative evidence in support of his position as required by Local Rule 56(a)(3).

Having admitted that his lawsuit against the Commission on Human Rights and Opportunities ("CHRO"), under Title VII, was not timely filed, and that he did not exhaust the required administrative remedies under Title VII as against defendants Office of Policy and Management ("OPM") and the Department of Administrative Services ("DAS"), and that various defendants were not served with process to confer personal jurisdiction over the defendants, the plaintiff spends most of his time arguing that he has set forth a claim for injunctive relief against the several individual defendants. Defendants remind the court that the summary judgment never requested the dismissal of the defendants in their "official capacities." The plaintiff offers no evidence to support his claim of proper service upon defendants Cioffi, Robinson, Ryan and Waters in their "personal capacities".

Instead, the plaintiff requests more time to personally serve some of the individual defendants under Rule 4(m).  It is noteworthy that the plaintiff has offered no evidence showing that service was properly made upon defendants Waters, Ryan, Robinson and Cioffi in their personal capacities.  Instead, he asks for more time despite the fact that this lawsuit has been pending for over <u>three</u> years.  For the following reasons the plaintiff's arguments should be rejected and the court should grant the partial summary judgment.

**MORE TIME WOULD BE FUTILE BECAUSE THE STATUTE OF LIMITATIONS HAS LONG RUN ON DEFENDANTS CIOFFI AND ROBINSON.**

As pointed out in the Defendant's Rule 56(a)(1) Statement of Facts, the plaintiff was terminated from the CHRO in September 1999. He did not sue defendants Cioffi or Robinson in their individual capacities until February 2005.  The statute of limitations in Connecticut for 1983 actions is 3 years. Therefore, the plaintiff had to sue these two individuals by September 2002.  He did not do so. Instead, he sued them in their official capacities only, which does not toll the statute of limitation for potential personal liability.

A suit against state officials in their official capacity, as is the case here, is essentially a suit against the state itself because such officials are not "persons" within the meaning of 42 U.S.C. § 1983.  <u>Gaby v. Board of Trustees of Community Technical Colleges</u>, 348 F.3d 62 (2d Cir. 2003). Accordingly, there can be no tolling for a lawsuit against individual defendants in their personal capacity based upon a lawsuit against the state.

2

**THE COURT MUST DISMISS THE CLAIMS AGAINST THE DEFENDANTS CHRO, OPM, DAS, COIFFI, ROBINSON, RYAN AND WATERS.**

The plaintiff admissions in the Rule 56(a)(2) statement establish that the Defendants' entire request for partial summary judgment should be granted. The only remaining defendants are Cynthia Watts-Elder, Leanne Appleton and Vivien Blackford, in their official and individual capacities.[1] Defendants Coiffi and Robinson must be dismissed in their official capacities (the only capacity for which a valid suit is pending) because they no longer hold state positions as CHRO Commissioners. No prospective injunctive relief against these defendants is available to the plaintiff. More importantly, the plaintiff's suit against the CHRO, which was untimely, and his claims against OPM and DAS, must be dismissed for the reasons set forth in the Defendant's Rule 56(a)(1) Statement.

In addition to being untimely, the plaintiff's suit against CHRO for the Waterbury Regional manager position that he applied for in 2001 (Count 9) must be dismissed for the simple reason that the defendants have articulated a legitimate nondiscriminatory basis for the plaintiff's denial and the plaintiff has failed to offer any admissible evidence showing that the reason articulated was a pretext for discrimination. The uncontested evidence shows that the plaintiff was scheduled for an interview in 2002 but neither responded to several inquiries from the agency nor did he appear for the interview. (Facts 27, 28). Furthermore, any suggested inference of discrimination is further diminished by the facts that a black female was ultimately selected for the West Central regional manager position by defendant Watts Elder, herself a black female. The plaintiff has

---

[1] No prospective injunctive relief will be available against any of the named individual defendants because all, expect Ms. Waters, have either left state service or are no longer associated with the CHRO.

3

offered no admissible evidence to establish a prima facie case of discrimination against the defendants to whom the motion for summary judgment applies.

Defendants Watts Elder, Appleton and Blackford reserve their right to file summary judgment after the court has issued a ruling on the pending motion.

WHEREFORE, the court should grant the request for partial summary judgment as to defendants OPM, CHRO, DAS, Nicholas Cioffi, Richard Robinson, Marc Ryan and Barbara Watters.

        DEFENDANTS

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY:    _____
        Joseph A. Jordano  (ct 21487)
        Assistant Attorney General
        55 Elm Street, P. O. Box 120
        Hartford, CT 06141-0120
        Tel: 860-808-5340
        Fax: 860-808-5383
        email: Joseph.Jordano@po.state.ct.us

## CERTIFICATION

The undersigned hereby certifies that on the 12th day of July, 2005, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following:

Jewel Brown
21 Brewster Road
South Windsor, CT 06074

        _____
        Joseph A. Jordano
        Assistant Attorney General