IN THE UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jewel E. Brown,<br>PLAINTIFF. | *<br>* |
| VS    Docket # # 32CV223 (CFD) | *<br>* |
| The state of Connecticut and its Commission on Human Rights and Opportunities; the honorable, Nicholas Cioffi, former Chair person, CHRO; the honorable Richard Robinson, former Commissioner and Chair person, CHRO; the honorable Vivien Blackford, former Commissioner, CHRO; Cynthia Watts Elder, former Executive Director, CHRO; Lee Ann Appleton, former Business Manager, CHRO; the honorable Mark Ryan, former Secretary, Office of Policy and Management; the honorable Barbara Waters, former Commissioner, Department of Administrative Services; the honorable Linda Yelmini, Commissioner, Department of Administration Services, sub nom.; the honorable Robert Genuaio, Secretary of the Office of Policy and Management, sub nom.; and R. Hamisi Ingram, Executive Director, CHRO, sub nom.<br>DEFENDANTS | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* August 3, 2005 |

**PLAINTIFF'S MOTION FOR LEAVE OF COURT
TO FILE TECHNICAL AMENDMENT NAMING DEFENDANTS
LINDA YELMINI, R. HAMISI INGRAM AND ROBERTGENUAIO
AS PARTIES SUB NOMINEE**

COMES NOW Plaintiff, pursuant to Rule 15(a) and (15(d) of the Federal Rules of Civil Procedure and moves this Court to enter his order granting Plaintiff leave to file the following technical amendment naming defendants Yelmini, Ingram and Genuaio as sub nominee parties and in support of this Motion, Plaintiff alleges and states, as follows:

(1) Plaintiff filed this complaint on or about the 6th day of February 2002. In it, among other individual defendants, Plaintiff named the Honorable Cynthia

Watts Elder, in her individual and official capacity as Executive Director of the Commission on Human Rights and Opportunities.

(2) Thereafter, on or about the 29th day of April 2004, Plaintiff amended his Complaint and added: the Honorable Barbara Waters and Mark Ryan in their individual and official capacities as Commissioner and Secretary, respectively of the Department of Administrative Services and the Office of Policy and Management.

(3) In the complaint, Plaintiff alleged that each of these defendants, intentionally and knowingly, engaged in conduct that subjected, and continues to subject, Plaintiff to various acts of illegal discriminatory treatment and, as such, that Plaintiff is entitled to such relief as provided in law and equity to remedy the alleged violations.

(4) For example, in count II and III of the complaint, plaintiff alleges that defendant Elder joined into the discriminatory conduct by engaging numerous illegal acts that simultaneously removed Plaintiff from his Deputy Director of Enforcement position and denied plaintiff the opportunity to compete for the CHRO vacant Director of Field Operations Position. Specifically, respecting defendant Elder's discriminatory conduct, the complaint pled that Elder, among others, engaged conducts that "... precluded plaintiff from having an opportunity to apply for this position by electing to summarily promote Donald Newton, white male, employee into the position. In doing so, [defendant Elder was] motivated by [her] desire to terminate and/or preclude the employment of all black managerial employees in the Martin administration".

(5) In like manner, complaint alleged that defendants Ryan and Waters engaged in similar discriminatory conduct. For example, the complaint alleges, that defendants Ryan and Waters, acting in conjunction with the other named defendants: "... met on numerous occasion [with other defendants so that defendants Ryan and Waters could] identify some black person in state government that they could put in charge of the Commission [thereby discriminatorily removing Plaintiff from his Acting Executive Director's position due solely to the fact that plaintiff refused to] consent to defendant Appleton, [CHRO's white female, Business Manager] having exclusive jurisdiction over all of the commission's personnel and budgetary matters".

(6) To support this allegation the complaint quotes defendant Elder as having explained her appointment into CHRO's Acting Executive Director's position in March of 1999 as follows:

> "... [that she was] actively solicited ... for the position. Specifically, according to Elder, she was called out of a meeting and instantaneously offered the position and was told that she had to make up her right mind then and there (on the spot)".

(7) The complaint also alleges that defendants Ryan, Waters and Elder knowingly and intentionally conspired with the other named defendants to deny Plaintiff, and other Black CHRO employees, compensation on a non-discriminatory basis in accordance with state policy. In this respect, the complaint alleges that " defendants Ryan and Waters knowingly and intentionally provided the commissioners with false and incorrect information [respecting the state's

policy for compensating the commission's [Black Executive Director and Deputy Directors] in the Executive Pay Plan for the position.

(8) Again, in the complaint's prayer($') for relief, plaintiff sought such legal and equitable relief as is provided by law. Hence, the complaint pled claims for prospective injunctive relief against each of these defendants.

(9) However, subsequent to suing these individuals, they have severed their employment with the State of Connecticut and as such are no longer subject to the court's prospective injunctive remedies.

(10) Rather, these defendants have been replaced by those defendants that Plaintiff now seeks to technically name in this lawsuit. In this respect, Plaintiff states that he seeks to name these defendants for the sole purpose of being able to subject them to such prospective injunctive relief as this court deems appropriate to remedy the discrimination to which these defendants' predecessors subjected Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court enter its order granting Plaintiff leave to file a technical amendment naming defendants Yelmini, Hamisi and Genuaio as sub nominee parties and for all other necessary and proper relief.

Respectfully Submitted

Jewel E. Brown
By: _____

Jewel E. Brown, Pro-se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 644-5379
FAX (860)-644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

    Plaintiff hereby certifies that he has caused a copy of the foregoing pleading to be served upon Defendants' Attorneys this 3rd day of August 2005 by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendants' Attorneys' address shown of record in this matter.

Respectfully submitted,

By _____
Jewel E. Brown, Pro se