IN THE UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jewel E. Brown, ) | |
| PLAINTIFF. ) | |
| ) | |
| VS   Docket # # 32CV223 (CFD) ) | |
| ) | |
| The state of Connecticut and its Commission on Human ) | |
| Rights and Opportunities, et al, ) | |
| DEFENDANTS ) | |
| ) August 10, 2005 | |

**PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now, the plaintiff and submits the following Response Memorandum of Law in support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment.

Inasmuch as Plaintiff finds the contentions made by Defendants in their pleading entitled "Reply Memorandum In Support of Summary Judgment" to be highly confusing, Plaintiff shall attempt to clarify the current state of the record by addressing, separately and distinctively, each point made by Defendants in the referenced pleading.

In response to Defendants' observation that Plaintiff admits "all but two of the facts set forth in the Defendants' Rule 56(a) (1) Statement of Facts", Plaintiff merely observes that his admission of the facts in controversy does not forecast the legal consequences of the admitted facts. And, in this respect, Plaintiff submits that the Facts, as admitted, fully support each of the contentions put forth by Plaintiff in his pleading opposing Defendants' Motion for Partial Summary

Judgment. To illustrate this point, Plaintiff will address each contention put forth by him in light of Defendants' rebuttal argument.

Specifically, Plaintiff makes the following contentions:

**First, that Defendants' Motion for Partial Summary Judgment should be denied to the extent that it is based on the contention that Plaintiff's claims against Defendants Waters and Ryan are barred by the applicable three year statute of limitation.** This is so because Defendants have failed to demonstrate the absence of a material issue of dispute as is required by law. Specifically, it's Plaintiff's contention that by not briefing and arguing this Motion as required by Rule 56, Defendants have failed to demonstrate the absence of an issue of material fact with respect to which Plaintiff could prevail. [See: Adickes v. S.H. Kress & Company, 398 U.S. 144, (1970) and Colotex Corp. v. Catrett, 477 U.S. 317, (1986)]. This is so because Defendants have failed to demonstrate that Plaintiff cannot establish that he is entitled to amend his complaint and add these individuals in pursuant to Rule 15(a) FRCP. Here, instead of attempting to make such a showing, the only issue Defendants briefed and argued is whether or not Plaintiff had perfected service of process on these individuals prior to the expiration of the three year statute of limitation period.

In addition, Plaintiff's contends that by not briefing and arguing this issue, Defendants waived the same and, as such, the only issue before the court with respect to these individuals is whether or not "the claims against [them] in their individual capacities must be dismissed for lack of service of process". (See

2

Defendants' Memorandum of Law In Support of Partial Summary Judgment, p3). (Also see: Zipes v. Trans World Airlines, Inc 455 U.S. 385 (1982).

**Second, Plaintiff contends that Defendants' Motion for Partial Summary Judgment should be denied to the extent that it is based on the contention that Plaintiff's claims against Defendants Waters, Ryan, Robinson and Cioffi, in their individual capacities, should not be dismissed for lack of service of the process.** Rather, it's Plaintiff's contention that these individuals have been properly and timely served with process within the meaning of Rule 4(e) of the Federal Rules of Civil Procedure and, as such, the only issue before the court is whether or not Plaintiff should be accorded additional time to correct a defective service of process as authorized by Rule 4(m).

In response to this contention in their Reply Memorandum, Defendants argue that granting Plaintiff additional time to serve Defendants Robinson and Cioffi in their individual capacities would be futile because the three year statute of limitation prescribed by state law for commencement of suit against these individuals has expired. In their effort to respond to Plaintiff's contention that the statute of limitation has not run inasmuch as pursuant to Rule 15(c)(2), FRCP, his amended compliant relates back to the date of filing of his original complaint, Defendants contend that Rule 15(c) is inapplicable because "a suit against state officials in their official capacity ... is essentially a suit against the state itself because such officials are not "persons" within the meaning of 42 U.S.C. §1983

3

[and] accordingly there can be no tolling for a lawsuit against individual defendants in their personal capacity based upon a lawsuit against the state".

Initially, Plaintiff notes that the case cited by Defendants, Gaby v. Board of Trustees of Community Technical College, 348 F. 3d 62 (2d Cir. 2003), in support of this contention **does not address whatsoever the application of Rule 15(c) and as such is totally irrelevant to the issue in dispute**. Moreover, Plaintiff submits that this contention misreads and materially distorts the clear language and meaning of Rule 15(c). In this respect Plaintiff calls attention to the language of the Rule itself. It states: **"Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when**

> (1) relation back is permitted by the law that provides the statute of limitation applicable to the action; **OR**
>
> **(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or ... ."**

As such, the only issue here is whether or not the claim asserted in the amended pleading "arose out of conduct, transaction(s) or occurrence(s) set forth or attempted to be set forth, in the original pleading". This is so because the linchpin of the liberal amendment rules is **NOTICE**. (See Schiavone v. Fortune, a/k/a Time, Incorporated, (477 U.S. 21, (1986). Here, Defendants do not contend that they are being prejudiced in any way nor do they claim lack of notice. Rather, their sole contention is that the Rule should not be applied to them. Indeed, this contention lacks merit.

4

Moreover, in <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89 (1990) the United States Supreme Court recognized two principles that Plaintiff submits are controlling here. First, it held that the doctrine of equitable tolling should be as applicable to cases involving governmental immunity as it is to cases involving individual defendants. Second, it held that application of the tolling doctrine **is most desirable "in situations where, as here, the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"**. Indeed, this is the precise situation before the court. Here, Plaintiff timely filed his original complaint well within the limitation period. However, for reasons previously addressed in the Plaintiff's original pleading opposing Defendants Motion for Partial Summary Judgment, Plaintiff sued Defendants Robinson and Cioffi in their representative capacities only. Subsequently, Plaintiff filed an amendment to his complaint seeking to sue these individuals in their "individual" capacities. As such, Plaintiff submits that this case presents the ideal situation for the application of the equitable tolling doctrine.

**Third, Plaintiff contends that Defendants' Motion for Partial Summary Judgment should be denied to the extent that it is based on the contention that Plaintiff's Section 1983 claims against defendants, Ryan, Waters, Blackford, Elder, Cioffi and Robinson, seeking only prospective injunctive and/or declaratory relief, are nonetheless barred by Eleventh Amendment Immunity.** It appears that Defendants do not challenge this contention directly. Rather, the thrust of their argument in their Reply Memorandum appears to be directed toward identifying the Defendants against whom prospective injunctive

5

relief would be appropriate. Since, subsequent to Defendants filing their Reply Memorandum, Plaintiff has filed his Motion for Leave of Court to file an amended complaint naming the individuals who have replaced those Defendants originally sued but who no longer hold the positions in which they were sued, Plaintiff submits that disposition of his Motion of Leave will address most of the contentions Defendants put forth here.

Lastly, Plaintiff shall address Defendants contention that Count IX of his Second Substituted Complaint, as Amended, should be dismissed "for the simple reason that the Defendants have articulated a legitimate non discriminatory basis for the plaintiff's denial and the plaintiff has failed to offer any admissible evidence showing that the reason articulated was a pretext for discrimination". Plaintiff submits that he was not required to submit a rebuttal pleading to Defendants' factual contentions set forth in paragraphs 27 and 28 of Defendants' Rule 56(a)(1) Statement of Facts. This is so because the facts alleged in these paragraphs are totally irrelevant to the PROCEDURAL CONTENTIONS upon which Defendants' Motion for Partial Summary Judgment is based. Rather, to the extent that these contentions address the substantive merits of Plaintiff's complaint, Plaintiff submit that they are irrelevant, as a matter of law, to Defendants' Motion for Partial Summary Judgment and, as such, Plaintiff was not required to address them.

In further support of this contention, that is, that Defendants' Motion for Partial Summary Judgment is limited to procedural issues, Plaintiff calls the court's attention to Defendants' own characterization of their Motion. The

6

characterization to which Plaintiff refers is contained in the first sentence of Defendants' Memorandum of Law in Support of their Motion for Partial Summary Judgment. There, Defendants state:

> Pursuant to the court's authorization, the defendants have filed this motion for partial summary judgment on PROCEDURAL ISSUES TO CLEAR UP THE PLEADINGS IN THE ABOVE CASE".

Moreover, each of Defendants' contentions in support of their Motion addresses purely procedural matters. Stated differently, Defendants do not address the substantive merits of any of the various issues raised in Plaintiff's Second Substituted Complaint, as Amended. Consequently, to the extent that defendants elected to include substantive allegations in their Rule 56(a)(1) Statement of Facts, they were superfluous to the pleading and did not require a response.

In Conclusion, for the reasons stated above, Plaintiff submits that Defendants' Motion for Partial Summary Judgment should be denied insofar as it is based on the following contentions:

(1) Plaintiff failed to perfect service of process on Defendants Ryan and Waters in their individual capacities;

(2) Plaintiff's claims against Defendants Ryan, Waters, Cioffi and Robinson are barred by the applicable statute of limitation; and

(3) Plaintiff's claims for prospective injunctive relief against all individual defendants in their official capacities are barred by Eleventh Amendment Immunity.

Respectfully Submitted,

7

By: _____
Jewel E. Brown, Pro se
21 Brewster Road
South Windsor, CT 06074
Phone (860) 246-3526 or 543-9806
Fax (860) 548-0871 or 644-6551
Email: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing pleading to be served upon Defendants' Attorneys this 10th day of August 2005 by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendants' Attorneys' address shown of record in this matter.

Respectfully submitted,

By: _____
Jewel E. Brown, Pro se