UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWEL E. BROWN, | : | CASE NO. 3:02CV223(CFD) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, COMMISSION ON | : | |
| HUMAN RIGHTS AND OPPORTUNITIES, | : | |
| NICHOLAS CIOFFI, Chairperson; RICHARD | : | |
| ROBINSON, Commissioner and Chairperson; | : | |
| CYNTHIA WATTS ELDER, Executive Director; | : | |
| and LEANNE APPLETON, Business Manager | : | |
| *Defendants*. | : | April 7, 2006 |

**MEMORDANDUM IN SUPPORT OF MOTION FOR**
**<u>RECONSIDERATION</u>**

The defendants seek reconsideration of the court's April 1, 2006 ruling (Doc. # 110) on a partial summary judgment motion that was submitted by permission of the court to eliminate certain defendants and causes of action from the plaintiff's Second Substituted Complaint.[1]

The reason reconsideration is necessary is because the defendants cannot prepare a second summary judgment motion that addresses the merits of the case until they know which defendants and causes of action are in the case. For instance, in his "Second Substituted Complaint, as amended," Brown alleges causes of action against the CHRO, OPM, DAS as well as various individual defendants. However, if the claims against these entities and certain individual defendants are barred as the defendants suggest, it will not be necessary to address numerous factual allegations that date back to 1988. The

---

[1] The defendant complied with the court's directive and timely filed its partial summary judgment on March 24, 2005. (Doc. # 84) In the Court's April 1, 2006 ruling denying the motion without prejudice to being resubmitted, the court did not set a date for dispositive motions. Hence, the defendants seek a status conference.

defendants should not be required to conduct discovery and address causes of action that are time barred, or for which no service was perfected against certain defendants. Considering the defendants' partial summary judgment on its merits at this time will also lessen the court's future efforts.

The defendants remind the court that on November 10, 2004, the plaintiff filed a Second Amended Complaint. Over the defendants' objection, the court permitted the amendment and specifically granted the defendants leave to file a dispositive motion. (Doc # 71). The court granted the defendants' request to file a partial summary judgment because it had objected to Brown's attempt to amend his complaint to add parties and causes of action that were barred for various reasons. (See Doc. # 79). Defendants also ask the court to consider that this case has a somewhat tortured history having gone through numerous motions, status conferences and difficulties based in large part on various amendments the plaintiff sought to bring into the case. In submitting summary judgment, the defendants were careful to address clearly identified issues that are dispositive of certain claims that, if eliminated, will streamline the case and get it on track for resolution.

More importantly, the plaintiff did not dispute the defendants' facts that support partial summary judgment. For instance, in resistance to summary judgment, the plaintiff only controverts two of 32 material facts (paragraphs 26 and 28), but offers NO Rule 56(a)(2) statement of facts to support his contentions. It is established law that failure to file a Local Rule 56(a)(2) statement of facts and supporting evidence renders the defendants' facts deemed admitted. See <u>Scianna v. McGuire</u>, 1996 WL 684400 at *2 (D. Conn. March 21, 1996)(failure to comply with court rules concerning the appropriate way

2

to oppose summary judgment is sufficient reason alone to accept defendants' statement of facts); Brown v. Western Connecticut State University, Case. No. 3:01CV1017(JBA) (D. Conn. July 10, 2003).  Given that the plaintiff's admits that there is no evidence that contests the defendants' facts, the court should have little difficulty deciding the motion on its merits.

The plaintiff admits that he filed his lawsuit against the CHRO more than 90 days after receiving his right to sue letter (Facts, ¶'s 1-3); that he did not initially sue defendants Waters, Ryan, OPM and DAS in 2002 (Facts, ¶ 5); that defendant Cioffi and Robinson were only sued in their official capacities (Facts, ¶'s 5, 8-9); that defendants Cioffi and Robinson were never served in their personal capacities (Facts, ¶'s 20-21); that plaintiff first raised the issue of his denial of a job in Waterbury CHRO office some 200 days after receiving his right to sue letter (Facts, ¶'s 6, 7, 10);  defendants Ryan and Waters were never served personally (Facts, ¶ 's 11-16); the plaintiff never filed an administrative charge of discrimination against defendants DAS and OPM (Facts, ¶'s 17-19);  plaintiff admits that he was not selected for CHRO Waterbury position because he did not show up for the interview (Facts, ¶ 27).  All of the above facts are UNCONTROVERTED.

Accordingly, the defendants request that the court reconsider its ruling denying the motion for summary judgment without prejudice and address the merits of the motion.  If the court denies the defendants' request for reconsideration, then the defendants ask for a status conference to set deadlines so the case can move forward.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
    Joseph A. Jordano
    Assistant Attorney General
    Federal Bar # ct21487
    55 Elm Street, P.O. Box 120
    Hartford, CT 06141-0120
    Tel: 860-808-5340
    Fax: 860-808-5383
    E-mail: Joseph.Jordano@po.state.ct.us


**CERTIFICATION**

    The undersigned hereby certifies that on the 7th day of April, 2006, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following:

Jewel Brown, pro se
21 Brewster Road
South Windsor, CT 06074


    _____
    Joseph A. Jordano
    Assistant Attorney General