## IN THE UNITED STATED DISTRICT COURT
## DISTRICT OF CONNECTICUT

Jewel E. Brown,
PLAINTIFF,

   VS    Docket # # 32CV223 (CFD)

The state of Connecticut and its Commission on Human
 Rights and Opportunities,

DEFENDANTS

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\* May 9, 2006

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S OBJECTION TO DEFENDANTS'
### MOTION FOR RECONSIDERTION

    Plaintiff respectfully submits that Defendants' Motion for Reconsideration should be denied for the following three reasons. First, it is not premised on any new evidence or compelling equitable justification for granting it. Second, the reason put forth by defendants for granting the Motion is based on a false premise. Third, it is based on an erroneous assertion of the facts pertinent to their Motion for Partial Summary Judgment. The facts and rationale supporting each of these contentions are hereinafter set forth.

    The first of these is that defendants' request does not arise out of the discovery of any new evidence or other equitable reason(s) that requires the court to act in order to avoid a travesty of justice. Rather, defendants request arise solely out of the fact that they are dissatisfied with the ruling entered by the court. As such, Plaintiff submits that defendants' Motion should be denied as a matter of law.

In this respect, Plaintiff submits that, as a general rule, the courts will not grant a Motion for Reconsideration unless the movant can establish, by clear, cogent and convincing evidence, that the court's failure to act would result in a travesty of justice. See: Murray v. Ford Motor Co., 770 F. 2d 461, (5th Cir. 1985). The courts have articulated several justifications underlying this standard. These include: (a) the need to establish finality of result by avoiding repetitious litigation of the same issues; and (b) the need to foster the parties' and public's ability to rely on the courts' determinations.

Additionally, the courts have established the specific elements of proof that the movant must put forth in order to justify the granting of a motion for reconsideration. In this respect, the movant is typically required to offer proof showing that the motion arises out of newly discovered evidence which, despite the use of due diligence, it could not have discovered or that the decision court's decision was a product of fraud, mistake, and/or excusable neglect[1].

Here, defendants make no allegation that their motion is based on any of the above standards. Instead, they merely argue that they disagree with court's decision and therefore the court should re-adjudicate their Motion for Partial Summary Judgment. Hence, the inevitable consequence of granting defendants' Motion of Reconsideration, based solely on the fact that they are dissatisfied with the court's determination, would result in the repeated re-litigation of each order issued by the court until defendants received the result they want. As such, Plaintiff that defendants' request should be denied as a matter of law.

---

[1] It should be noted that, with respect to final judgments, these requirements are expressly set out in Rule 60, of the Federal Rules of Civil Procedures.

2

The second reason why the court should deny defendants' Motion for Reconsideration is the fact that the alleged injury and hardship that defendants contend they would suffer unless the court enter the determination they seek, is based on a false premise and distortion of the applicable facts. Here, defendants contend that "reconsideration is necessary because [they] cannot prepare a second summary judgment motion that addresses the merits of the case until they know which defendants and causes of action are in the case", (Defs' Memorandum In Support of Motion For Reconsideration, at page 1). To buttress this contention defendants make numerous claims that are not supported by the facts. For instance, defendants allege that in Plaintiff's Second Substituted Compliant, as Amended, that Plaintiff 'alleges causes of action against CHRO, OPM and DAS", [Ibid]. This contention is a distortion of the facts. In this respect, Plaintiff submits that Paragraph 4, of Section III, entitled "The Parties" makes it clear that Plaintiff named only Mark Ryan and Barbara Waters as defendants and not the departments of state government that they oversee.

Moreover, the discriminatory conduct that Plaintiff attributes to these two defendants arises solely out of conduct they engaged in furtherance of the discriminatory conduct that Plaintiff contends CHRO was subjecting him. (See: Paragraphs 105 through 119 of Plaintiff's Second Substituted Complaint, as Amended). Hence, inasmuch as the conduct attributable to these defendants is part and parcel of the discriminatory conduct to which Plaintiff was subjected by CHRO, Plaintiff submits that neither the scope of the party's discovery nor the

material issues in dispute will be altered by an adjudication determining whether these individuals should be dismissed from the lawsuit.

Other than this contention, defendants make no further assertion that it will suffer harm or injury, if the court fails to grant their Motion for Reconsideration. Rather, defendants spend the rest of their contentions, chastising the court for having entered the determination that it made.

Hence, this brings Plaintiff to third reason why defendants' Motion should be denied, that being, defendants' Motion is premised on a flawed perception of the legal consequence of the facts pertinent to their Motion for Partial Summary Judgment. In this respect, Plaintiff will examine several of these contentions.

The essence of defendants first contention, [See Paragraph 2, page 3 of Defs' Memorandum In Support of Motion for Reconsideration], is that Plaintiff's Section 1983 cause of action against CHRO should be dismissed because Plaintiff failed to file his complaint within a period of ninety (90) days from the date he received his right to letter. Indeed, this contention is erroneous. Hence, the court's April 1, 2006 ruling (Doc # 110) will not affect the scope of discovery nor the number of material issues presented.

Defendants next contend that since defendants Ryan and Waters were not named in Plaintiff's original 2002 complaint, they should be dismissed. Again, this contention is erroneous. And, even if defendants were correct, the dismissal of these parties will not affect the scope of litigation.

Since, none of defendants assertion as to the facts would burden, injury or harm defendants, the court's determination to defer the adjudication of these issues, should not be disturbed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court enter its order denying defendants' Motion for Reconsideration.

Respectfully Submitted

Jewel E. Brown
By: _____ .

     Jewel E. Brown, Pro-se
     21 BREWSTER
     SOUTH WINDSOR, CT. 06074
     PHONE (860) 644-5379
     FAX (860)-644-6551
     E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing pleading to be served upon Defendants' Attorneys this 10th day of May, 2006 by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendants' Attorneys' address shown of record in this matter.

Respectfully submitted,

By: _____
     Jewel E. Brown, Pro se