**UNITED STATED DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JEWEL E. BROWN | : | No. 3:02CV0223(CFD) |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSION ON HUMAN | : | |
| RIGHTS AND OPPORTUNITIES | : | |
| ET AL., | : | |
|    *Defendants*. | : | JUNE 30, 2006 |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF**
**THEIR MOTION FOR SUMMARY JUDGMENT**

After the oral argument held on June 2, 2006, there is no dispute that defendants Connecticut Commission on Human Rights ("CHRO"), the Office of Policy and Management ("OPM") and Department of Administrative Services ("DAS") must be dismissed. The plaintiff's suit against the CHRO is time barred and he did not exhaust the required administrative remedies as to defendants OPM and DAS. Mr. Brown concedes this much. There is also no evidence to refute the defendants' evidence that defendants Barbara Waters and Marc Ryan were never served in their personal capacities and they also must be dismissed.

The remaining question pertains to defendants former Judge Nicholas Cioffi and current Judge Richard Robinson, who the plaintiff only served with process in May 2006, some three years after the lawsuit was filed.[1] Defendants Cioffi and Robinson submit that the 2005 amendment and subsequent late service upon them does not relate back to the original filing.

---

[1] As was pointed out in oral argument, the plaintiff filed his initial lawsuit on February 6, 2002. The amendment to which the plaintiff seeks to relate back to the original pleading was filed on February 10, 2005, over three years after the initial suit was filed.

Rule 15(c) of the Federal Rules of Civil Procedure governs the relation-back of amendments to the original pleading. While leave to amend is liberally granted, relation back should be, and is, denied for such reasons as undue delay, bad faith and prejudice to the opposing party. Aetna Casualty & Surety Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-604 (2d Cir 2005).

The underlying principle for denying late amendments is to avoid perceived prejudice to a party resulting from a lack of notice and the opportunity to prepare a proper defense. It is noteworthy that in the present case the plaintiff first sued defendants Cioffi and Robinson ONLY in their official capacities back in 2002. Nowhere in the original complaint did Brown put the defendants on notice of potential personal liability, nor does his 2005 amendment (which was served upon the defendants a year later) and argument presented to the court explain the unreasonable delay in naming the defendants in their personal capacities. At oral argument, the plaintiff articulated no reason for both the delay in naming these two defendants personally or why it took over a year to serve them with process.[2]

There are several cases that have specifically addressed facts similar to those in the present case that the defendants suggest should control the outcome in this instance. In Lovelace v. O'Hara, 985 F.2d 847 (6th Cir 1993), the Sixth Circuit Court of Appeals reversed the district court's decision allowing a plaintiff to amend his complaint to name a state official in his individual capacity after the running of the statute of limitations where the ***original complaint named the defendant in his official capacity only***.

---

[2] Under Rule 4 (m) of the Federal Rules service must be perfected within 120 days of the filing of the complaint, or leave from court is required upon a showing of "good cause." The plaintiff filed his amended complaint in 2005 but did not serve a copy of the Amended Complaint upon these two defendants until May 2006. Accordingly, service on its face that is outside the prescribed service period is defective.

Relying primarily upon the prejudice to the defendant, the appeals court noted that "it is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually." Id. at 851.

Similarly, in Atchinson v. District of Columbia, 73 F.3d 418 (D.C. Cir. 1996), the plaintiff sought shortly before trial to add a police officer defendant in his personal capacity to a Section 1983 claim. Initially, the plaintiff sued several city officials, including the one particular police officer, in their *official capacities only*. Two years passed before the plaintiff sought to amend the complaint to change the defendant officer's capacity. In denying the motion to amend and relation back, the district court in Atchinson reasoned that to allow the plaintiff to amend would work a prejudice to the defendant because he had no notice that he could be personally liable for damages, he did not have an opportunity chose to retain private counsel, discovery by the defendant would have been different, and the strategy and nature of the officer's defense probably would have been altered. Id. at 427.

As both the Lovelace and Atchinson cases demonstrate, suing someone in their personal capacities and thereby exposing them to personal liability is no small matter, especially for government officials who can be exposed to suits against them officially as essentially a suit against the state versus suits seeking to impose personal liability.

Defendants further note that this case has been pending since 2002, over four years. Discovery has occurred without any focus upon these two defendants in their personal capacities. Permitting the plaintiff to add these two defendants in their personal capacities at this juncture is inequitable. To demonstrate this point, the court need look

3

no further than the fact that the amended complaint was itself filed some six (6) years after the plaintiff left the CHRO (Facts, ¶'s 4, 20, 26). The plaintiff admits that his last involvement with the CHRO occurred on September 9, 1999. The plaintiff pleads no facts showing ANY involvement with these two defendant after 1999. This means that the three-year statute of limitations expired on September 9, 2002, some three years prior to the plaintiff's 2005 amendment.

Under the circumstances, the court should treat the addition of Judges Cioffi and Robinson no different than if the plaintiff had tried to add two new parties. In such a case the amendment and late service would preclude the joinder of the defendants at this late juncture.

For all of the above reasons, and those reason set forth in their initial brief, the defendants pray that the court grant their motions for reconsideration and summary judgment.

        DEFENDANTS,

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: _____
        Joseph A. Jordano
        Assistant Attorney General
        Federal Bar # ct21487
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0120
        Tel: 860-808-5340
        Fax: 860-808-5383
        email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 30th day of June, 2006, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following:

Jewel E. Brown, Pro se
21 Brewster Road
South Windsor, CT 06074

_____
Joseph A. Jordano
Assistant Attorney General