IN THE UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jewel E. Brown,<br>PLAINTIFF, | *<br>*<br>* |
| VS    Docket # # 32CV223 (CFD) | *<br>* |
| The state of Connecticut and its Commission on Human<br>Rights and Opportunities, | *<br>* |
| DEFENDANTS | * |
| | * June 30, 2006 |

## PLAINTIFF'S POST HEARING
## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S OBJECTION TO DEFENDANTS'MOTIONS FOR
## RECONSIDERTION AND PARTIAL SUMMARY JUDGMENT

Comes now the Plaintiff and submits the following Memorandum of Law in Support of his Objection to Defendants' Motions for Reconsideration and Partial Summary Judgment pursuant to the Court's ruling at the close of the parties' hearing on June 2, 2006. As such, Plaintiff will address, individually, each of the issues that this court put before Plaintiff during the parties' hearing. These were: (1) whether or not the court should reconsider its April 1, 2006 denying, without prejudice, Defendants' Motion for Partial Summary Judgment; (2) whether or not this court should dismiss Plaintiff's amendment complaint against defendants Cioffi and Robinson, in their individual capacities, for reason that these defendants were not named and served in their individual capacities until after the running of the statute of limitation; (3) whether or not Plaintiff's amended complaint naming defendants Cioffi and Robinson, in their individual capacities, should be dismissed because it was not served on them within the 120 day time period required by Rule 4m of the Federal Rules of Civil Procedure; and (4)

whether or not Plaintiff should be allowed additional time to serve an amended complaint on defendants Ryan and Waters, and/or their replacement in office, due to the fact that the process server failed to serve them in such a manner as would have perfected service upon them in their individual capacities under the governing law of the State of Connecticut. Plaintiff will proceed to address, sequentially, each of the above issues.

### Issue One: whether or not the court should reconsider its April 1, 2006 order denying, without prejudice, Defendants' Motion for Partial Summary Judgment?

Plaintiff respectfully submits that for the reasons set forth in Plaintiff's Objection and Supporting Memorandum filed herein on or about the 10th day of May 2006 and the reasons hereinafter set out, this court not reconsiders its April 1, 2006 order denying, without prejudice, Defendants' Motion for Partial Summary Judgment.

In this respect, Plaintiff admits, at the outset, that the court possesses the inherent powers to entertain Defendants' Motion for Reconsideration if its finds that to do so is reasonably necessary to achieve justice. See Exxon Corp. v. Burglin, 42 F.3d 948, 32 Fed. R. Serv 3d 1491, (5th Cir. 1995) and Douglas v. NCNB Texas Nat. Bank, 979 F.2d 1128, 24 Fed. R. Serv. 3d. 529, (5th Cir. 1992). Thus, where, as here, there exists no express provision in the Rules authorizing the court to consider motions seeking relief from interlocutory orders, the court nonetheless possesses sufficient inherent authority to do so; provided doing so would advance the Rules' liberal purpose and mandate to secure the just, speedy and inexpensive determination of every action. See Fed. R. Civ. P. 1.

and Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 490 U.S.533, 111 S.CT. 922, 112 L. Ed. 2d 1140, (1991). However, here, as Plaintiff has previously pointed out, the court's consideration of Defendants' motion for Reconsideration will not secure a just, speedy and inexpensive determination of this action.

This is true for a number of reasons. First and foremost is the fact that Defendants do not even attempt to offer any rational reason as to how the court's consideration of its motion will aid in securing a just, speedy and inexpensive resolution of the matter. (See: Plaintiff's Memorandum In Support of Plaintiff's Objection to Defendants' Motion for Reconsideration, at pages 2-4). Moreover, as the court's recognized in its April 1, 2005 ruling, the facts pertinent to a disposition of the issues raised by Defendants' Procedural Motion for Partial Summary Judgment can best be addressed once the court is presented with a complete record of the facts pertinent to both the merits of the procedural claims and the merits of the substantive claims. See Bohen v. City of East Chicago, Ind., 799 F2d. 1180, (7th Cir. 1986).

Hence, Plaintiff submits that these facts together with the fact that Defendants make no attempt to show, not just gratuitously allege, but rather to articulate facts that could reasonably support an inference that they would be prejudiced if the court did not reconsider its April 1, 2006 Motion, make it overwhelmingly clear that the court should not re-litigate, merely for the sake of doing so, its earlier order.

Plaintiff will now address the second issue put by the court to Plaintiff during the June 2, 2006 hearing.

> **Issue Two: whether or not this court should dismiss Plaintiff's amendment complaint against defendants Cioffi and Robinson, in their individual capacities, for reason that these defendants were not named and served in their individual capacities until after the running of the statute of limitation?**

As Plaintiff has repeatedly contended, this court should not dismiss Plaintiff's amended complaint against defendants Cioofi and Robinson, in their individual capacities, due to the fact that these defendants were not named and served in their individual capacities until after the running of the statute of limitation.

First, this is so because it is the mandate of the plain and clear language of Rule 15 (c) (2) which, insofar as is pertinent, provides as follows:

> "An amendment of a pleading relates back to the **DATE OF THE ORIGINAL PLEADING WHEN**:
>
> (2) the claims or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading".

As such, Plaintiff submits that the court must resolve this issue based <u>solely</u> on the plain language of the Rule itself. In this respect, Plaintiff calls the court's attention to the United States Supreme Court's holding in <u>Business Guides, Inc., V. Chromatic Communications Enterprises</u>, Inc., supra, wherein the court held, in essence, that the federal courts must give the Federal Rules of Civil Procedure their plain meaning and that judicial inquiry **is complete** where the "court find the specific text at issue to be unambiguous. Once this is done, the court's task is to apply the text of the rule in question and not to improve upon it".

4

[Ibid] (Also, see: Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 110 S. CT. 456, 107 L. Ed. 438, (1989). Here, the court made it clear that the task of the district court is not to decide what the rule should be but rather to determine what it is and once it concludes that a civil rule speaks to the matter at issue, the court's inquiry is complete. Further, the court noted that a rule is to be interpreted according to its plain meaning, in light of the congressional authorization under the Enabling Act, 28 USC § 2072(b), which bars the Supreme Court from enacting rules that abridge, enlarge or modify any substantive rights. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. CT. 2447, 110 L. Ed. 2d. 359, (1990). Hence, Plaintiff submits that Rule 15(c) (2) is clear on its face and permits no ambiguity as to its plain meaning and as such it compels this court to deny Defendants' Motion to dismiss Plaintiff's complaint against defendants Cioffi and Robinson, insofar as Plaintiff seeks to name them in their individual capacities, on the ground that the statute of limitation bars Plaintiff's amended Complaint.

However, Plaintiff has elected not to rest his contention solely on the plain language of the Rule. Rather, Plaintiff will proceed to set forth numerous interpretations by both the courts and the Advisory Committee to the Federal Rules of Civil Procedure that compel the result that Plaintiff seek.

Initially, Plaintiff calls the court's attention to the Advisory Committee's comments to the 1966 amendment to Rule 15(c), which Plaintiff submits undermines the totality of Defendants' argument that the state statute of limitation compels the dismissal of Plaintiff's amendment naming defendants Cioffi and

Robinson in their individual capacities because the amendment was filed subsequent to the running of the applicable statute of limitation. There, commenting on a number of decisions that had denied private plaintiffs the right to amend their complaints after the running of the applicable statute of limitation in actions against certain agencies of the federal government, including the Secretary of the Department of Health, Education and Welfare, HEW, the Committee commented thusly on the purpose and intent of the 1966 amendment. It observed:

> "Relation back is intimately connected with the policy of the statute of limitations. The policy of the statute limiting the time for suit against the Secretary would not have been offended by allowing relation back in the situations described above. **For the government was put on notice of the claim within the stated period – in the particular instances, by means of the initial delivery of process to a responsible government official …. In these circumstances, characterization of the amendment as a new proceeding is not responsive to the reality, but is merely question begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case"**.

Consequently, Plaintiff submits that Defendants' Statute of limitation argument was expressly rejected as early as 1966 by the Federal Rules of Civil Procedure and that their argument is conclusively foreclosed today. To further supplement this contention, Plaintiff calls the court's attention to <u>Moore, Federal Practice 3D Edition</u>, § 15.19, wherein the author observes that:

> "**Rule 15 allows a party to amend despite the running of an applicable state statute of limitations when parties are sufficiently on notice of the facts and claims that gave rise to the proposed amendment.** ... The purpose of the statute of limitation is to prevent stale claims. [Citing <u>Mackenworth v. S. S. Am. Merchant</u>, 28 F. 3d 246, 252, (2d Cir.1994), for the proposition that the purpose of statute of limitation is to ensure fairness and prevent surprise to defendant from institution of claim that has been dormant for so long that proof,

witnesses, and memories have disappeared]. **The rationale of allowing an amendment to relate back is that once a party is notified of litigation involving a specific factual occurrence, <u>the party has received all the notice and protection that the statute of limitation requires. Courts should freely grant leave to amend under Rule 15 to effectuate the purpose of the rules</u>**".

As such, the courts have held that where, as here, the original pleading gives fair notice of the factual situation from which the claim or defense arises, an amendment will relate back even though the statute of limitation has run where the amendment changes the legal theory of the action, See <u>Donnelly v. Yellow Freight System</u>, Inc., 874 F.2d 402, (7th Cir. 1989) and <u>Tiller v. Atlantic Coast Line R.R.</u>, 323 U.S.574 65 S. CT. 421, 89 L. Ed. 465, (1945), or adds another claim arising out of the same conduct, transaction or occurrence, See <u>Barrett v. United States</u>, 622 F. Supp. 574, (S. D. N. Y. 1985, affirmed 798 F. 2d. 565, (2d Cir. 1986).

Thus, the courts have allowed amendments to relate back when they change the theory of recovery as to the type of negligence claimed or adds additional grounds of negligence, Blair v. Durham, 134 F.2d. 729, (6th Cir. 1943), or change the theory of the action from one based in contract to one sounding in tort, [see <u>Nola Electric Co., v. Reilly</u>, 93 F. Supp. 164, (SD. NY 1948), (where the original claim sounded in contract, amended six years after case began, adding claim sounding in tort) cert. denied, 340 US 951, 71 S. CT. 570, 95 L. Ed. 685, (1948)], or change a demand for equitable relief to one for legal relief, <u>Independent Shares Corp., v. Deckert</u>, 108 F. 2d. 51, (9th Cir. 1939), or increases the amount of damages claimed, <u>Brennan v. Tar Heel Home Supply Inc.</u>, 62 FRD 190, (D. NC. 1974), or to cure a deficient pleading where the initial pleading

failed to state a claim upon which relief could be granted, [see <u>Ripley v. Childress,</u> 695 F. Supp. 507, (D. N.M. 1988) and <u>Baldwin County Welcome Center v. Brown</u>, 466 US 147, 104 S. CT 1723, 89 L. Ed. 2d. 196, (1984), or change the capacity in which the action is brought, (see <u>United States ex rel. Statham Instruments v. Western Casualty & Surety</u>, 359 F2d. 521, (6th Cir. 1966), or where, as here, the capacity in which the defendant is sued, [(see e.g., Travelers Ins. Co., v. Brown, 338 F2d. 229, (5th Cir. 1964)].

Consequently, Plaintiff submits that as a matter of law his amended complaint naming defendants Cioffi and Robinson in their individual capacities is not barred by the applicable statute of limitation because it relates back to the date of filing of Plaintiff's original action against these defendants.

Plaintiff will now address the third issue put by the court to Plaintiff during the parties' June 2, 2006 hearing.

**Issue Three: Whether or not Plaintiff's amended complaint naming defendants Cioffi and Robinson in their individual capacities should be dismissed because it was not served on them with the 120 day time period required by Rule 4m of the Federal Rules of Civil Procedure?**

Plaintiff submits that it should not be for reason that the amended complaint was, in fact, served on these defendants within the time period required by the Federal Rules of Civil Procedures.

Plaintiff bases this contention on the following argument. In this respect, Plaintiff submits that whether or not timely service was perfected on these defendants is not controlled by Rule 4(m). Rather, it's controlled by Rules 15(c) and 5(b), FRCP. Here, Plaintiff first notes that the issue of service and notice to a

party is addressed only in Rules 5 and 15(c)(2) and (3)[1]. Thus, in addressing the notice, service requirement, under rule 15(c)(2), <u>Moore</u>, in his treatise <u>Federal Practice 2D and 3D Editions</u>, at §§ 15.15 (2) and 15.20 (2), observes:

> "Statutes of limitations are meant to provide parties with formal and seasonable notice that a claim is being asserted against them. Rule (15c) is based on the idea that a party who is informed of litigation concerning a given transaction or occurrence is entitled to no more protection from the statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced. **If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection afforded by the state statute of limitation. The opportunity to take advantage plaintiff's pleading mistakes is not one of these protections**" See also <u>Fuller V. Marx</u>, (8th Cir. 1984).

Hence, Plaintiff submits that defendants Cioffi and Robinson were given formal and seasonable notice of the fact that a claim was being asserted against them inasmuch as the original complaint, which was timely served on them, put them on notice of the precise legal description of the rights that Plaintiff sought to enforce. As such, Plaintiff submits that sufficient notice was given to these defendants to ensure that their rights are not being abridged by means of Plaintiff's amended complaint.

Moreover, Plaintiff submits that even if Rules 15(c) and 4(m) time constraints were applicable here, Plaintiff has satisfied them. This is so because Plaintiff timely served his amended complaint, naming defendants Cioffi and Robinson, in the individual capacities, on their attorney, pursuant to rule 5(b). (See Plaintiff's Certificate of Service attached to the Amended Complaint).

---

[1] Inasmuch as the protections and mandates of Rule 15(c)(3) are only applicable where a party seeks to add a new defendant or a mis-named defendant after the running of the statute of limitation, an issue not before the court, as it pertains to defendants Cioffi and Robinson, Plaintiff will not discuss its provisions and protections.

9

Consequently, Plaintiff submits that these defendants were legally served with adequate notice well within the time frame required by Rule 4(m).

Therefore, Plaintiff concludes that his amended complaint naming defendants Cioffi and Robinson in their individual capacities should not be dismissed due to Plaintiff's failure to serve notice upon them within the time period prescribed by law.

Lastly Plaintiff will address the fourth issue put to him by the court during the June 2, 2006 hearing.

> **Issue Four: whether or not Plaintiff should be allowed additional time to serve an amended complaint on defendants Ryan and Waters, and/or their replacements in office, due to the fact that the process server failed to serve them in such a manner as would have perfected service upon them in their individual capacities under the governing law of the State of Connecticut?**

For the following reasons, Plaintiff submits that this court is required, **as a matter of law**, to grant Plaintiff additional time to serve an amended complaint on these defendants, and/or their replacements in office, naming them in their individual capacities for purpose of obtaining prospective and injunctive relief. Plaintiff bases this contention on the following rationales.

First, this so, as Plaintiff has consistently argued, because this matter comes before this court pursuant to Defendants' Motion for Partial Summary Judgment which motion obligates Defendants to demonstrate, as a matter of law, that there is no genuine issues of material dispute of fact for this court to adjudicate with respect to this issue. Plaintiff submits that Defendants have failed to carry this burden for reason that Defendants entire argument as to why this court is legally precluded from granting Plaintiff additional time to file the

proposed amended complaint is based solely on the erroneous contention that the court is barred from doing so due to the fact that the state statute of limitation has run.

Here, prior to explaining why Defendants' contention is erroneous, Plaintiff wishes to clarify the essence of his summary judgment contention. In this respect, it is Plaintiff contention that even if the court were to disagree with the merits of Plaintiff's contentions respecting the scope and purpose of Rule 15(c)(2) and (3), including the applicability of the 1991 amendment, it would nonetheless be precluded from dismissing Plaintiff's complaint against these individuals pursuant to Defendants' summary judgment motion **because Defendants have failed to demonstrate, as it must,** that Rule 15 (c) as amended in 1991 does not authorize the court to grant the relief that Plaintiff seeks or that Connecticut law does not permit Plaintiff's proposed amendment to be filed and to relate back to the date Plaintiff filed his original timely amended complaint against these defendants.[2]

---

[2] In this respect, Plaintiff calls the court's attention to Gurliacci v. Mayer, 218 Conn. 531(1991) and Pekra v. Purpora, 273 Conn. 348, (2005), both holding that Connecticut has long ago adopted the relation back doctrine to, extend the statute of limitation, in appropriate instances. Plaintiff also calls the court's attention to §46a-54-54 of the Regulations of the Connecticut Commission on Human Rights and Opportunities which, insofar as pertinent here, provides:

> (b) A complaint may be amended to ... clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitutes discriminatory practices which are reasonably like and related to or growing out of the allegations of the original complaint including those facts discovered during the investigation of the complaint, and including additional protected class status or naming additional respondents who have had notice of the complaint relates back to the date the complaint was first received".

11

However, apart from this technical view of the controlling law, Plaintiff submits that Rule 15(c) as modified by the 1991 amendment compels the court to grant him additional time to amend his complaint to sue defendants Ryan and Waters, and/or their replacements in office, in their individual capacities for purpose of obtaining prospective and injunctive relief. This is so because, contrary to Plaintiff's previous arguments[3], this issue is not technically controlled by the 1991 amendment to Rule 15(c) (3) of the Federal Rules of Civil Procedure. In this respect, the Rule, on its face, is intended to allow a complaint to relate back to the date of filing of the original complaint in those instances where: (1) **the original pleading against the party named in the amendment** that was filed after the running of the statute of limitation; (2) the provisions of 15(c)(2) are satisfied within the time period provided in Rule 4(m); (3) the party, prior to the perfection of service as provided in (2) above, had received such notice of the institution of the action as not to be prejudiced; and (4) new or should have known that, but for a mistake concerning the identify of the proper party, the action would have been brought against him/her. (See Moore, Federal Practice 3D Edition, at §15.19[3][e].

Indeed, these are not the facts pertinent to the issue before the court here. To the contrary, both defendants Ryan and Waters were properly named (and named in their individual capacities) but were not served in such a manner as to perfect service upon them in their individual capacities under Connecticut law. Consequently, the applicability of the relation back doctrine here is controlled by

---

[3] See Plaintiff's Corrected and Substituted Memorandum of Law In Opposition to Defendants' Motion for Partial Summary Judgment, Plaintiff's Response Memorandum In Opposition to Defendants' Motion for Partial Summary Judgment and Plaintiff representation to the Court during the June 2, 2006 Hearing.

the same precedents that control the issue with respect to Cioffi and Robinson. The only issue that the foregoing precedents do not control here, that isn't present with respect to Cioffi and Robinson, is whether or not Plaintiff's ability to file an amended complaint at this stage of the proceeding, that is, after the statute of limitation has run, bars the court's ability to grant Plaintiff leave to file the proposed amendment. (See Schiavone v. Fortune, 477 U.S. 21, 106 S.CT. 2379, 91 L. Ed. 2d.18, (1986). This is where the 1991 amendment comes into play. It makes it clear that Plaintiff should not be denied this right as long as to do so does not prejudice the Defendants, even after the statute of limitation has expired, so long as it is served within the time period provided in Rule 4(m).

Consequently, Plaintiff submits that his complaint against defendants Ryan and Waters, and/or their replacements in office, should not be dismissed for the reasons put forth by Defendants.

Additionally, Plaintiff calls the court's attention to the fact that pursuant to Rule 15(c) (1), he is allowed to file the amendments against all the named defendants that is Cioffi, Robinson, Ryan and Waters. This is so because Rule 15 (c) (1) provides that:

> "An amendment of a pleading relates back to the **DATE OF THE ORIGINAL PLEADING WHEN**:
>
> (1) relation back is permitted by the law that provides the statute of limitation applicable to the action."

Here, the Connecticut Supreme Court has made it clear that this jurisdiction has adopted and repeatedly applies the relation back doctrine. In this

respect, Plaintiff, again calls the court's attention to Gurliacci v. Mayer, supra., where the court held:

> We have previously recognized that our relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: '(c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.'" *Giglio* v. *Connecticut Light & Power Co.*, supra, 239-40; see also *Sharp* v. *Mitchell*, supra, 72. The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford. 3 J. Moore, Federal Practice (2d Ed.) ¶ 15.15 [3]; see *Sharp* v. *Mitchell*, supra; *Giglio* v. *Connecticut Light & Power Co.*, supra, 240. Because rule 15 provides that an amendment relates back where the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims, is fully served. C. Wright, Law of Federal Courts (2d Ed. 1970) p. 276; *Sharp* v. *Michell*, supra; *Giglio* v. *Connecticut Light & Power Co.*, supra.

Hence, Gurliacci conclusively establish that contrary to Defendants' contentions, Rule 15(c) (1) is also dispositive of their statute of limitation argument as to all of the defendants that they seek to have this court dismiss. This is so for the reasons stated above and Plaintiff no additional insight will be gained by a step by step analysis of the applicability of Connecticut's relation back doctrine to the facts of this complaint. What is clear is that Connecticut apply the doctrine where, as here, the defendants have been served with prior notice of the specific factual contentions upon which Plaintiff's complaint is based and where, as here, Plaintiff seek merely to redefine the scope of the parties' liability but not to alter the facts upon which said liability rests.