UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWEL E. BROWN,<br>   *Plaintiff*, | : CASE NO. 3:02CV223(CFD)<br>:<br>: |
| v. | :<br>: |
| STATE OF CONNECTICUT, COMMISSION ON<br>HUMAN RIGHTS AND OPPORTUNITIES,<br>NICHOLAS CIOFFI, Chairperson; RICHARD<br>ROBINSON, Commissioner and Chairperson;<br>CYNTHIA WATTS ELDER, Executive Director;<br>and LEANNE APPLETON, Business Manager<br>   *Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>: November 16, 2007 |

## MOTION TO REMOVE MATTER FROM TRIAL CALENDAR CALL LIST

The defendants, State of Connecticut, Commission on Human Rights and Opportunities, Nicholas Cioffi, Richard Robinson, Cynthia Watts Elder and Leanne Appleton, respectfully request that the instant matter be removed from the trial calendar call list for December 14, 2007 (Doc. # 120). Counsel for the defendants received ECF notice this date of the matter being placed on the trial call calendar. In support of their request, the defendants, through counsel, respectfully represent as follows:

    1.    On March 24, 2005, at the behest of the Court in order to narrow the proceedings, the defendants filed a Motion for Partial Summary Judgment and all accompanying papers. (Doc. #s 84, 85, 86, 87 and 88). The grounds cited were 1) that defendants Waters and Ryan were never served; 2) that Cioffi and Robinson must be dismissed in their individual capacities because they were not sued in their individual capacities prior to February 10, 2005 and that the statute of limitations barred any action against them; 3) that the 42 U.S.C. §§ 1983 and 1981 actions against defendants Ryan,

Waters, Blackford, Watts Elder, Cioffi and Robinson were barred by the Eleventh Amendment; 4) that the plaintiff did not exhaust his administrative remedies against DAS and OPM; 5) that the suit against CHRO was untimely because it was not filed within 90 days after receipt of his Right to Sue letter from EEOC.

2. After narrowing the issues for discovery, the defendants intend to file a follow-up motion for summary judgment on the merits.

3. On March 31, 2006 (Doc. # 110) the Court denied the motion for summary judgment. The ruling, inter alia, said, "..in the interest of judicial economy, the motion will be revived and reconsidered when the next motion for summary judgment is filed…."

4. On April 7, 2006, the defendants filed a Motion for Reconsideration (Doc. #s 111 and 112).

5. The defendants motion for reconsideration cited that the motion for partial summary judgment needed to be ruled on its merits to clarify who of the defendants was still in the lawsuit, and in what capacity, in order to avoid unnecessary discovery.

6. On May 11, 2006, an in-person conference was held and the Court granted the motion for reconsideration (Doc. #s 114, 115) and oral argument was scheduled for June 2, 2006.

7. On June 2, 2006, (Doc. # 117), the Court heard oral argument on both the motion for reconsideration and the merits of the partial motion for summary judgment.

8. During oral argument, the plaintiff, Jewel Brown, conceded that he had not sued CHRO in a timely manner and that the only remaining defendants may be Vivien Blackford and Leanne Appleton individually.

9.    On July 5, 2006 (Doc. # 118), at the Court's request the defendants filed a supplemental brief regarding the issue of whether or not the February 10, 2005 amended complaint related back to the original complaint filed in 2002 and whether service against defendants Cioffi and Robinson had been properly effectuated.

10.   The defendants have been waiting for the Court's ruling on the partial motion for summary judgment on its merits so they could conduct properly focused discovery on the merits, particularly if CHRO is found to be no longer a party.

ACCORDINGLY, the defendants respectfully now ask that the instant matter be moved off the trial calendar list until the Court rules on the partial motion for summary judgment to permit the defendants to complete discovery on a much narrower case and allow them to file a dispositive motion to dispose of the case in its entirety.

DEFENDANTS,

COMMISSION ON HUMAN
RIGHTS AND OPPORTUNITIES, ET AL,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-1020
Tel:  (860) 808-5340
Fax:  (860) 808-5383
E-mail address:
Joseph.Jordano@po.state.ct.us

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this   16th   day of November, 2007 a copy of the foregoing was sent by First Class United States mail, postage prepaid to:

Jewel E. Brown, Pro Se
21 Brewster Road
South Windsor, CT  06074

_____
Joseph A. Jordano
Assistant Attorney General