UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEWEL E. BROWN,                    :
            Plaintiff,             :        Civil Action No. 3:02 CV 223 (CFD)
                                   :
v.                                 :
                                   :
COMMISSION ON HUMAN RIGHTS         :
AND OPPORTUNITIES, et al.          :
            Defendants.            :


## RULING ON DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

Plaintiff Jewel Brown ("Brown") filed a complaint in February 2002 alleging various

constitutional, statutory, and state law claims arising out of the termination of his employment at

the Commission on Human Rights and Opportunities ("CHRO") on September 11, 1999. The

defendants,[1] including the State of Connecticut and several of its agencies and employees, filed a

motion for partial summary judgment as to many of the federal claims.[2]

---

[1] The defendants named in the original complaint and subsequent amended complaints are
the State of Connecticut, the Connecticut Commission on Human Rights and Opportunities, the
Connecticut Office of Policy and Management, the State of Connecticut Department of
Administrative Services, Marc Ryan, Barbara Waters, LeAnn Appleton, Cynthia Watts Elder,
Vivien Blackford, Nicholas Cioffi, and Richard Robinson. Marc Ryan was the Secretary of the
Connecticut Office of Policy Management, Barbara Waters was Commissioner of the
Connecticut Department of Administrative Services, and the remaining individual defendants
were involved with the Connecticut Commission on Human Rights and Opportunities in various
capacities.

[2] On March 31, 2006, this Court issued an order **[Dkt. # 110]** denying the partial motion
for summary judgment **[Dkt. # 84]** without prejudice, to be reasserted along with the anticipated
motion for summary judgment on the substantive merits. The defendants filed a motion for
reconsideration of this ruling **[Dkt. # 111]**. The motion for reconsideration is granted.

I.      **Background**[3]

On May 31, 2000, Brown filed a charge of discrimination against the CHRO with the

Equal Employment Opportunity Commission (the "EEOC").  The complaint indicated that the

last alleged act of discrimination occurred on September 9, 1999.  On October 31, 2001, the

EEOC issued the plaintiff a Notice of Suit Rights ("right-to-sue letter") based on a finding of no

reasonable cause.  On February 6, 2002, ninety-six days after the right-to-sue letter was issued,

the plaintiff filed the first complaint in this case [Dkt. #1], naming the State of Connecticut, the

CHRO, LeAnn Appleton, Cynthia Watts Elder, Vivian Blackford, Nicholas Cioffi and Richard

Robinson as defendants.  The complaint specifically stated that except for Appleton, Watts Elder,

and Blackford, the defendants were being sued in their representative capacities only.  In the

February 2002 lawsuit, the plaintiff did not sue Barbara Waters, Marc Ryan, the Connecticut

Department of Administrative Services ("DAS"), or the Office of Policy and Management

("OPM").

On January 28, 2003, Brown filed a second charge of discrimination against the CHRO

alleging that on December 1, 2002, he was denied a position as the regional manager in the

CHRO's Waterbury Office.  On September 30, 2003, the EEOC issued a right-to-sue letter to

Brown regarding this charge.   Subsequently, on April 29, 2004, more than two hundred days

after the second right-to-sue letter was issued, the plaintiff filed a Substituted Complaint, which

first raised the issue of the denial of the Waterbury position at the CHRO.[4]  As in the original

---

[3]The facts are taken from the parties' Local Rule 56(a) statements, summary judgment briefs, and other evidence submitted by the parties.  They are undisputed unless otherwise indicated.

[4] The Substituted Complaint was docketed on August 17, 2004 [Dkt. # 51].

complaint, Brown sued Robinson and Cioffi in their representative capacities only. This second complaint added Barbara Waters, the Commissioner of the DAS, and Mark (sic) Ryan, the Secretary for the Connecticut OPM, as well as the agencies themselves, as defendants. Brown did not specify whether Ryan and Waters were being sued in their personal or representative capacities. Brown never filed an administrative charge of discrimination with the CHRO or the EEOC against the Connecticut DAS or the OPM.[5]

On May 21, 2004, a copy of the summons and the Substituted Complaint were served at the DAS and accepted by Devin Marquez, staff counsel, for Barbara Waters in her official capacity. On the same day, the summons and complaint were served at the OPM and accepted by Anne Gnazzo, Deputy Secretary, for Mark (sic) Ryan in his official capacity. Neither Marquez or Gnazzo had authority to accept service on behalf of Waters or Ryan in their personal capacities, and did not do so.

On February 10, 2005, Brown filed a Second Substituted Complaint, as Amended [Dkt. # 80], in which he named Robinson and Cioffi in their personal capacities for the first time. This complaint does not allege any wrongful acts committed by Robinson and Cioffi during the three previous years leading up to the filing of the Second Substituted Complaint. In fact, Robinson and Cioffi left their positions at the CHRO on March 2, 2000 and June 1, 1999, respectively. Robinson and Cioffi were not served with process in their personal capacities until May 2006.

The current version of the complaint presents a series of factual allegations in thirteen counts, but does not specify to which defendants or which laws each allegation pertains. The complaint states it is initiated pursuant to the First and Fourteenth Amendments of the United

_____

[5]The OPM and DAS are agencies of the State of Connecticut.

States Constitution, Sections 3, 4, 14, and 20 of the Constitution of the State of Connecticut,

Title VII, 42 U.S.C. §§ 1981 and 1983, the Connecticut Whistleblower's Act (Conn. Gen Stat. §

31-51q), and the Connecticut Discriminatory Practices Act (Conn. Gen. Stat. § 46a-58). The

complaint alleges common law tort claims of defamation and intentional infliction of emotional

distress.

## II.    Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there

are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of

law.  See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  A court

must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P.

5(c)); accord Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993).  A dispute regarding a

material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." Anderson, 477 U.S. at 248.

Where, as in this case, the nonmoving party has the burden of proof at trial, the moving

party need only demonstrate that there is a lack of evidence to support the nonmovant's claim.

Celotex, 477 U.S. at 323-25; Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 95 (2d Cir.

1998).  Once the movant has established a prima facie case demonstrating the lack of a genuine

issue of material fact, the nonmoving party must provide enough evidence to support a jury

verdict in its favor. Anderson, 477 U.S. at 248; Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.

1991).  A plaintiff may not rely on conclusory statements or mere contentions that the evidence

in support of summary judgment is not credible.  <u>Ying Jing Gan v. City of New York</u>, 996 F.2d

522, 532 (2d Cir. 1993).  Similarly, a plaintiff, as the nonmovant, may not rest "upon the mere

allegations or denials" in its complaint to demonstrate the existence of a genuine issue of material

fact.  Fed. R. Civ. P. 56(e).  Therefore, after discovery, if the nonmoving party "has failed to

make a sufficient showing on an essential element of [its] case with respect to which [it] has the

burden of proof," then summary judgment is appropriate.  <u>Celotex</u>, 477 U.S. at 323.  When

addressing a motion for summary judgment, the Court resolves "all ambiguities and draw[s] all

inferences in favor of the nonmoving party in order to determine how a reasonable jury would

decide."  <u>Aldrich v. Randolph Cent. Sch. Dist.</u>, 963 F.2d 520, 523 (2d Cir. 1992).  Thus, "[o]nly

when reasonable minds could not differ as to the import of the evidence is summary judgment

proper."  <u>Maffucci</u>, 923 F.2d at 982.

  The Court is aware that Brown is appearing pro se.  However, Brown is an attorney who

has chosen to represent himself in this action. Indeed, prior to the events that are the subject of

this lawsuit, he was an attorney and Acting Executive Director for the CHRO.  Accordingly, the

Court will not apply a relaxed standard for summary judgment.

## III.    Discussion

  While it is unclear exactly which claims are being asserted against which defendants, the

Court will address the possible claims and arguments for granting summary judgment in favor of

each in turn.

### A.    Federal Claims against the CHRO

#### 1.    Title VII

The defendants argue that any claims under Title VII against the CHRO are time-barred

because Brown did not file his original suit within ninety days of receipt of his first right-to-sue letter from the EEOC, and he did not amend his complaint within ninety days of his receipt of a second right-to-sue letter.   A Title VII claim is not timely if the claim is not filed within ninety days of a right-to-sue letter.  42 U.S.C. 2000e-5(f)(1); see also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149-50 (1984); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 2004). Brown filed his original complaint on February 6, 2002, ninety-six days after he presumptively received the right-to-sue letter on November 3, 2001.[6]  Many courts have enforced the ninety-day deadline as to pro se plaintiffs.  See Johnson v. Al Tech Specialties Steep Corp., 731 F.2d 143, 145-46 (2d Cir. 1984) (dismissing pro se action filed ninety-seven days after receipt of right-to-sue letter); Smith v. Local Union 28 Sheet Metal Workers, 877 F. Supp. 165, 172 (S.D.N.Y. 1995) (dismissing pro se action filed ninety-five days after receipt); Moscovitz v. Brown, 850 F. Supp. 1185, 1191-92 (S.D.N.Y. 1994), rev'd on other grounds, Lane v. Ogden Entm't, 13 F. Supp. 2d 1261, 1272 (M.D. Ala. 1998).  This deadline will likewise be enforced here, especially considering the plaintiff's former position as the Acting Executive Director of the CHRO.  Thus, summary judgment is granted as to the plaintiff's Title VII claims against the CHRO in his original complaint.

Brown filed a separate charge with the EEOC against the CHRO on January 28, 2003. This charge was based on his rejection for the Regional Manager position at the Waterbury office of the CHRO, of which he did not receive notification until after the filing of his original lawsuit.

---

[6]Where, as here, the actual date of the plaintiff's receipt of the right-to-sue letter is unknown or in dispute, the court will presume receipt three days after mailing by the EEOC. Federal Rule of Civil Procedure 6(e); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 (1984).

According to the United States Supreme Court:

> [D]iscrete discriminatory acts are not actionable if time-barred, even when they
> are related to acts alleged in timely filed charges. . . Discrete acts such as termination,
> failure to promote, denial of transfer, or refusal to hire are easy to identify. Each
> incident of discrimination and each retaliatory adverse employment decision
> constitutes a separate actionable "unlawful employment practice."

National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002).  The EEOC issued a

right-to-sue letter regarding the second charge on September 30, 2003.  The plaintiff

presumptively received this letter on October 3, 2003, yet he did not allege facts about the

Waterbury position until April 28, 2004, at which time he attempted to file a substituted

complaint.  This was more than 200 days from the receipt of the second right-to-sue letter, and

thus the remainder of the Title VII claims against the CHRO are also time-barred.

### 2.     Claims under Sections 1981 and 1983

In addition, the defendants argue that summary judgment must be granted as to all claims

against the CHRO under 42 U.S.C. § 1981 and § 1983.  The doctrine of sovereign immunity,

embodied in the Eleventh Amendment, prohibits suits for damages against a state brought under

these sections.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 ("[N]either a state nor its

officials acting in their official capacities are 'persons' under § 1983"); Bogle-Assegai v.

Connecticut, 470 F.3d 498, 509 (2d Cir. 2006) (affirming dismissal of claims against CHRO

under §1981 and § 1983 as barred by the Eleventh Amendment).   Thus, summary judgment is

granted as to all claims against the CHRO under these statutes.

### 3.     Other Constitutional and State Law Claims

The remaining claims against the CHRO are also barred by the doctrine of sovereign

immunity and the Eleventh Amendment because they are suits against the State.   The plaintiff

has admitted all facts relevant to the above claims.  Thus, summary judgment is granted as to all

claims against the CHRO.[7]

> **B.    Claims against the Office of Policy and Management and the Department of Administrative Services**
>
>> 1.    Claims under Title VII

_____The defendants further argue that summary judgment must be granted as to any possible

claim against OPM or DAS under Title VII because Brown has not met the jurisdictional

requirements necessary to file a federal lawsuit against these entities.  Prior to filing a suit for

damages under Title VII, a plaintiff is required to meet certain jurisdictional prerequisites to

federal action; namely he or she must file timely charges of employment discrimination with the

EEOC, and must receive and act upon the Commission's statutory notice of the right to sue.  See

42 U.S.C.  §§ 2000e-5(a), 2000e-5(e); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798

(1973).  Brown testified under oath that he never filed a charge against a state agency other than

the two charges against the CHRO, and this fact is undisputed. See Def.'s Ex. 10 (Pl.'s Depo.).

Thus, the plaintiff has not met the jurisdictional requirements to bring a claim in federal court

under Title VII against the OPM or DAS.

>> 2.    Other Claims

The OPM and DAS also are not "persons" within the definition of §§ 1983 and 1981, and

as state entities are shielded from liability by the Eleventh Amendment for these and for any

remaining constitutional and state law claims.  Thus, summary judgment is granted as to all

---

[7]Summary judgment is also granted as to all claims against the State of Connecticut, for the reasons explained above.

claims against OPM and DAS.

### C.     Claims Against Waters and Ryan

Barbara Waters and Marc Ryan were first named in the Substituted Complaint dated April 28, 2004.  The Substituted Complaint did not indicate that either defendant was being sued in his or her personal capacity.  Copies of the Summons and Substituted Complaint were subsequently served on staff members at the DAS and the OPM, where Waters and Ryan were then employed, respectively.  The individuals who accepted the service were not authorized to accept service on behalf of the defendants in their personal capacities.

Defendants Waters and Ryan move to dismiss the suits against them because they were never properly served with process under Federal Rule of Civil Procedure 4(e).  Rule 4(e) states in pertinent part:

> [S]ervice upon an individual from whom a waiver has not been obtained and filed. . . may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected. . .or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Service on Waters and Ryan was attempted when copies of the complaint and summons were left at the state agency offices where the defendants worked, but with persons who were not authorized to accept service on behalf of either defendant in their personal capacities.  Thus, service was not properly effected on Ryan or Waters in their individual capacities under Rule (4)(e)(2) or under Connecticut state law, which also requires in-hand or abode service on individuals.  See Conn. Gen. Stat. § 52-57(a).

Brown contends that he should be given additional time pursuant to Rule 4(m) to effect service on Waters and Ryan personally.  Rule 4(m) provides, in pertinent part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  However, this lawsuit has been pending for over four years, and Brown has still offered no evidence showing service was properly made upon Ryan and Waters.  Brown has been on notice as to his mistake since the defendants' motion for summary judgment was filed in March 2005, and has not made any effort to correct the defect and serve Waters and Ryan individually.  Brown's mistake of law regarding whether to sue the defendants in their official or personal capacities does not constitute good cause for failure to serve the defendants after this amount of time has elapsed.[8]  See Bogle-Assegai, 470 F.3d at 508-509 (upholding district court's decision to dismiss claims under § 1983 when defendants were not served in their individual capacities within 120 period); Meija v. Castel Hostel, Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996) ("mistake or inadvertence of counsel. . . does not constitute 'good cause' justifying failure to effect timely service of process.").  Accordingly, summary judgment is granted as to the claims against Ryan and Waters in their individual capacities.

---

[8]As noted above, while Brown is representing himself in this action, he is an attorney and is not excused from complying with the procedural rules. In fact, pro se plaintiffs who are not attorneys have had their claims dismissed under similar circumstances, even when the statute of limitations for bringing a new complaint has passed.  See Rice v. Scudder Kemper Investments, Inc.,  2003 WL 174243, *2 (S.D.N.Y. 2003) (dismissing pro se plaintiff's complaint against defendants who had not been served 9 months after other defendants had been, despite fact that statute of limitations barred refiling).

Ryan and Waters were properly served in their official capacities. However, it is well established that a lawsuit against state officials in their official capacities is actually a suit against the state. Will, 491 F.3d at 71. Thus, the Eleventh Amendment precludes a suit under section 1983 for damages against Ryan and Waters in their official capacities.[9] See id. There remains a possibility of prospective injunctive relief for the plaintiff under the Ex parte Young exception to the sovereign immunity doctrine, which provides that state officers may be sued in their official capacities for injunctive relief. See Will, 491 U.S. at 71 n.10; citing Ex parte Young, 209 U.S. 123, 159-60 (1908). All of the named defendants have since left their positions at the agencies where they were employed with at the time of the alleged events leading to Brown's lawsuit. However, the officials who replaced these dismissed defendants are to be substituted as parties to the lawsuit for purposes of any potential prospective injunctive relief under section 1983.[10] See Fed. R. Civ. P. 25(d).

### D.    Claims against Cioffi and Robinson

Cioffi and Robinson, both former CHRO commissioners, were initially sued and served in 2002 in their official capacities only. Despite the fact that the complaint was amended in

---

[9]As discussed above as pertaining to the state agencies, the Eleventh Amendment and the doctrine of sovereign immunity also bar any remaining constitutional or state law claims against Waters and Ryan in their official capacities.

[10]Rule 25(d) states in pertinent part:

An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

2004, the plaintiff did not sue Cioffi or Robinson in their individual capacities until February 10, 2005 in his Second Substituted Complaint. Cioffi and Robinson were not served with process until May 2006, well beyond 120 days after the complaint was filed as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(m).

Even if the court excuses this late service of the defendants, Robinson and Cioffi argue that the claims against them in their individual capacities are now time-barred. The statute of limitations for a claim under section 1983 is governed by applicable state law, which in Connecticut is three years.[11] See Loundsbury v. Jefferies, 25 F.3d 131 (2d Cir. 1994). In his 2005 Second Substituted Complaint naming Robinson and Cioffi, Brown did not allege any wrongful acts by these two defendants that occurred during the three-year period going back to February 10, 2002. In fact, both of these defendants held no positions at the CHRO after March 2000. Thus, the statute of limitations has run, and the Second Substituted Complaint's claims against Robinson and Cioffi in their individual capacities are valid only if the plaintiffs can satisfy the requirements of Federal Rule of Civil Procedure 15(c), which provides:

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party

---

[11]The addition to the lawsuit of Robinson and Cioffi as individuals exposes them to potential state tort law liability for Brown's claims of defamation and intentional infliction of emotional distress . The statute of limitations for torts in Connecticut is also three years. Conn. Gen. Stat. § 52-577.

will not be prejudiced in maintaining a defense on the merits, and (B) knew or should
have known that, but for a mistake concerning the identity of the proper party,
the action would have been brought against the party.

Rule 15(c)(3) is implicated here because "adding a defendant in his or her individual capacity,

even when already named in his or her official capacity, constitutes addition of a party." Cupe v.

Lantz, 470 F. Supp. 128, 134 (D. Conn. 2007).

While it is undisputed that the claims asserted in the amended pleading arose out of the

same conduct, transaction, or occurrence as set forth in the original complaint, the plaintiff

cannot meet the remainder of the requirements in Rule 15(c)(3). First, the 120-day period for

service of process provided by Rule 4(m) has long since passed. Second, as to subsection 3(A),

the defendants did not have notice of the institution of the action against them as individuals

based on the original complaint such that they are not prejudiced in maintaining a defense on the

merits. An amendment which changes the capacity in which defendants are sued under section

1983 "alters the elements of recovery and defense [and] require[s] major changes in pleading,

discovery, trial preparation and selection of witnesses to testify at trial." Lovelace v.O'Hara, 985

F.2d 847, 850 (6th Cir. 1993), citing Hill v. Shelander, 924 F.2d 1370, 1384 (7th. Cir 1991)

(Coffey, J., dissenting); see also Atchinson v. District of Columbia, 73 F.3d 418, 427 (D.C. Cir.

1996) (identifying possibilities that the defendant might have chosen to retain private counsel,

discovery might have been different, and the strategy and nature of the defense would be altered

as sources of potential prejudice to defendants when plaintiff seeks to add defendant sued in

official capacity in his or her personal capacity).

Finally, turning to subsection 3(B), there has not been a mistake in identity of the proper

party about which the defendants should have known. Although Rule 15(c) applies to mistakes

of law as well as mistakes of fact; see Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 36-36 (2d Cir. 1996); in situations "[w]here there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held the third requirement of 15(c)(3) is not met." Gouveia v. Sig Simonazzi N. America, Inc., 2005 WL 293506 (D. Conn. 2005), citing Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994) ("the requirement that a new defendant knew he has not being named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in identity rather than a matter of choice").   Brown's initial complaint stated "Each defendant, except for Vivien Blackford, LeAnne Appleton, and Cynthia Watts Elder, is sued in his/her representative capacity only."  Compl. ¶ 6.  This precludes the possibility that Brown was unaware of the distinction between suing his former employers in their representative versus individual capacities, and indicates he made a conscious choice to sue only those three defendants as individuals.  Brown's mistaken legal judgment is insufficient to invoke relation back of the amendment under Fed. R. Civ. P. 15(c).  With such a clear statement in the pleadings, Cioffi and Robinson had no reason to believe that they were being sued in their personal capacities or that, but for a mistake concerning identity, the suit would have been against them personally.  See Lovelace, 985 F.2d at 851.   Thus, the amended complaint fails to meet the criteria for relation back set forth in Rule 15(c)(3).  The motion for summary judgment is granted as to the claims against Cioffi and Robinson in their individual capacities.[12]

[12]Robinson and Cioffi were properly served in their official capacities.  Because they are no longer employed with these agencies, the individuals who replaced them in their respective positions are substituted as defendants in their official capacities for purposes of prospective

## IV.    Conclusion

The defendants' motion for reconsideration **[Dkt. # 111]** is **GRANTED**. The defendants' partial motion for summary judgment **[Dkt. # 84]** is **GRANTED in part**. The State of Connecticut, the Connecticut Commission on Human Rights and Opportunities, the Connecticut Department of Administrative Services, and the State of Connecticut Office of Policy and Management are dismissed as defendants. Barbara Waters, Marc Ryan, Nicholas Cioffi, and Richard Robinson are dismissed as defendants in their individual capacities. The individuals who replaced Waters, Ryan, Cioffi, Robinson, Cynthia Watts Elder, LeeAnn Appleton, and Vivien Blackford must be substituted for them as defendants in their official capacities for purposes of prospective injunctive relief under 42 U.S.C. §§ 1981 and 1983. Cynthia Watts Elder, LeeAnn Appleton, and Vivien Blackford remain defendants in their official and personal capacities.

SO ORDERED this _10th_ day of March 2008, at Hartford, Connecticut.


_____/s/ Christopher F. Droney_____
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

injunctive relief under Fed. R. Civ. P. 25(d).