IN THE UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jewel E. Brown, <br> Plaintiff, <br><br> VS    #3:02CV223(CFD) <br><br> Vivien Blackford, Commissioner; Commission on Human Rights and Opportunity; Cynthia Watts Elder, Executive Director, Commission on Human Rights and Opportunity, Lee Ann Appleton, Business Manager, Commission on Human Rights and Opportunity; and Andrew Norton, in his official Capacity as Chairperson of the Commission on Human Rights And Opportunity; Robert Genuario, in his official capacity as Secretary of the Office of Policy and Management; and Brenda Sisco, in her official capacity as Commissioner of the Department of Administrative Services, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) June 26, 2008 |

## PLAINTIFF'S MOTION FORE EXTENSION OF TIME PENDING SETTLEMENT AGREEMENT

Comes now Plaintiff, Jewel E. Brown, pursuant to Rule 7 and FRCP 6 and move the Court to enter his order granting Plaintiff an extension of time: (a) to and including July 31, 2008) to file his motion dismissing this Complaint pursuant to the parties' Settlement Agreement or, in lieu thereof, to complete discovery in this matter; and (b) to, and including September 18, 2008, to file dispositive motions and in support of said Motion, Plaintiff alleges and states as follows:

(1) The Court, following a status conference, ordered the Plaintiff to file an amended and substituted complaint by April 18, 2008.

(2) The Court also set a discovery deadline of June 18, 2008 and a dispositive motion deadline of August 4, 2008.

(3) Thereafter, due to Plaintiff's request) Defendants sought and received an extension of time to and including July 2, 2008 to complete discovery and extending the deadline to file dispositive motions to August 18, 2008.

(4) Commencing in late February and early March 2008, Plaintiff health began to fail him and as a result thereof, Plaintiff had to seek and was granted extension of time to proceed in several companion cases that Plaintiff has pending in this court.

(5) Plaintiff's health has continued to deteriorate and was aggravated by a fall that Plaintiff suffered in early May, 2008 which resulted in Plaintiff cracking several ribs and being unable to work for a period of five (5) plus weeks due to pain and pain medication. Hence, Plaintiff has been substantially unable to work on any consistent basis since early March 2008.

(6) Consequently, Plaintiff contacted defendants and initiated efforts to settle each of the three cases that Plaintiff has pending against the State of Connecticut, and/or its subsidiaries, agents, employees, and/or servants.

(7) As a result thereof, Plaintiff represents to the court that the parties (as is evidenced by the attached communications) are actively engaged in good faith efforts to settle this (and Plaintiff's companion cases) pending in this court. (See Plaintiff's supporting Exhibits Attached hereto).

(8) In this regard, Plaintiff fully understands the need to rapidly proceed to dispose of this matter; especially in light of its age) and this Plaintiff's health can not be offered as a justification to unnecessarily prolong this matter.

(9) In recognition of fact, Plaintiff has offered, (as an incentive that Defendants' can use to evaluate the merits of his settlement offer) to enter into an agreement dismissing all but two of the many causes of action (i.e., that Counts) that Plaintiff has alleged in the pending complaint. (See Plaintiff's supporting Exhibits Attached hereto).

(10) As a matter of fact, Plaintiff has agreed to enter into verbal stipulations manifesting his willingness to narrow the scope of the complaint during the taking of his deposition by defendants, which is presently scheduled for July 1, 2008.

(11) Hence Plaintiff represents to the court that he will need the time requested by this Motion only in the, unlikely, event the parties' efforts to settle this matter fail and that, in this event, the parties' need to resolve this complaint, expeditiously, will be substantially furthered by the board extent to which Plaintiff is willing to narrow the scope of the complaint.

(12) Additionally, Plaintiff states that pursuant to Local Rule 7 (b) he has notified defendants' attorney of this request and, insofar as Plaintiff knows, defendants' have not communicated an objection to this request to Plaintiff.

WHEREFORE, premises considered, Plaintiff prays that this court enters his order: (a) granting Plaintiff to and including July 31, 2008 to file his Motion to Dismiss this Complaint pursuant to the parties Settlement Agreement or, in lieu thereof, complete discovery in this matter; and (b) extending the deadline to file dispositive motions to and including September 18, 2008 and for all other necessary and proper relief.

Respectfully Submitted,
Jewel E. Brown.
By: _____
Jewel E. Brown, pro se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 543-9806
FAX (860) 644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing Motion for an Extension of Time to be served upon Defendants' Attorneys this 26th day of June, 2008 by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendant' Attorney whose address is 55 Elm Street, Post Office Box 120, Hartford, CT 06141-0120.

Respectfully submitted
By: _____
Jewel Brown, pro se

4

**From:** Jewel Brown <employmentpa@aol.com>
**To:** Joseph.Jordano@po.state.ct.us
**Subject:** Re: Brown v. DPW, et al.
**Date:** Thu, 26 Jun 2008 1:23 pm

Joe, in light of our settlement discussion, I would like for you to consent to a thirty day extension of time in both the CCSU case and the CHRO case. As I said, I am not interested in pursuing the matters beyond the point of my earlier suggestions. Therefore, can we consent to a thirty day extension in each of the three case?

Additionally, please give me a call so we can talk directly. My cell phone number is 543-9806.

Jewel Brown
Property & Development Manager
Phillips Metropolitan CME Church &
North Star Center for Human Development, Inc.
2500 Main Street, Hartford, CT 06120
860-246-3526 phone
860-548-0871 fax
EmploymentPA@aol.com

-----Original Message-----
From: Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
To: Jewel Brown <employmentpa@aol.com>
Cc: Auster, Leonard S. <Leonard.Auster@po.state.ct.us>
Sent: Thu, 26 Jun 2008 8:17 am
Subject: Brown v. DPW, et al.

I would, like to request more time for dispositive motions in the above case given that we are discussing possible settlement options. Please let Len Auster know if you have an objection as I desire to file the motion today.
*Joseph A. Jordano*
Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT 06106

Phone:  (860) 808-5340
Fax:    (860) 808-5383
URL:    http://www.cslib.org/attygenl

CONFIDENTIALITY NOTICE

**From:** Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
**To:** Jewel Brown <employmentpa@aol.com>
**Cc:** Auster, Leonard S. <Leonard.Auster@po.state.ct.us>
**Subject:** Brown v. DPW, et al.
**Date:** Thu, 26 Jun 2008 8:16 am

I would, like to request more time for dispositive motions in the above case given that we are discussing possible settlement options. Please let Len Auster know if you have an objection as I desire to file the motion today.

*Joseph A. Jordano*
Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT 06106

Phone:  (860) 808-5340
Fax:    (860) 808-5383
URL:    http://www.cslib.org/attygenl

CONFIDENTIALITY NOTICE

This communication is for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify me immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney client or work product privilege by the transmission of this message.

**From:** Jewel Brown <employmentpa@aol.com>
**To:** Joseph.Jordano@po.state.ct.us
**Subject:** RE: Future Proceeding in all three cases
**Date:** Thu, 26 Jun 2008 1:33 pm

Joe, the only change in position is the consent to dismiss Appleton and Blackford. It's not that I don't want to dismiss both or either one. It's that I need to make sure before I do so. I understood from your verbal conversation the day before that you were asking me to think about it and let you know what I wished to go forward with and what I was willingly to dismiss. JOE I WANT TO DISMISS ALL THREE COMPLAINTS TODAY. THE ONLY REASON I CAN NOT IS THAT WE HAVE NOT WORKED OUT THE SETTLEMENT TERMS. BUT SETTLE OR NOT, I DO NOT INTEND TO GO FORWARD WITH THE ENTIRE CHRO COMPLAINT. I BELIEVE THAT BY FORCING ON THE ISSUES THAT I HAVE IDENTIFIED, I WILL BE ABLE TO DEMONSTRATE WHY I THINK THESE COUNTS ARE SUSTAINABLE.

Please give me a call. Cell phone 543-9806.

Jewel Brown
Property & Development Manager
Phillips Metropolitan CME Church &
North Star Center for Human Development, Inc.
2500 Main Street, Hartford, CT 06120
860-246-3526 phone
860-548-0871 fax
EmploymentPA@aol.com

-----Original Message-----
From: Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
To: Jewel Brown <employmentpa@aol.com>
Cc: Teed, David M. <David.Teed@po.state.ct.us>
Sent: Thu, 26 Jun 2008 8:11 am
Subject: RE: Future Proceeding in all three cases

Given your response to my email and an apparent change to your position, please bring **ALL your documents** that support the allegations in your latest Amended Complaint as initially requested and we will simply depose you on July 1. I will deal with your entire case. I am not inclined at this time to negotiate these issues via email. If something changes on July 1, then the deposition could get narrowed. But please be prepared to discuss every count and produce the document that support every count in your complaint.

See you on July 1.

Joseph A. Jordano

http://webmail.aol.com/37563/aol/en-us/Lite/PrintMessage.aspx?user=N_VJCohdf5&folde...　6/27/2008

**From:** Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
**To:** Jewel Brown <employmentpa@aol.com>
**Cc:** Teed, David M. <David.Teed@po.state.ct.us>
**Subject:** RE: Deposition on 7-1-08
**Date:** Wed, 25 Jun 2008 8:11 am

This will confirm our conversation yesterday about your deposition scheduled for 7-1-08. The deposition will go forward as planned. It is my understanding from your representation to me yesterday that when the deposition begins we will state on the record that you have narrowed your case to one claim relating to the CHRO Chief of Field Operations position. You will withdraw your other counts and dismiss Ms. Appleton and Ms. Blackford since they did not make the decision to upgrade Mr. Newton. Ms. Watts-Elder will remain in the case. If my understanding is correct, you need only bring with you the documents that pertain to the Chief of Field operations position. However, if you decide to pursue any other counts in the Amended Complaint against any of the defendants, you must bring all the documents that relate to the case as stated in the deposition notice.

I look forward to seeing you on July 1.

Thank you.


*Joseph A. Jordano*
Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT 06106

Phone:  (860) 808-5340
Fax:    (860) 808-5383
URL:    http://www.cslib.org/attygenl

CONFIDENTIALITY NOTICE:

This communication is for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify me immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney client or work product privilege by the transmission of this message.


**From:** Jewel Brown [mailto:employmentpa@aol.com]
**Sent:** Tuesday, June 24, 2008 10:38 AM

This communication is for the [illegible] purpose and is intended to be confidential. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Jewel Brown [mail to:employmentpa@aol.com]
**Sent:** Tuesday, June 24, 2008 10:38 AM
**To:** Jordano, Joseph A.
**Subject:** Re: Deposition on 7-1-08

Thanks David for your follow-up. YES, in consideration of the settlement that Joe and I discussed, I am willing to consent to each of the above DEMANDS. However, I would like to modify the latter provision to provide that under no circumstance will I file any lawsuit, complaint, challenge, contest, etc., against the State of Connecticut, its agents, employees, servants, etc., arising out of any application that I might file for employment. What I seek to preserve is the possibility that I might be able to get a job, absence any contest, and if that were to happen, I would like to keep that possibility open. But absolutely, NO MORE COMPLAINTS OR LAWSUITS.

Jewel Brown
Property & Development Manager
Phillips Metropolitan CME Church &
North Star Center for Human Development, Inc.
2500 Main Street, Hartford, CT 06120
860-246-3526 phone
860-548-0871 fax
EmploymentPA@aol.com

-----Original Message-----
From: Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
To: Jewel Brown <employmentpa@aol.com>
Sent: Tue, 24 Jun 2008 8:27 am
Subject: Deposition on 7-1-08

**Your deposition will go forward on July 1, 2008 because the deadline is July 2. Please bring the documents that comply with the deposition notice.**
As a follow up to our discussion about a settlement, before I discuss the issue with my clients in depth, I need to know if you are willing to dismiss all of your lawsuits and agree not to apply for future jobs with the state of Connecticut. Without the latter it would seem futile to settle your cases only to find ourselves back in future litigation if you are unsuccessful with a future job application. You and I talked about your desire to move forward and I am willing to talk further if you are inclined to agree to these two terms as part of any settlement. My clients will need to

**From:** Teed, David M. <David.Teed@po.state.ct.us>
**To:** Jewel Brown <employmentpa@aol.com>
**Cc:** Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
**Subject:** RE: General Settlement Offer
**Date:** Tue, 24 Jun 2008 10:17 am

Jewel, it was good to see you at Ray's party! Joe and I have been talking about your settlement proposal, and although it might happen at some point later this summer, we must go forward with your deposition next Monday June 30th at 10am. (The discovery deadline is July 1st.) I have a law student (Ms. Lauren Brown) who is working with me this summer, and I would like her to attend the depo, but only if it is ok with you. Can you let me know if it's ok with you? Thanks!

---

**From:** Jewel Brown [mailto:employmentpa@aol.com]
**Sent:** Monday, June 16, 2008 2:00 PM
**To:** Teed, David M.; Joseph.Jordano@ps.state.ct.us
**Subject:** Re: General Settlement Offer

Dear Gentlemen:

Attached hereto, please find my offer to settle the complaints I have pending against clients you represents.

I have returned to work on a part time basis now and in addition to the numbers listed in the attached letter, you should be able to reach me at 246-3526.

Jewel Brown
Property & Development Manager
Phillips Metropolitan CME Church &
North Star Center for Human Development, Inc.
2500 Main Street, Hartford, CT 06120
860-246-3526 phone
860-548-0871 fax
EmploymentPA@aol.com

**Jewel E. Brown**
**21 Brewster Road**
**South Windsor, CT 06074**
**Phone (860) 543-9806**
**Fax (860) 548-0071**

June 16, 2008

Mr. David Teed
Deputy Assistant
Attorney General
State of Connecticut
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

And,

Mr. Joe Jordano
Assistant Attorney General
State of Connecticut
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

Re: Offer to settlement all claims
    Pending against State of Connecticut

Dear Gentlemen:

This writing constitutes my attempt to persuade you to settle the above referenced complaints. I have opted to write this letter as a result of several reasons. First, is the fact that David indicated, during the Oral Argument on Joe's Motion For Reconsideration of the court's ruling Denying, Without Prejudice, the Procedural Motion for Summary Judgment, that following the court's ruling on the Motion for Reconsideration, he might be willing to discuss settlement. Second, my health has begun to fail me and my doctors have advised that I need to rid myself of all tension causing matters. And third, seeing the two of you at Ray's CHRO's retirement party rekindled a sense of how things were when I was a member of that staff and, as such, it generated a sense of possibilities that included the "conceivable" resolution of these cases. Hence, I offer the following thoughts with respect to the possibility of settling these complaints.

First, as it relates to the complaints against CCSU and DPW, et al., I would be willing to resolve these two lawsuits for some nominal sum constituting nuisance damage **ONLY**. As such, I am willing to leave the calculation of this amount up to you.

Next, as it relates to the lawsuit against CHRO, I am willing to address settlement of this proceeding in accordance with the following structure, to wit: First, since I am persuaded that my strongest two claims are Counts III and VIII which, respectively, allege discrimination arising out of Don Newton's appointment into the Director of Field Operations position, [to not total exclusion] in September 1999 and discriminatory compensation arising out of my brief period of service in the Acting Director's position; I am willing to meet with either or both of you and discuss my contention as to what the relevant facts are that support my contentions. To the extent that we can agree about these, we will then attempt to determine their legal import, that is, you will evaluate their merits and determine to what extent, they support a settlement offer. And, if you think they do, you will make an offer.

If we were unable to agree, to avoid prolonging this matter, I would be willing to enter into an arrangement whereby we agree to submit the case to the court for determination pursuant to a stipulation of facts.

In a nutshell, I desire to resolve these complaints and am willing to do anything reasonable to do so. If you are willing to pursue resolution alone these lines, please let me know. I assure each of you that you will have my wholehearted cooperation in this endeavor.

I await your reply.

Sincerely Yours


Jewel E. Brown

2