## Jordano, Joseph A.

**From:** Jordano, Joseph A.
**Sent:** Thursday, June 26, 2008 8:31 AM
**To:** 'Jewel Brown'
**Cc:** Teed, David M.
**Subject:** RE: Future Proceeding in all three cases

Jewel:

The discovery deadline set by Judge Droney is July 2. There has been plenty of time during the several years this case has been pending for you to depose the witnesses. On several occasion you have represented to the court that you needed time for deposition, but haven't taken any. I understand that you started a new job and you have had some recent health issues, so I will consider your requests and discuss them more fully on July 1, 2008 when we meet.

As to CCSU case, are you asking me to waive any of the defendants' costs in return for your agreement to dismiss the case. I think that can be arranged if that is want you are proposing. CCSU will not pay plaintiff's costs.

Thank you.

*Joseph A. Jordano*
Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT 06106

Phone: (860) 808-5340
Fax:   (860) 808-5383
URL:   http://www.cslib.org/attygenl

**CONFIDENTIALITY NOTICE:**

This communication is for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify me immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Jewel Brown [mailto:employmentpa@aol.com]
**Sent:** Wednesday, June 25, 2008 6:23 PM
**To:** Jordano, Joseph A.
**Cc:** Teed, David M.
**Subject:** Re: Future Proceeding in all three cases

Thanks for your clarifying e-mail respecting my upcoming deposition. In this regard, let me make the following observations. First, my original "Offer to Settle" letter Identified two issues on which I believe

I can prevail. The first of these, you identified in your e-mail. The second alleges discriminatory compensation arising out of my tenure in the Acting Executive Director position. Similarly, as to the named parties, I would prefers not consenting to the dismissal of Appleton and Blackford, at this time. I base my hesitancy on the fact that my discriminatory compensation claim, alleges that I was not paid the DAS authorized salary due, in large part, to false and misleading information that Appleton, (in her capacity as CHRO's Business Manager), provided the commissioners. In this respect, the commissioners asked her to consult with the appropriate state officials and ascertain what my acting Executive Director salary should be. As to defendant, Blackford, while I understand your analysis, I am, nonetheless, hesitant to undertake this action at this point.

Moreover, as you understand, my sole motivation for narrowing the scope of my complaint is to induce an environment that would permit us to settle these complaints. As such, I would be a lot more comfortable, if we could resolve the settlement issue sooner than later. Notwithstanding, I do understand what you are seeking to do, that is, to finalize your discovery needs so that, in the event settlement fails, (God forbid) you would be in a position to go forward. In this event, I would like to take the depositions of Watts-Elders, Appleton, Newton, and one or two of CHRO's other employees who could shed light on my discriminatory aminus and job performance. But I would only want to do this if our efforts to settle failed. In the event this proposal is too opened ended for your comfort level, then let me suggest that I be given until July 30, to finish this task. Frankly, I only need a two week period to finalize this function. The only reason I suggest this date is due to the fact that I will vacation during the week of July 7 - 11. Again, this is my preference, what can you live with?

Respecting my case against CCSU, as you know I am obligated to file my response to your Summary Judgment Motion on June 30th. Again, I would prefer not having to do this. Therefore, I would be willing to dismiss the complaint if you would consent to my security bond being returned to me and the state picking up the cost. Again, I want out. If you can't, then I would ask you for an additional week to finalize my response. Presently, I am seventy-five % complete with my response. As you know, in early April I fell and cracked several ribs. I wasn't able to work on either case for approximately a five week period. In making this request, I am fully aware of the fact that, upon receipt of my last extension, I committed to not requesting an additional one. In limiting my request to this brief period, I am doing my best to keep my commitment.

Again, Joe I realize that you are anxious to resolve these complaints, one way or the other, especially in light of their age. However, under the circumstances, I feel that my requests are reasonable.

Jewel Brown
Property & Development Manager
Phillips Metropolitan CME Church &
North Star Center for Human Development, Inc.
2500 Main Street, Hartford, CT 06120
860-246-3526 phone
860-548-0871 fax
EmploymentPA@aol.com

-----Original Message-----
From: Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
To: Jewel Brown <employmentpa@aol.com>
Cc: Teed, David M. <David.Teed@po.state.ct.us>
Sent: Wed, 25 Jun 2008 8:12 am
Subject: RE: Deposition on 7-1-08

6/30/2008