UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEWEL E. BROWN,  *Plaintiff,* | : | CASE NO. 3:02CV0223(CFD) |
| | : | |
| v. | : | |
| | : | |
| VIVIEN BLACKFORD, COMMISSIONER, COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES, CYNTHIA WATTS ELDER, Executive Director, CHRO; LEANNE APPLETON, BUSINESS MANAGER, CHRO; ANDREW NORTON, in his official capacity as chairperson of the CHRO; ROBERT GENUARIO, in his official capacity as secretary of the Office of Policy and Management; and BRENDA SISCO, in her official capacity as Commissioner of the Department of Administrative Services  *Defendants.* | : | July 11, 2008 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH

The defendants move for a protective order from the Court, quashing the Notice of Deposition directed to defendants Leanne Appleton, Cynthia Watts Elder and Viven Blackford, dated July 9, 2008 and setting the date for depositions on July 14, 2008. The defendants represent the following:

1.  Plaintiff filed his original complaint on or about February 6, 2002, naming the State of Connecticut, the Commission on Human Rights and Opportunities, Leanne Appleton, Vivien Blackford, Cynthia Watts Elder and various other defendants.

2.  Through **six (6) years** of litigation, the plaintiff has deposed NO WITNESSES and NO PARTIES.

3. In March 10, 2008, the court granted the defendants' request for partial summary judgment, dismissing all of the individual defendants except Blackford, Appleton and Watts Elder. (See docket entry # 123).

4. On April 4, 2008 the court set a deadline for the plaintiff to complete any discovery. (Docket # 129). Plaintiff did not depose a single person or conduct any discovery.

5. On June 6, 2008 the court granted the plaintiff until July 2, 2008 in which to complete discovery. (Docket # 135). Again, he did not depose a single person.

6. On July 2, 2008, then court granted the plaintiff until July 16, 2008 to complete discovery and stated that no further extensions would be granted. (Docket # 139).

7. On July 1, 2008, the defendants deposed the plaintiff.

8. On July 8, 2008, plaintiff sent an email stating that he wanted to depose the defendant and several non-parties. On that same date defense counsel notified plaintiff that he was not available during the week of July 14, but would make the three defendants available on July 23, 2008. Defense counsel conferred with the defendant to make sure they were available on July 23, 2008. Defense counsel declined Mr. Brown's request to ask the court to extend discovery beyond that date as this case has been pending for a long time and Mr. Brown's suggestion that he wants to depose non-party witnesses would only delay the case further. (See Exhibits A & B attached hereto).

9. Despite counsel's representation that he would make defendants Appleton, Watts Elder and Blackford available on July 23, 2008 because he was not available on July 14, plaintiff nevertheless noticed in the three defendants for a deposition on **Monday**, **July 14, 2008** and attached a request for production under Rule 34. The notice of deposition was received on **Friday**, **July 11, 2008.**

10. Under Rule 30 (b)(5) of the federal rules, a request for documents accompanying a notice of deposition must provide the responding party 30 days to respond as provided under Rule 34. So plaintiff has requested numerous documents only three (3) working days before discovery closes.

11. Defendants object to the plaintiff's attempt to depose them on a date that counsel is not available and the demand that they produce documents with one day's notice.

12. Defendants ask this court to quash the notice of deposition for July 14, 2008 and the accompanying request for documents because: (1) the plaintiff has had ample time (years since the lawsuit was filed and months since Judge Droney set the new discovery period in April 2008) to propound a production request; (2) the request for documents should have been served 30 days before the close of discovery; (3) the late notice of the deposition is being used as an indirect tactic to extend discovery.

13. It is an abuse of process to wait until the last minute and then demand that defense counsel consent to yet another extension of time or be forced to file a motion to quash a deposition noticed in for a date when plaintiff knows counsel is not available.

14. In the <u>six years</u> since this case has been pending, the plaintiff could have, and should have, taken the defendants depositions in a timely manner.

15. Although a motion to quash does not normally suspend discovery, defendants filed this motion within hours of receiving the notice of deposition on Friday morning, for a deposition scheduled for the following Monday.

WHEREFORE, the defendants respectfully request the Court issue an order quashing plaintiff's notice of deposition for July 14, 2008.

                                                            DEFENDANTS,

                                                            RICHARD BLUMENTHAL
                                                            ATTORNEY GENERAL

By:     /s/_____
        Joseph A. Jordano
        Assistant Attorney General
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0120
        Tel: (860) 808-5340
        Fax: (860) 808-5383
        E-mail: Joseph.Jordano@po.state.ct.us
        Federal Bar # ct21487

## **CERTIFICATION**

The undersigned hereby certifies that on this 11th day of July 2008, a copy of the foregoing Defendants' Memorandum in Support of Their Motion to Quash, was mailed, United States Mail first class mail, postage prepaid to:

Jewel Brown, pro se
21 Brewster Road
South Windsor, CT 06074

                                                  /s/_____
                                                  Joseph A. Jordano
                                                  Assistant Attorney General