Brown.txt

1

```
 1              UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
 2
    ---------------------------------------------
 3                                               )
    JEWEL BROWN,                                 )
 4                                               )
         Plaintiff                               )Case No.
 5                                               )
         vs.                                     )3:2CV223
 6                                               )
    THE STATE OF CONNECTICUT AND ITS             )
 7  COMMISSION ON HUMAN RIGHTS AND               )
    OPPORTUNITIES, THE HONORABLE NICHOLAS        )
 8  CIOFFI, CHAIRPERSON, CHRO; THE HONORABLE     )
    RICHARD ROBINSON, COMMISSIONER AND           )
 9  CHAIRPERSON, CHRO; THE HONORABLE VIVIEN      )
    BLACKFORD, EXECUTIVE DIRECTOR, CHRO; AND     )
10  LEEANN APPLETON, BUSINESS MANAGER, CHRO      )
                                                 )
11       Defendants.                             )
                                                 )
12  ---------------------------------------------

13        CONTINUED DEPOSITION OF:   JEWEL BROWN
               DATE:   JULY 1, 2008
14                    HELD AT:
            OFFICE OF THE ATTORNEY GENERAL
15                 55 ELM STREET
              HARTFORD, CONNECTICUT
16
                        - - -
17

18

19

20

21
              Reporter:  WENDY ALLEN, RMR/CRR
22          BRANDON SMITH REPORTING SERVICE

23  44 Capitol Avenue              Six Landmark Square
    Hartford, Ct. 06106            Stamford, Ct. 06901
24  860.549.1850                   203.316.8591
    800.852.4589                   800.852.4589
25
```

```
                              Brown.txt
                                                                    2

    1     APPEARANCES:

    2     Representing the Defendants:

    3     Joseph Jordano, Esq.
          David Teed, Esq.
    4     Office of the Attorney General
          55 Elm Street
    5     Hartford, CT   06141-0120

    6


    7     Jewel E. Brown
          21 Brewster Road
    8     South Windsor, CT   06074

    9

   10     Also Present:

   11     Sean Robinson
          Lauren Brown
   12

   13

   14
                                  - - -
   15

   16

   17

   18

   19

   20

   21

   22

   23

   24

   25
```

☐

3

```
                                    Brown.txt
1                                    I N D EX
2
        WITNESS:                                                  PAGE:
3
        Jewel Brown
4            Continued Examination By Attorney Jordano

5       -----------------------------------------------------

6       EXHIBITS:

7       Exhibit 7, plaintiff's third substituted complaint,
        as amended
8       Exhibit 8, DAS class specification
        Exhibit 9, notice of deposition
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

                                                                    4

```
1
2                            JEWEL BROWN,
                               Page 3
```

```
                        Brown.txt
  3            called as a witness, having been
  4            duly sworn by Wendy Allen, RMR/CRR,
  5            a Notary Public in and for the State of
  6            Connecticut, testified as follows:
  7
               CONTINUED DIRECT EXAMINATION BY MR. JORDANO:
  8
  9       Q.   Good morning, Mr. Brown.
 10       A.   Good morning, Mr. Jordano.
 11       Q.   We know each other, and you've been
 12   deposed before so I won't go through all the
 13   perfunctory questions about depositions.  This is a
 14   continuation of the deposition of the 7/22/03
 15   deposition that we continued.  Are you suffering
 16   from any medical conditions that you believe today
 17   would impair your ability to listen to and answer my
 18   questions?
 19       A.   Probably not, no.
 20       Q.   Are you taking any medication today that
 21   you believe would impair your ability to listen to
 22   and understand my questions today?
 23       A.   No, I don't think so.
 24       Q.   All right.  Mr. Brown, you remember when
 25   we met with Judge Droney for the last status
```

```
                                                         5
  1   conference, I believe that was in --
  2       A.   May 18th.
  3       Q.   I think it was in April, I believe it was
```

```
                              Brown.txt
 4      April 10th.
 5         A.    That's right, yes.
 6         Q.    April 10th, 2008.  And during that session
 7      he gave you a leave to file a third substituted
 8      complaint, I think he said you had to do it by April
 9      18th of 2008.  Look at Exhibit 7 and tell me if
10      that's an accurate reflection of the operative
11      complaint as of today in this case?
12         A.    Yes.
13         Q.    That's what you filed, correct?
14         A.    Um-hmm.
15         Q.    And the only remaining defendants in this
16      case are Vivien Blackford individually, Cynthia
17      Watts Elder individually and officially, Leeann
18      Appleton individually, and then several current
19      commissioners for several agencies official only.
20         A.    Okay.
21         Q.    Correct?
22         A.    Joe, repeat what you just said, because
23      I'm thinking -- just to make sure.
24         Q.    The remaining defendants in the case, the
25      individual defendants, Leeann Appleton?
```

                                                                6

```
 1         A.    You're talking about in the individual
 2      capacity.
 3         Q.    Individual capacity.  Leeann, Cynthia,
 4      former director of the CHRO, and Vivien Blackford.
 5      Those in their official capacity only are Andrew
```

Brown.txt

```
 6      Norton, the chairperson of the CHRO, Robert
 7      Genuario, I believe who is the director of OPM.
 8          A.   Secretary, um-hmm.
 9          Q.   And Brenda Sisco.  I'm not sure what
10      agency she's with, but she's the --
11          A.   Probably DAS.
12          Q.   So those, they are there officially only
13      as the heads of those agencies.
14          A.   Okay.
15          Q.   According to the docket order number 132
16      entered by the court on 4/23 of '08, does that sound
17      right?
18          A.   Correct.
19          Q.   All right then.  I want to take a moment
20      to go through your complaint.  If you have a copy
21      there we can use this one.  Use Exhibit 7 if you
22      want.  I want to go through each one and I want to
23      first of all find out, given now that we've
24      clarified who the defendants are, which counts
25      you're going to pursue, and which ones you may or
```

                                                        7

```
 1      may not pursue, so let's go through them for a
 2      moment, if we could.
 3               Looks like pages 3 through 8 are
 4      historical background.  3 through half of 9, page 9,
 5      it's page 3, beginning paragraph 1 to page 9,
 6      paragraph 26.  Looks like historical background.
```

```
                        Brown.txt
 7      The subsection listed Historical Background, tell me
 8      if that's correct.
 9           A.   3 through page 9?
10           Q.   Through page 9, yes.  Paragraph 26 ends
11      the historical background.
12           A.   Right.
13           Q.   Count 1 deals with the rejection of the
14      plaintiff's executive director application, correct?
15      And that is the application that you made to become
16      the permanent executive director of the CHRO
17      sometime in 1999, is that correct, '98 to '99?
18           A.   Right.
19           Q.   Is that correct?
20           A.   That's correct.
21           Q.   And are you pursuing that count?
22           A.   No, I'm not.
23           Q.   Is it your intention today on the record
24      to dismiss that count?
25           A.   Yes, it is.
```

                                                            8

```
 1           Q.   So stipulated.  And it's okay for me to
 2      represent to the Court in a motion that you are
 3      dismissing that count?
 4           A.   It is.
 5           Q.   Very well.  Count 2 begins on page 16.
 6      It's titled Retaliatory Move of Plaintiff From
 7      Deputy Director Position.  This pertains to when you
 8      were serving in a deputy director position when
                              Page 7
```

Brown.txt

9  Watts-Elder became the executive director, correct?
10       A.   Yes, it does.
11       Q.   And I believe that that decision to remove
12  the deputy director was in September of 1999.
13       A.   Okay.
14       Q.   All right?  Are you pursuing Count 2?
15       A.   No, I'm not.
16       Q.   And it's your intention today on the
17  record to dismiss that count in this case?
18       A.   It is.
19       Q.   And so stipulated.  And I may represent
20  that to the Court?
21       A.   You may.
22       Q.   All right.  That was Count 2.  Count 3
23  begins on page 18.  Count 3.  Denial of Right to
24  Compete for Vacant Director of Field Operations
25  Position.  This pertains to the chief of field

9

1  operations for the CHRO, correct?
2       A.   It does.
3       Q.   That was given to Donald Newton in
4  September of 1999, correct?
5       A.   That's correct.
6       Q.   Now, are you pursuing this count?
7       A.   Yes, I am.
8       Q.   So Count 3 you're going to pursue and we
9  will talk about that in this deposition today, okay?

```
                              Brown.txt
10        A.   Okay.
11        Q.   Count 4 begins on page 19 of Exhibit 7,
12   and it's called Wrongfully Termination.  Will you
13   locate that, please, page 19.  This has to do with
14   your former employment with the CHRO, correct?
15        A.   Yes.
16        Q.   Are you pursuing Count 4?
17        A.   No.
18        Q.   And it's your intention today on the
19   record to dismiss that count?
20        A.   It is.
21        Q.   So stipulated.  And I may represent to the
22   Court that you've dismissed that count?
23        A.   You may.
24        Q.   We will not go over that today, then.
25   Count 5 begins on page 21.  It's a count entitled


                                                         10

1    Defamation.  Take a moment and look at that, if you
2    would.  It goes through page 20, up to beginning of
3    page 26.  Are you going to pursue Count 5 in this
4    case?
5         A.   No, I'm not.
6         Q.   It's your intention today on the record to
7    dismiss that count?
8         A.   Yes, it is.
9         Q.   Against defendants?  All right.  So
10   stipulated.  And I may represent to the Court that
11   that count will be dismissed?
                              Page 9
```

Brown.txt

12      A.   Right.
13      Q.   Page 26 is where Counts 6 and 7 are
14 contained, and they're entitled Discriminatory
15 Removal in Acting Executive Directors position,
16 Intentional Infliction of Emotional Distress.  Have
17 you found that?
18      A.   Yes, I have.
19      Q.   And that goes from page 26 to page 29.
20 Count 6 and 7.  Are you pursuing those counts today?
21      A.   No, I'm not.
22      Q.   It's your intention on the record to
23 dismiss those counts?
24      A.   It is.
25      Q.   And so stipulated.  And I may represent to

                                                      11

1  the Court that those counts may be dismissed?
2       A.   You may.
3       Q.   Count 8 begins on page 29.  It's entitled
4  Discrimination Within the Terms and Conditions of
5  Compensation.  Are you pursuing that count?
6       A.   Yes.
7       Q.   So you're pursuing Count 8, and I will
8  talk to you about that today.  Count 9, it begins on
9  page 32, and its entitled Disparate Treatment
10 Discrimination CHRO'S Regional Manager's Position.
11 Have you located that in Exhibit 7?
12      A.   Yes, I have.

Brown.txt

```
13        Q.   Are you pursuing that count?
14        A.   No, I'm not.
15        Q.   It's your intention today on the record to
16   dismiss that count?
17        A.   Yes, it is.
18        Q.   So stipulated, and I may represent to the
19   Court that they may dismiss that count?
20        A.   You may.
21        Q.   Count 10 is on page 34 of Exhibit 7.  It
22   is entitled Deprivation of Constitutional Protected
23   Liberty.  Are you pursuing Count 10?
24        A.   No.
25        Q.   It's your intention today on the record to
```

                                                       12

```
1    dismiss and withdraw that count?
2         A.   Yes.
3         Q.   And so stipulated, and I may represent
4    that to the Court?
5         A.   You may.
6         Q.   I will not question you about that count
7    today, then.  Count 11 begins on page 36.  It is
8    entitled Depravation of Plaintiff's Right of
9    Association.  Is it your intention to pursue that
10   count in this case?
11        A.   No.
12        Q.   Is it your intention on the record to
13   dismiss that count against the defendants?
14        A.   Yes, it is.
```

```
                              Brown.txt
15        Q.   So stipulated.  And I may represent that
16   to the Court?
17        A.   You may.
18        Q.   Count 12 begins on page 40 of Exhibit 7.
19   Would you locate that, please.  It is entitled
20   Depravation of Right of Free Speech Arising Out of
21   Plaintiff's Whistle Blower Complaint.  Do you intend
22   to pursue Count 12 in this case?
23        A.   No.
24        Q.   It's your intention on the record today to
25   dismiss that count?
```

                                                          13

```
1         A.   Yes, it is.
2         Q.   So stipulated.  And I may make that
3    representation to the Court?
4         A.   You may.
5         Q.   Count 13 begins on page 42 of Exhibit 7.
6    Would you locate that, please.
7         A.   I have.
8         Q.   It is entitled Depravation of Plaintiff's
9    Right to Equal Protection of the Law and Pattern and
10   Practice Discrimination.  Do you see that?
11        A.   Yes, I do.
12        Q.   Is it your intention to pursue that claim
13   against the defendants in this action?
14        A.   No, it's not.
15        Q.   It's your intention on the record to
```

```
                           Brown.txt
16      dismiss that claim today?
17           A.   Yes, it is.
18           Q.   And I may so represent it?
19           A.   You may.
20           Q.   So stipulated.  We've gone through Exhibit
21      7.  Are there any other counts I've missed?
22           A.   No, there are not.
23           Q.   So according to my notes here, sir, the
24      two claims that you wish to pursue in this case
25      against the defendants are Counts 3 and Count 8.
```

☐

```
                                                    14
 1      Count 3 pertains to the chief of field operations, I
 2      believe, and Count 8 deals with the terms of your
 3      compensation when you were the acting executive
 4      director, is that right?
 5           A.   That's right, yes.
 6           Q.   And just for your own information,
 7      Mr. Brown, as we refer back, Count 3 begins on page
 8      18, we'll go to that, all right?
 9           A.   Okay.
10           Q.   And Count 8 begins on page 29, and we'll
11      talk about both of those later on today in more
12      detail if that's okay.
13
14
15
16
17
```