# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWEL E. BROWN, )<br>Plaintiff, )<br> )<br>v. )  CASE NO. 3:02CV223 (CFD)<br> )<br> )<br>VIVIEN BLACKFORD, COMMISSIONER )<br>COMMISSION ON HUMAN RIGHTS AND )<br>OPPORTUNTIES, ET AL, )<br>DEFENDANTS )  July 15, 2008 | |

## PLAINTIFF'S MOTION FOR AN EXTENSION TO TIME TO COMPLETE DISCOVERY DUE TO EXTRA ORDINIARY CIRCUMSTANCES

Comes now, Plaintiff, Jewel E. Brown, pursuant to Local Rule 7 and FRCP 6 and move the Court to enter his order granting Plaintiff an extension of time to and including July 31, 2008 to complete discovery in this matter and, in support of this Motion, Plaintiff alleges and set forth the following "extraordinary circumstances":

(1) The Court, following a status conference held on or about April 4, 2008, ordered the Plaintiff to file an amended and substituted complaint by April 18, 2008 and set a discovery deadline of June 18, 2008 and a dispositive motion deadline of August 4, 2008.

(2) As of the date of said hearing, Plaintiff's health had begun to fail him, due principally to degenerative reasons, however, Plaintiff failed to call these conditions to the Court's attention due primarily to Plaintiff total failure to

appreciate the severe impact these conditions would have on Plaintiff's future ability to function.

(3) Unfortunately, these conditions were aggravated by a fall that Plaintiff suffered in early May, 2008 that resulted in Plaintiff cracking several ribs and being unable to work for a period of five (5) plus weeks due to pain and pain medication[1].

(4) Hence, Plaintiff has been substantially unable to work since early March 2008, but failed to call his condition to the court's attention until he filed his June 26, 2008 Motion requesting that the court extend the discovery deadline to July 31, 2008.

(5) Additionally, in support of his June 26, 2008 Motion, Plaintiff explained that he fully realized that the status of his health could not be used to unduly delay the timely and expeditious prosecution of this complaint. As such, Plaintiff outlined several courses of action that he initiated with defendants that were calculated to dispose of this, (and all other actions) Plaintiff has pending in this court.

(6) Specifically, Plaintiff represented to the court that: (a) he had initiated an aggressive effort to resolve each of Plaintiff's three actions by mean of negotiated settlements[2]; and (b) Plaintiff voluntary advised defendants that, in an effort to expedite final resolution of this complaint, he would be willing to agree to the voluntary dismissal of eleven (11) of the thirteen counts alleged in the above

---

[1] Although, Plaintiff is not identifying and/or describing his degenerative conditions in this record due to the public nature of these pleadings, Plaintiff will be more than willing to provide either defendants or this court any form of medical proof needed to support Plaintiff's allegations.

[2] See **Exhibit 1**, Plaintiff's Settlement Proposal, dated June 16, 2008 and addressed to both of defendants' attorneys of record.

numbered and captioned complaint, (See: Exhibit 2, The Parties' Stipulated Motion To Dismiss Certain Counts in Plaintiff Third Substituted Complaint, As Amended)[3] *Document 141*

(7) As Plaintiff explained in his June 26, 2008 Motion, these proposals were expressly designed to offset any adverse consequences arising out of Plaintiff's failure to have complied with the discovery deadlines established by the court commencing with your April 18, 2008 ruling.

(8) In this respect, Plaintiff pointed out that the ultimate effect of the concessions that he was proposing would be to expedite final disposition of this matter, even if the parties failed to enter into a negotiated settlement of this matter.

(9) Plaintiff submits that this result is compelled due to the substantive nature of Plaintiff's proposal. Specifically, Plaintiff proposed to voluntary dismiss eleven (11) of the thirteen (13) counts alleged in his Complaint.

(10) Hence, at a minimum, Plaintiff's concessions would result in the saving of the untold man hours (and accompanying cost), that court and parties would, otherwise, be required to expend in, an effort to prosecute and adjudicate these counts.[4].

---

[3] Additionally, Plaintiff calls the court's attention to the Settlement Agreement and Joint Stipulation of Dismissal that the parties have reached in the case of Brown v. CCSU, et al, 3:02CV1516(CDF)

[4] Again, Plaintiff seeks to point out that he has engaged conduct strategically calculated to expeditiously resolve these complaints and, as such, can not rationally be accused of delaying and/or failing to prosecute these cases; despite the fact that Plaintiff's health has definitely impaired his ability to meet the discovery deadlines that this court established subsequent to your April 18, 2008 order.

(11) Moreover, Plaintiff submits, that these concessions fully demonstrate his appreciation of the fact that his health, NO MATTER HOW SEVERE, can not be use as a justification to unreasonably delay the prosecution of this action.

(12) Thereafter, on or about July 3, 2008, the court entered his order granting, in part, and denying, in part, Plaintiff's June 26, 2008 Motion[5]. Specifically, the court extended the time to complete discovery to July 16, 2008 but denied Plaintiff's request to extend the deadline to July 31, 2008.

(13) Here, Plaintiff notes that the court premised his order on the expressed admonition that "no further extensions of time will be granted, absent extraordinary reasons"

(14) Consequently, Plaintiff submits that the aforementioned facts, when coupled with those hereinafter set out, clearly establish the existence of "extraordinary circumstances" sufficient to justify the issuance of the requested extension.

(15) In this respect, Plaintiff submits further scrutiny of the facts pertinent to the court's July 3, 2008 order, reveals that it was issued on the Thursday, prior to the July 4th holiday and the upcoming weekend which, also, resulted in the expiration of these days under circumstances that categorically prevented Plaintiff from engaging in any form of discovery.

---

[5] Since the court extended the discovery time period from June 30, 2008 to July 16, 2008, it would appear that Plaintiff was given sixteen (16) additional days to finalize discovery in this matter. However, a close scrutiny of the pertinent facts clearly reveals that this isn't the case. For instance, since the court order wasn't issued until June 3, 2008, Plaintiff notes that these days had expired before Plaintiff learned of the order.

4

(16) Hence, practically speaking, Plaintiff submits that these two events reduced the otherwise sixteen (16) day(s) period (that the court, apparently, opted to give Plaintiff) to a nine (9) day period.

(17) Further, Plaintiff states that on the afternoon of July 3, 2008, defendants' attorney communicated to him their formal settlement offer and Plaintiff advised him that he would need the week to think about it and that he would communicate his response to them by not later than the following Tuesday, July 8, 2008.

(18) Plaintiff selected this response date for two reasons. First, was the fact that Plaintiff faced a three day weekend during which time all offices and businesses would be closed and second, Plaintiff's annual family vacation was scheduled to commence on Saturday, July 5, 2008.

(19) Consequently, during the week of July 5th through July 12th, Plaintiff was on vacation outside the State of Connecticut pursuant to plans and financial arrangements that Plaintiff had contracted during the preceding year[6].

(20) Notwithstanding, Plaintiff being on vacation, he duly contacted defendants on Monday, July 8, 2008 and advised them that he wasn't in a sufficiently inform position that would render him able to make a decision either accepting or rejecting defendants' offer. Further, Plaintiff explained that he wouldn't be in such an informed position until after Plaintiff had fully discovered

---

[6] As such, it's obvious that Plaintiff's physical circumstances precluded any possibility of his being able to engage the discovery activities authorized by the court. Therefore, it fair to conclude that Plaintiff was precluded from implementing the court July 3rd discovery order throughout this seven (7) day period. Consequently, Plaintiff submits that circumstances totally beyond his control precluded his ability to engage the requisite discovery thirteen (13) of the sixteen (16) day period the court intended for Plaintiff to have.

the factual bases on which the defendants' defense, to the remaining two counts, rested[7]. (See Plaintiff's Exhibit 3, an email correspondence dated July 7, 2008 and addressed to defendants' attorneys of Record).

(21) Additionally, in this correspondence, Plaintiff requested that defendants enter into a joint motion with him to extend the time period fixed to complete discovery and further advised defendants that, in the event, they couldn't consent to an extension of the discovery deadline; that Plaintiff would be required to seek to take the deposition of the named defendants on Monday, July 14, 2008[8]. (Ibid)

(22) Defendants responded by making, what Plaintiff deemed to be two inconsistent propositions, the first was that they wouldn't consent to extending the current discovery deadline and the second was that their clients would not be available to participate in the taking of their deposition until Wednesday, July 23, 2008; a date seven (7) days after the termination of the current authorized discovery period.

(23) Thereupon, Plaintiff contacted defendants, again through their attorney, and requested that he clarify the apparent inconsistency in their

---

[7] As stated above and as evidenced in **Exhibit 1**, (The Parties' Joint Stipulation of Dismissal), and due solely to the fact that Plaintiff's health has continued to deteriorate throughout calendar year 2008, Plaintiff has agreed to dismiss all but two of the thirteen (13) Counts alleged in his pending complaint. Again, in doing so, Plaintiff is cognizant of both, this Court and the defendants' need to bring this matter to a final adjudication and of the fact that final adjudication of this matter cannot be unduly delayed by whatever health conditions Plaintiff may suffer.

[8] Although, on prior occasions Plaintiff had advised defendants that he wished to take the depositions of, at least, three to four other persons who were employed by the Commission on Human Rights and Opportunities during the time of Plaintiff's employment and who possess personal knowledge of the facts pertinent to the remaining two counts in dispute, Plaintiff didn't mention taking the deposition of these witnesses due to the limited time period set forth in the Court's July 3, 2008 Order. On the other hand, however, Plaintiff made it clear that even if he wasn't able to take the depositions of all the persons he desired, he would insist on being able to take as many depositions as he could within the constrains to the court's July 3, 2008 order.

positions. In response to this request, Plaintiff was merely directed to defendants' original response dated July 9, 2008. (See Exhibit 4 and 5, Plaintiff's and defendants' attorney email correspondences dates July 9, 2008).

(24) Faced with these apparent inconsistent positions, Plaintiff proceeded to serve formal Notice on defendants of his intent to take the named defendants depositions commencing at 12:00 noon, on Monday, July 14, 2008.

(25) Thereafter, on the afternoon of July 11, 2008 and upon receipt of Plaintiff's Notice, defendants filed, and this court granted, a Motion to Quash Plaintiff's Notice of Deposition based on the fact that defendants clients wouldn't be available to participate in these proceedings until July 23, 2008 and due to the fact that defendants' attorney had already communicated these facts to Plaintiff.

(26) Consequently, Plaintiff represents to the court that he did all he could do to comply with the Court's July 3, 2008 order and, as such, the deadline to complete discovery in this matter should be extended to July 31, 2008 as requested in Plaintiff's original June 26, 2008 Motion.

(27) Additionally, in support of this Motion, Plaintiff wishes to address defendants' repeated contention that throughout the pendency of this action, Plaintiff has failed to conduct discovery in a reasonable and prudent manner. (See: Document #141, For Example – Defendants' Motion to Quash Plaintiff's Notice of Deposition).

(28) Again, at the risk of being redundant, Plaintiff concedes, at the outset, that his discovery activities subsequent to the court order of May 18, 2008 have

been undermined by Plaintiff's failing health which Plaintiff has previously addressed.

(29) Again, as stated above, Plaintiff has attempted to offset the adverse consequences that his failing health has had on his ability to timely prosecute this action by making the various concessions described above.

(30) However, in all other respects and especially prior to the onset of his illness, Plaintiff represents to the court that he prosecuted this action in a timely and expeditious manner.

(31) Specifically, Plaintiff calls the court's attention to the fact that the original and all modified Scheduling Orders entered in this action allotted the parties a period of six months to conduct discovery. [See: Documents Numbers 14, 31, 37 and 71, the Court's Scheduling Orders entered during the period between February 2006 and November 2004).

(32) Additionally, the record shows that on or about November 3, 2004, defendants filed a Motion requesting, among other things, that the court schedule a Status Conference for the purpose of clarifying various procedural issues that they had with Plaintiff's pleadings, (See: Document # 62)

(33) Thereafter this court scheduled an in chamber Status Conference to be held on or about November 17, 2004. (See Document # 71)

(34) During the hearing, which Plaintiff believes was recorded by a court reporter, defendants explained that, in order to clarify the procedural record before the court, they were requesting permission to file a Motion for Limited Summary Judgment on various procedural issues due to two reasons: first,

defendants desired to challenge the court's jurisdiction over several of the named defendants and second, defendants desired to avoid the onus of having to conduct full discovery respecting these parties' substantive liability; inasmuch as defendants were persuaded that for various reasons they would, ultimately, be dismissed from the lawsuit on procedural grounds[9].

(35) Thereafter, on or about January 24, 2008, this court also entered his order directing, among other things, that defendants file their Motion for Limited Summary Judgment not later than March 4, 2005 and that, upon receipt of defendants' Motion, Plaintiff either file his response or a motion to conduct limited discovery, that is that degree of discovery needed for Plaintiff to be able to respond to defendants' motion. (See: Document # 79)

(36) Hence, as a result of this order, Plaintiff was precluded from engaging in any discovery addressing the substantive liability of the defendants. In this respect, Plaintiff reminds the court that this order stayed in place May 18, 2008.

(37) In like manner Plaintiff wishes to address another of defendants' erroneously based contention, that being, Plaintiff has utterly failed to conduct any discovery in this matter.

(38) In this respect, Plaintiff states that on or about August 16, 2004, he served his First Set of Interrogatories and Request for Production of Documents on defendants. However, instead of Answering the same, in good faith, defendants responded by erroneously objecting to the number of interrogatories served and by asserting that each and every interrogatory was objectionable due

---

[9] These representations are based solely on Plaintiff's good faith memory of what transpired during the referenced Hearing. However, as intimated, Plaintiff believes that the proceeding was recorded by a court reporter and can be retrieved, if necessary.

to it being "overly broad, burdensome, harassing and not reasonably related to lead to the discovery of admissible evidence". See: Plaintiff's Exhibit 6, Pages one and 2 of Defendants' Response to Plaintiff's First Set of Interrogatories and Request for Production of Documents0>

(39) However, Plaintiff has failed to further pursue defendants' Answer due principally to the reason that Plaintiff labored under the opinion that this court's November 17, 2004 order limited the scope of the parties' discovery to only those procedural issues that arose out of defendants' Motion for Limited Summary Judgment.

(40) Therefore, in conclusion Plaintiff requests this court to grant him an additional extension of time to and including July 31, 2008 in which to complete discovery in this matter due to the extraordinary circumstances that Plaintiff's demonstrated above and for the limited purposes of:

> (a) Plaintiff taking the depositions of the three named defendants which presently is scheduled for Tuesday and Wednesday, July 22 and 23, 2008;
>
> (b) Plaintiff taking the deposition of Mr. Donald Newton, the white male employee who was placed in the Director of Field Operations Position that Plaintiff claims he would have received, but for his race, and also taking the deposition of former CHRO's Commissioners Nicholas Cioffi and Leslie Brett, two commissioners who either participated in the hiring of Plaintiff's and/or the supervision of Plaintiff; and Pay Peck, the recently retired Executive Director of the commission and a co-worker of Plaintiff; [10]
>
> (c) Plaintiff securing from defendants' their good faith responses to Plaintiff's interrogatories and their production of the documents that Plaintiff requested; and

---

[10] Although, presently, Plaintiff has not sought and received a subpoena from the office of the District Court Clerk as authorized by Rule 45(a)(2) but anticipates doing so, on Thursday, July 17, 2008 in order to reasonably comply with the time constraints contained in said Rule.

(40) Hence, in conclusion, Plaintiff submits that the facts, as outlined above, clearly demonstrate the existence of "extraordinary Circumstances" sufficient to justify (and even compel) this court's issuance of his order granting Plaintiff's motion inasmuch as they clearly show that Plaintiff has not been derelict and/or negligent in the prosecution of this complaint inasmuch as they clearly show that:

> (a) Plaintiff was precluded, by order of this court from conduction substantive discovery of the facts pertinent to the merits of his complaint during the period, commencing November 17, 2004 and through the period ending April 18, 2008;

> (b) that during the period subsequent to the court's issuance of his April 18, 2008 discovery order, plaintiff failed to meet the discovery deadlines established by the court due to unforeseen illness and injuries, but has voluntarily entered into numerous concessions that fully offset any detriment that otherwise would have arisen from Plaintiff's failure to comply with the court's discovery timeframes; and

> (c) Plaintiff's failure to have completed discovery during the period of the court's last extension of time, that is, during the period of July 1, 2008 through July 16, 2008, were primarily caused by: (a) facts that were largely beyond Plaintiff control, for example, the expiration of the first six (6) days; and/or (b) facts that would have subjected both Plaintiff and his family to undue hardship with respect to their annual scheduled vacation.

(41) Additionally, Plaintiff has consulted with defendants pursuant to Local Rule 7 and has been advised by them that they will not consent to Plaintiff's requested extension.  (See Exhibits 5 and 6, supra.)

WHEREFORE, premises considered, Plaintiff prays that this court enters his order granting Plaintiff to and including July 31, 2008 to complete discovery in this matter and for all other necessary and proper relief.

Respectfully Submitted,

*Exhibit ＃1*

**Jewel E. Brown**
**21 Brewster Road**
**South Windsor, CT 06074**
**Phone (860) 543-9806**
**Fax (860) 548-0071**

June 16, 2008

Mr. David Teed
Deputy Assistant
Attorney General
State of Connecticut
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

And,

Mr. Joe Jordano
Assistant Attorney General
State of Connecticut
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

Re: Offer to settlement all claims
     Pending against State of Connecticut

Dear Gentlemen:

This writing constitutes my attempt to persuade you to settle the above referenced complaints. I have opted to write this letter as a result of several reasons. First, is the fact that David indicated, during the Oral Argument on Joe's Motion For Reconsideration of the court's ruling Denying, Without Prejudice, the Procedural Motion for Summary Judgment, that following the court's ruling on the Motion for Reconsideration, he might be willing to discuss settlement. Second, my health has begun to fail me and my doctors have advised that I need to rid myself of all tension causing matters. And third, seeing the two of you at Ray's CHRO's retirement party rekindled a sense of how things were when I was a member of that staff and, as such, it generated a sense of possibilities that included the "conceivable" resolution of these cases. Hence, I offer the following thoughts with respect to the possibility of settling these complaints.

First, as it relates to the complaints against CCSU and DPW, et al., I would be willing to resolve these two lawsuits for some nominal sum constituting nuisance damage **ONLY**. As such, I am willing to leave the calculation of this amount up to you.

Next, as it relates to the lawsuit against CHRO, I am willing to address settlement of this proceeding in accordance with the following structure, to wit: First, since I am persuaded that my strongest two claims are Counts III and VIII which, respectively, allege discrimination arising out of Don Newton's appointment into the Director of Field Operations position, [to not total exclusion] in September 1999 and discriminatory compensation arising out of my brief period of service in the Acting Director's position; I am willing to meet with either or both of you and discuss my contention as to what the relevant facts are that support my contentions. To the extent that we can agree about these, we will then attempt to determine their legal import, that is, you will evaluate their merits and determine to what extent, they support a settlement offer. And, if you think they do, you will make an offer.

If we were unable to agree, to avoid prolonging this matter, I would be willing to enter into an arrangement whereby we agree to submit the case to the court for determination pursuant to a stipulation of facts.

In a nutshell, I desire to resolve these complaints and am willing to do anything reasonable to do so. If you are willing to pursue resolution alone these lines, please let me know. I assure each of you that you will have my wholehearted cooperation in this endeavor.

I await your reply.

Sincerely Yours


Jewel E. Brown

2

Jewel E. Brown,
By:
_____ .
Jewel E. Brown, pro se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 543-9806
FAX (860) 644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing Motion for an Extension of Time to be served upon Defendants' Attorneys this 15th day of July, 2008 by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendant' Attorney whose address is 55 Elm Street, Post Office Box 120, Hartford, CT 06141-0120.

Respectfully submitted

By: _____
Jewel Brown, pro se

12



**From:** Employmentpa@aol.com
   **To:** joesphjordano@po.state.ct.us; David.Teed@po.state.ct.us
   **Cc:** Employmentpa@aol.com
**Subject:** Re:Brown v. CHRO and DPW, et., al.,
   **Date:** Tue, 8 Jul 2008 2:39 am

I have given the settlement offer that Joe presented me a great deal of consideration. However, as of today I am not in a position to either accept it or reject. Prior to doing either, I would like to take a page out of your play book, that is, I would like to take the approach that you guys took toward my earlier offer. In this respect, you responding to it by opting to make sure you knew what evidence I had in my possession to support my claim. Hence, I would like to do the same here.

As such, let me propose that we mutually agree to a settlement schedule that would allow me to take the depositions of the named defendants plus two to four other persons. In exchange for this agreement, I would be willing to consent to dismissing the case against DPW et al subject to my receiving my security bond. Again, as I told you, my sincere desire is to bring this litigation to an expedited end. If we can reach this agreement, all that would be pending is the single claim in the CHRO complaint.

If we can not reach an agreement with respect to my extended discovery needs, I would like to schedule my taking the depositions of the named defendants this Monday, July 14 between the hours of 12:00 noon and 5:00 pm. If this is necessary, please notify me via my cell phone (or email) tomorrow (7-8-08) as to whether or not you would consent to making these individuals available without my having to formally notice them and whether we can take the depositions in your office. I have not contacted a court reporter yet and would need to so do, if this becomes necessary.

Respecting the extended discovery period, it should be limited to the time period absolutely necessary to schedule and take the mentioned depositions.

Again, thanks for your cooperation in these matters.

*Exh. #6*

# IN THE UNITED STATED DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jewel E. Brown,<br>    PLAINTIFF. | ) CIVIL ACTION NO.<br>) 3:02CV223(CFD)<br>) |
|   V.<br>The State of Connecticut and its<br>Commission On Human Rights and Opportunities, et al.,<br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>) OCTOBER 5, 2004 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, the Defendants respond as follows:

### INTERROGATORIES

INTERROGATORIES 1-166

**RESPONSE:** The defendants object to all of these interrogatories on various grounds as follows: (1) the 166 interrogatories (excluding hundreds of subparts) far exceeds the 40 interrogatories agreed upon and approved by the court in the parties' 26(f) report; (2) the defendants cannot determine to which of the now 28 defendants the interrogatories are directed and which 40 of the 166 questions the plaintiff wants answered; (3) the information requested is overly broad, unfairly burdensome and not reasonably calculated to lead to admissible evidence; (4) much of the information requested in the first 40 questions alone pertains to Louis Martin, the plaintiff's former supervisor, or information about "every employee of the CHRO" covering a period of over 12 years. It will take weeks and hundreds of man hours to review files to obtain such information, if it exists. The same burden exists for most of the questions presented.

Subject to the above objections, the defendants will attempt to respond to 40 questions (including subparts as required by the rule) selected by the plaintiff and directed to a particular defendant(s) from the 166 questions presented.

# REQUEST FOR PRODUCTION OF DOCUMENTS

**OBJECTION:** Defendants note their continuing objection to these requests because the plaintiff does not specify to which of the defendants these requests are directed. Furthermore, the defendants do not maintain, nor are they obligated under the Federal Rules, to provide certified copies of documents.

(1)    Please produce certified copies of any and all documents pertaining to the contract(s), identified in defendants' response to interrogatory #11 above, including, but not necessarily limited to the following: (a) the Request For Proposals; (b) each Proposal submitted; (c) any document naming the persons or persons who was responsible for making the selection decision; (d) if the decisions were made by more than one person, any documents that reveal how each person voted; and (e) a copy of each Professional Service Agreement?

**ANSWER:** Object to this request as overly broad, burdensome, harassing and not reasonably calculated to lead to admissible evidence.

(2)    Please produce certified copies of all commission meetings' minutes for the following two periods: (a) the period commencing January 1989 and ending January 1992; and (b) the period commencing FY 96/97, that is July 1, 1996 and continuing through the date of defendants' answer to this interrogatory?

**ANSWER:** The CHRO Commission minutes will be made available for inspection by the plaintiff at a mutually convenient time by contacting defense counsel. A copy can be obtained at plaintiff's cost.

(3)    Please produce certified copies of any and all vacancy announcements, applications, job specifications, selection criteria, and the name, race and gender or each person serving on each interview panel for each position referenced in your responses to interrogatories 14 through 20?

**ANSWER:** Object to this request as overly broad, burdensome, harassing and not reasonably calculated to lead to admissible evidence and it is not clear to which of the defendants it is addressed.

(4)    Produce certified copies of any and all records that evidence(s) Mr. Louis Martin's appointment, including but not limited to, his application for

2