UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWEL E. BROWN,  :  | CASE NO. 3:02CV0223(CFD) |
|    Plaintiff,  : | |
| : | |
| v.  : | |
| : | |
| VIVIEN BLACKFORD, COMMISSIONER,  : | |
| COMMISSION ON HUMAN RIGHTS AND  : | |
| OPPORTUNITIES, CYNTHIA WATTS ELDER,  : | |
| Executive Director, CHRO; LEANNE  : | |
| APPLETON, BUSINESS MANAGER, CHRO;  : | |
| ANDREW NORTON, in his official capacity as  : | |
| chairperson of the CHRO; ROBERT GENUARIO,  : | |
| in his official capacity as secretary of the Office  : | |
| of Policy and Management; and BRENDA  : | |
| SISCO, in her official capacity as Commissioner  : | |
| of the Department of Administrative Services  : | |
|    Defendants.  : | July 22, 2008 |

**DEFENDANTS' SUPPLEMENTAL OBJECTION TO PLAINTIFF'S
MOTION FOR EXTENSION OF TIME**

COMES NOW the defendants and submit a supplemental objection to the plaintiff's request for additional time (Doc. # 143) to conduct discovery AFTER the court set a deadline.

(1) During the entire six and a half year period while his case has been pending, the Plaintiff never took a <u>single deposition</u>, and he did very little paper discovery. During that six and a half year period, the Plaintiff never even mentioned any medical problems that would have kept him from doing so. The Plaintiff waited three months after the Court's April 2008 notice to even mention doing the deposition.

1

(2) The Plaintiff claims on page 5, ¶¶ 18 and 19 of his Motion for Extension of Time that his "family vacation" from July 5 – 12, 2008 is one of the "extraordinary reasons" why he could not take deposition and why his Motion should be granted. This is not good cause for extending discovery. .

(3) Despite the fact that the Plaintiff waited six and a half years before even attempting to depose the three Defendants, and despite the fact that the Plaintiff gave the Defendants less than one week's notice, the Defendants' counsel agreed to allow the Plaintiff to depose them after the July 16, 2008 discovery deadline, specifically July 22 and 23, 2008. Now the Plaintiff wants to depose <u>many</u> other witnesses including several judges and several executives. (It would be extremely difficult to schedule such depositions during the summer months. The Plaintiff himself insisted that his own deposition be extended to July 16, 2008 due to his vacation.) If this Court allows the Plaintiff to do so, the discovery deadline (which expired on July 16, 2008) must be extended <u>well beyond</u> July 31, 2008 (the date the Plaintiff has asked for and the Plaintiff knows it.)

(4) In addition to all of the depositions the Plaintiff suddenly wants to conduct now that the discovery period has passed, the Plaintiff also suddenly wants to conduct more paper discovery. Since at least 30/60 days are required for that, the discovery deadline would have to be extended well beyond July 31, 2008 (the date the Plaintiff has asked for) and the Plaintiff knows this as well.

(5) Whatever medical problems the Plaintiff now claims to have did not prevent him from attending his deposition on July 1, 2008 and July 16, 2008, or from vacationing out of state for ten (10) days, or from attending the retirement party he mentioned in his

2

Motion for Extension of Time, Exhibit # 1.  Whatever purported serious, degenerative medical condition is referenced in his pleading, he not explained how <u>new</u> medical conditions prevented him from conducting discovery for the last six and a half years.

(6)  The Plaintiff's Exhibit # 6, attached to his Motion for Extension of Time, is a portion of the Defendant's Response to Plaintiff's first (and only) Set of Interrogatories and Request for Production of Documents.  In that response, the Defendants objected to some of the Plaintiff's Interrogatories and Requests for Production, but the Plaintiff <u>never responded</u> to the Plaintiff's objections and therefore has <u>waived</u> any objections he might have had.  The Plaintiff cannot now, some four years later, try to raise this issue and obtain permission for the Court to object through his current Motion for Extension of Time.

(7)  In several of the Exhibits attached to his Motion for Extension of Time, the Plaintiff purports to seek settlement on this case, but his intentions are belied by his attempt now to seek full blown discovery now that the discovery period has expired.

(8)  Contrary to the Plaintiff's argument on pages 6-7, ¶¶ 22–24, there has been nothing inconsistent about the Defendants' position in this matter.  Defendants' counsel has accommodated the Plaintiff over and over again by rescheduling his deposition more that six times during the past six and a half years, including most recently, June 4, 2008 (rescheduled to July 1, 2008) and July 1, 2008 (continued to July 16, 2008 due to the Plaintiff's need to meet a carpenter to fix his garage door).  The more the Defendants try to accommodate the Plaintiff and give him more time, the more demanding he becomes.

(9)  Recently the plaintiff sent a detailed request for information to the Department of Administrative Services under the Connecticut Freedom of Information

statute. (See Exhibit A attached hereto). The defendants are concerned that the plaintiff is trying to conduct an end around the deadlines set by the court.

WHEREFORE, the defendant urge the court to deny the plaintiff's request for more time.

        DEFENDANTS,

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


BY:   /s/_____
       Joseph A. Jordano
       Assistant Attorney General
       55 Elm Street, P.O. Box 120
       Hartford, CT 06141-0120
       Tel: 860-808-5340
       Fax: 860-808-5383
       email: Joseph.Jordano@po.state.ct.us
       Federal Bar # ct21487

## **CERTIFICATION**

The undersigned hereby certifies that on this 22nd day of July, 2008 the foregoing was sent by First Class United States mail, postage prepaid, to:

Jewel E. Brown, Pro Se
21 Brewster Road
South Windsor, CT 06074


        \_\_/s/_____
        Joseph. A. Jordano
        Assistant Attorney General