UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWEL E. BROWN, <br> Plaintiff, <br><br> v. <br><br><br> VIVIEN BLACKFORD, COMMISSIONER <br> COMMISSION ON HUMAN RIGHTS AND <br> OPPORTUNTIES, ET AL, <br> DEFENDANTS | ) <br> ) <br> ) <br> ) CASE NO. 3:02CV223 (CFD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) July 20, 2008 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION
TO PLAINTIFF'S MOTION FOR AN EXTENSION TO TIME
TO COMPLETE DISCOVERY DUE TO EXTRA
ORDINIARY CIRCUMSTANCES**

COMES NOW, the Plaintiff, and submits the following response to defendants' objection to Plaintiff's Motion for an Extension of Time to, and including, July 31, 2008, to Complete Discovery Due to Extraordinary Circumstances and in support of said Response, Plaintiff alleges and states as follows:

(1) After stating that they have already agreed to schedule the deposition of Vivien Blackford for July 22, 2008 and the depositions of Leanne Appleton and Cynthia Watts Elder for July 23, 2008, defendants state, in Paragraph three (3) of their Objection, that "there was no discussion of about any other discovery, especially additional depositions", ... .

(2) In response to the quoted language, Plaintiff submits that, in making the communications, hereinafter quoted, he was of the opinion that he was advising defendants of his intent to take the depositions of **not only, the named**

**defendants but, in addition, the depositions additional witnesses who possessed personal knowledge of the facts pertinent to this complaint.**

(3) In this respect, Plaintiff calls the court's attention to an email, dated June 25, 2008, that he sent defendants' attorney wherein Plaintiff stated, (in the event, their settlement efforts failed, that he:

> "would like to take the depositions of Watts-Elder, Appleton, Newton, and one or two of CHRO's other employees who could shed light on my discriminatory animus and job performance". (Exhibit 1)

(4) Again, Plaintiff advised defendants' attorneys of this intent during the taking of his deposition on July 1, 2008. There, Plaintiff made the statement during an off record colloquy, which is supported by remarks contained in the record. Specifically, Plaintiff calls the court's attention to pages 323 and 324 of the deposition where, in response to defendants' attorney summary of future discovery procedures, the following exchange took place:

> "A. Okay, Joe, in doing that, give some consideration for my request for continuance
> Q. I'm going to talk to you about that, and I will get back to you tomorrow about the request for continuance. And, if I agree with you I will withdraw my objection. [See: Exhibit 2, Plaintiff's Deposition Statement, dated July, 2008, @ pages 323-324, and lines nine (9) through eighteen (18)].
>
> Mr. Jordano: I don't think there's anything further for us, so we'll continue the deposition to the 16th, I'll talk to you tomorrow about the extension issue, AND THEN WE HAVE TO GET A HOLD OF DIFFERENT PEOPLE. ... ."

(5) Plaintiff submits that the highlighted language, "AND THEN WE HAVE TO GET A HOLD OF DIFFERENT PEOPLE" refers to Plaintiff's specific request, made off the record, that the parties enter into a joint continuance request based on Plaintiff's need to depose the named defendants and three to four other

2

witnesses. As a matter of fact. defendants' attorney, had observed that they didn't know what the proposed witnesses schedule would be, in light of their summer vacation needs and this is why defendants' attorney would need to "get hold of different people".

(6) Again, on July 8, 2008, Plaintiff asked defendants to consent to his proposed request for a continuance to and including July 31, 2008 to complete discovery in this matter and advised that if defendants failed to, Plaintiff would proceed to take the depositions of the named defendants on July 14, 2008.

> [See: Plaintiff's emails dated July 8, 2008 and July 9, 2008 wherein Plaintiff specifically requested that the parties:
>
> "mutually agree to a settlement schedule that would allow me to take the depositions of the named defendants plus two to four other persons". (See: Exhibits 3 and 4).
>
> Also, see Defendants' Responsive email dated July 9, 2008 wherein they advised Plaintiff that they would not consent to a continuance]

(7) Given these uncontroverted facts, Plaintiff is at a loss to ascertain how defendants could contend that he failed to put them on notice of his intent to depose several witnesses in addition to the named defendants and allege that he failed to secure their willingness to consent to a continuance and/or ascertain whether or not they would object to Plaintiff's Motion for a Continuance to July 31, 2008 to complete discovery in this matter.

WHEREFORE, premises considered, Plaintiff submits the aforementioned facts in response to the defendants' Objection to Plaintiff's Motion for an extension of time to, and including July 31, 2008, to complete discovery to complete discovery in this matter and for all other necessary and proper relief.

3

Respectfully Submitted,
Jewel E. Brown.
By: _____
Jewel E. Brown, pro se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 543-9806
FAX (860) 644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing Motion for an Extension of Time to be served upon Defendants' Attorneys this 20th day of July, 2008 by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendant' Attorney whose address is 55 Elm Street, Post Office Box 120, Hartford, CT 06141-0120.

Respectfully submitted
By: _____
Jewel Brown, pro se

(7) Finally, Plaintiff calls the court's attention to his Exhibits 5 wherein he

ex

4

*Exhibit #2*
*Dated 6/25/08*

Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT 06106

Phone:  (860) 808-5340
Fax:    (860) 808-5383
URL:    http://www.cslib.org/attygenl

CONFIDENTIALITY NOTICE:
This communication is for the exclusive and confidential use of the intended recipients. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify me immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.


**From:** Jewel Brown [mailto:employmentpa@aol.com]
**Sent:** Wednesday, June 25, 2008 6:23 PM
**To:** Jordano, Joseph A.
**Cc:** Teed, David M.
**Subject:** Re: Future Proceeding in all three cases

Thanks for your clarifying e-mail respecting my upcoming deposition. In this regard, let me make the following observations. First, my original "Offer to Settle" letter Identified two issues on which I believe I can prevail. The first of these, you identified in your e-mail. The second alleges discriminatory compensation arising out of my tenure in the Acting Executive Director position. Similarly, as to the named parties, I would prefers not consenting to the dismissal of Appleton and Blackford, at this time. I base my hesitancy on the fact that my discriminatory compensation claim, alleges that I was not paid the DAS authorized salary due, in large part, to false and misleading information that Appleton, (in her capacity as CHRO's Business Manager), provided the commissioners. In this respect, the commissioners asked her to consult with the appropriate state officials and ascertain what my acting Executive Director salary should be. As to defendant, Blackford, while I understand your analysis, I am, nonetheless, hesitant to undertake this action at this point.

Moreover, as you understand, my sole motivation for narrowing the scope of my complaint is to induce an environment that would permit us to settle these complaints. As such, I would be a lot more comfortable, if we could resolve the settlement issue sooner than later. Notwithstanding, I do understand what you are seeking to do, that is, to finalize your discovery needs so that, in the event settlement fails, (God forbid) you would be in a position to go forward. In this event, I would like to take the depositions of Watts-Elders, Appleton, Newton, and one or two of CHRO's other employees who

could shed light on my discriminatory aminus and job performance. But I would only want to do this if our efforts to settle failed. In the event this proposal is too opened ended for your comfort level, then let me suggest that I be given until July 30, to finish this task. Frankly, I only need a two week period to finalize this function. The only reason I suggest this date is due to the fact that I will vacation during the week of July 7 - 11. Again, this is my preference, what can you live with?

Respecting my case against CCSU, as you know I am obligated to file my response to your Summary Judgment Motion on June 30th. Again, I would prefer not having to do this. Therefore, I would be willing to dismiss the complaint if you would consent to my security bond being returned to me and the state picking up the cost. Again, I want out. If you can't, then I would ask you for an additional week to finalize my response. Presently, I am seventy-five % complete with my response. As you know, in early April I fell and cracked several ribs. I wasn't able to work on either case for approximately a five week period. In making this request, I am fully aware of the fact that, upon receipt of my last extension, I committed to not requesting an additional one. In limiting my request to this brief period, I am doing my best to keep my commitment.

Again, Joe I realize that you are anxious to resolve these complaints, one way or the other, especially in light of their age. However, under the circumstances, I feel that my requests are reasonable.

Jewel Brown
Property & Development Manager
Phillips Metropolitan CME Church &
North Star Center for Human Development, Inc.
2500 Main Street, Hartford, CT 06120
860-246-3526 phone
860-548-0871 fax
EmploymentPA@aol.com

-----Original Message-----
From: Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
To: Jewel Brown <employmentpa@aol.com>
Cc: Teed, David M. <David.Teed@po.state.ct.us>
Sent: Wed, 25 Jun 2008 8:12 am
Subject: RE: Deposition on 7-1-08

This will confirm our conversation yesterday about your deposition scheduled for 7-1-08. The deposition will go forward as planned. It is my understanding from your representation to me yesterday that when the deposition begins we will state on the record that you have narrowed your case to one claim relating to the CHRO Chief of Field Operations position. You will withdraw your other counts and dismiss Ms. Appleton and Ms. Blackford since they did not make the decision to upgrade Mr. Newton. Ms. Watts-Elder will remain in the case. If my

Case 3:02-cv-00223-CFD   Document 147   Filed 07/23/2008   Page 7 of 16

*Exhibit 6*
*dated 7/1/08*

n   7/1/2008   Brown v. State of CT

Jewel Brown

Page 323

1   a withdrawal of those counts, to be executed and
2   submitted to the Court by stipulation. Is that all
3   right?
4       A.   That's fine.
5       Q.   I'll send that to you for you to sign and
6   I will file it with the Court so the Court knows
7   that they're not to consider those counts, all
8   right?
9       A.   Okay. Joe, in doing that, give some
10  consideration for my request for continuance.
11      Q.   I'm going to talk to you about that, and I
12  will get back to you tomorrow about the request for
13  continuance. And if I agree with you I will
14  withdraw my objection.
15      A.   Because what I want to do is focus on the
16  narrow issues, see what the facts are and go
17  forward. The facts are going to be what the facts
18  are.
19          MR. TEED:  Put on the record the 16th
20  date.
21          MR. JORDANO:  And we've set August 16
22  as the date for the continuation of the deposition,
23  and by that time I will have looked at the
24  documents. And then what we'll do is that being the
25  case, we'll knock off for today, because you have to

Brown v. State of CT

7/1/2008

Jewel Brown

Page 324

1  go through your documents yet, and it wouldn't serve
2  any purpose, so we'll adjourn at this time.  Is
3  there anything else, Mr. Brown, that you want to put
4  on the record today?
5              THE WITNESS:  No.
6              MR. JORDANO:  I don't think there's
7  anything further for us, so we'll continue the
8  deposition to the 16th, I'll re-notice it, I'll talk
9  to you tomorrow about the extension issue, and then
10 we have to get a hold of different people.  All
11 right, how's that sound?
12             THE WITNESS:  Sound fine.
13             MR. JORDANO:  Thank you for your time,
14 Mr. Brown.
15             THE WITNESS:  Thank you, Joe.
16         (Deposition suspended at 12:50 p.m.)
17
18
19
20
21
22
23
24
25

Page 323

1  a withdrawal of those counts, to be executed and
2  submitted to the Court by stipulation. Is that all
3  right?
4      A.  That's fine.
5      Q.  I'll send that to you for you to sign and
6  I will file it with the Court so the Court knows
7  that they're not to consider those counts, all
8  right?
9      A.  Okay. Joe, in doing that, give some
10 consideration for my request for continuance.
11     Q.  I'm going to talk to you about that, and I
12 will get back to you tomorrow about the request for
13 continuance. And if I agree with you I will
14 withdraw my objection.
15     A.  Because what I want to do is focus on the
16 narrow issues, see what the facts are and go
17 forward. The facts are going to be what the facts
18 are.
19          MR. TEED: Put on the record the 16th
20 date.
21          MR. JORDANO: And we've set August 16
22 as the date for the continuation of the deposition,
23 and by that time I will have looked at the
24 documents. And then what we'll do is that being the
25 case, we'll knock off for today, because you have to

Brown v. State of CT

7/1/2008

Jewel Brown

Page 324

1  go through your documents yet, and it wouldn't serve
2  any purpose, so we'll adjourn at this time. Is
3  there anything else, Mr. Brown, that you want to put
4  on the record today?
5          THE WITNESS: No.
6          MR. JORDANO: I don't think there's
7  anything further for us, so we'll continue the
8  deposition to the 16th, I'll re-notice it, I'll talk
9  to you tomorrow about the extension issue, and then
10 we have to get a hold of different people. All
11 right, how's that sound?
12         THE WITNESS: Sound fine.
13         MR. JORDANO: Thank you for your time,
14 Mr. Brown.
15         THE WITNESS: Thank you, Joe.
16     (Deposition suspended at 12:50 p.m.)
17
18
19
20
21
22
23
24
25

1  a withdrawal of those counts, to be executed and
2  submitted to the Court by stipulation. Is that all
3  right?
4      A.   That's fine.
5      Q.   I'll send that to you for you to sign and
6  I will file it with the Court so the Court knows
7  that they're not to consider those counts, all
8  right?
9      A.   Okay. Joe, in doing that, give some
10 consideration for my request for continuance.
11     Q.   I'm going to talk to you about that, and I
12 will get back to you tomorrow about the request for
13 continuance. And if I agree with you I will
14 withdraw my objection.
15     A.   Because what I want to do is focus on the
16 narrow issues, see what the facts are and go
17 forward. The facts are going to be what the facts
18 are.
19          MR. TEED: Put on the record the 16th
20 date.
21          MR. JORDANO: And we've set August 16
22 as the date for the continuation of the deposition,
23 and by that time I will have looked at the
24 documents. And then what we'll do is that being the
25 case, we'll knock off for today, because you have to

Brown v. State of CT

7/1/2008

Jewel Brown

Page 324

1   go through your documents yet, and it wouldn't serve
2   any purpose, so we'll adjourn at this time.  Is
3   there anything else, Mr. Brown, that you want to put
4   on the record today?
5           THE WITNESS:  No.
6           MR. JORDANO:  I don't think there's
7   anything further for us, so we'll continue the
8   deposition to the 16th, I'll re-notice it, I'll talk
9   to you tomorrow about the extension issue, and then
10  we have to get a hold of different people.  All
11  right, how's that sound?
12          THE WITNESS:  Sound fine.
13          MR. JORDANO:  Thank you for your time,
14  Mr. Brown.
15          THE WITNESS:  Thank you, Joe.
16      (Deposition suspended at 12:50 p.m.)
17
18
19
20
21
22
23
24
25

**From:** Employmentpa@aol.com
**To:** joesphjordano@po.state.ct.us; David.Teed@po.state.ct.us
**Cc:** Employmentpa@aol.com
**Subject:** Re:Brown v. CHRO and DPW, et., al.,
**Date:** Tue, 8 Jul 2008 2:39 am

I have given the settlement offer that Joe presented me a great deal of consideration. However, as of today I am not in a position to either accept it or reject. Prior to doing either, I would like to take a page out of your play book, that is, I would like to take the approach that you guys took toward my earlier offer. In this respect, you responding to it by opting to make sure you knew what evidence I had in my possession to support my claim. Hence, I would like to do the same here.

As such, let me propose that we mutually agree to a settlement schedule that would allow me to take the depositions of the named defendants plus two to four other persons. In exchange for this agreement, I would be willing to consent to dismissing the case against DPW et al subject to my receiving my security bond. Again, as I told you, my sincere desire is to bring this litigation to an expedited end. If we can reach this agreement, all that would be pending is the single claim in the CHRO complaint.

If we can not reach an agreement with respect to my extended discovery needs, I would like to schedule my taking the depositions of the named defendants this Monday, July 14 between the hours of 12:00 noon and 5:00 pm. If this is necessary, please notify me via my cell phone (or email) tomorrow (7-8-08) as to whether or not you would consent to making these individuals available without my having to formally notice them and whether we can take the depositions in your office. I have not contacted a court reporter yet and would need to so do, if this becomes necessary.

Respecting the extended discovery period, it should be limited to the time period absolutely necessary to schedule and take the mentioned depositions.

Again, thanks for your cooperation in these matters.

*Exhibit #4 dated 7/9/08*

**From:** Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
**To:** Jewel Brown <employmentpa@aol.com>
**Cc:** Teed, David M. <David.Teed@po.state.ct.us>
**Subject:** Brown v. CHRO
**Date:** Wed, 9 Jul 2008 10:40 am

I did not receive the 7/8/08 email you sent to David Teed despite it being addressed to me. However, AAG Teed did forward it to me.

Although I do not believe that Judge Droney will be sympathetic to your request to depose the defendants at the last minute given the "six years" this case has been pending, I will agree to produce the defendants to be deposed **on June 23, 2008**, which is the first date I have free that at least two defendants (perhaps all three) are available. I will rely on your representation in the email that all three defendants can be done on the same day. We can do the depositions at my office.

I will not consent to formally extend the discovery deadline in this case. Judge Droney has stated that no further extensions will be granted.

See you on the 16th for your continued deposition and please remember to bring my portable dollie that I loaned to you.

Thank you.

*Joseph A. Jordano*
**Assistant Attorney General**
**Attorney General's Office**
55 Elm Street
P.O. Box 120
Hartford, CT 06106

Phone: (860) 808-5340
Fax:   (860) 808-5383
URL:   http://www.cslib.org/attygenl

CONFIDENTIALITY NOTICE:

This communication is for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify me immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

*Exhibit #5*
*dated 7/9/08*

**From:** Employmentpa@aol.com
**To:** Employmentpa@aol.com
**Subject:** Fwd: Brown v. CHRO
**Date:** Wed, 16 Jul 2008 10:09 pm

Attached Message

**From:** Employmentpa@aol.com
**To:** Joseph.Jordano@po.state.ct.us
**Cc:** David.Teed@po.state.ct.us
**Subject:** Re: Brown v. CHRO
**Date:** Wed, 9 Jul 2008 10:55:34 AM Eastern Daylight Time

Joe, I am not sure whether you agreed to consent to filing a joint motion for a continuance to depose these witnesses or not. Again, what I would like to do is for you and I to set down and discuss when the witnesses can be made available and then schedule the depositions accordingly. As you indicated in your response, I, too, think that the court will be more incline to consent if we act jointly as opposed to separately.

Please clarify the extent of your willingness to agree to my proposal.

*Exhibit E-6*
*dated 7/9/08*

**From:** Jordano, Joseph A. <Joseph.Jordano@po.state.ct.us>
**To:** Employmentpa@aol.com
**Subject:** RE: Brown v. CHRO
**Date:** Wed, 9 Jul 2008 2:45 pm

See my last email that set forth the date of availability of the witnesses on July 24 and my position about a discovery continuance.


Joseph A. Jordano
**Assistant Attorney General**
**Attorney General's Office**
55 Elm Street
P.O. Box 120
Hartford, CT 06106

Phone: (860) 808-5340
Fax:    (860) 808-5383
URL:    http://www.cslib.org/attygenl

CONFIDENTIALITY NOTICE:

This communication is for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify me immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.


**From:** Employmentpa@aol.com [mailto:Employmentpa@aol.com]
**Sent:** Wednesday, July 09, 2008 10:56 AM
**To:** Jordano, Joseph A.
**Cc:** Teed, David M.
**Subject:** Re: Brown v. CHRO

Joe, I am not sure whether you agreed to consent to filing a joint motion for a continuance to depose these witnesses or not. Again, what I would like to do is for you and I to set down and discuss when the witnesses can be made available and then schedule the depositions accordingly. As you indicated in your response, I, too, think that the court will be more incline to consent if we act jointly as opposed to separately.

Please clarify the extent of your willingness to agree to my proposal.