UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEWEL E. BROWN,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CASE NO. 3:02CV223 (CFD)<br>)<br>) |
| VIVIEN BLACKFORD, COMMISSIONER<br>COMMISSION ON HUMAN RIGHTS AND<br>OPPORTUNTIES, ET AL,<br>DEFENDANTS | )<br>)<br>)<br>) July 29, 2008 |

### PLAINTIFF'S MOTION FOR STATUS CONFERENCE

Comes now, the Plaintiff and moves the court to schedule a Status conference in this matter and, in support of this Motion, alleges and states as follows:

(1) The Court, following a status conference held on or about April 4, 2008, ordered the Plaintiff to file an amended and substituted complaint by April 18, 2008 and set a discovery deadline of June 18, 2008 and a dispositive motions deadline of August 4, 2008.

(2) Since the entrance of this order the parties have filed several motions for extensions of time to complete discovery and for the filing of dispositive motions.

(3) For example, on or about July 1, 2008, Plaintiff filed a motion seeking an extension of time to and including July 31, 2008 to complete discovery.

(4) Thereafter, this court entered his order granting Plaintiff until July 16, 2008 to complete discovery and stating that no further extensions would be granted absence a showing of extraordinary circumstances.

(5) Thereupon, Plaintiff filed a second motion on or about July 16, 2008 wherein he renewed his motion for an extension of time to July 31, 2008 to complete discovery due to the existence of extraordinary circumstances.

(6) Specifically, Plaintiff asserted that a sufficient showing of extraordinary circumstances was made based on the following facts:

    (a) Even though Plaintiff conceded that he had failed to comply with the court's April 18, 2008 discovery deadline, he contended that his failure to comply must be excused inasmuch as it was caused, initially, by degenerative health conditions and thereafter complicated by a fall he suffered in May 2008[1], which rendered his ability to comply – impossible;

    (b) that upon realizing his health would preclude his ability to comply with the court's discovery order, Plaintiff initiated settlement discussions with the defendants and as an inducement to defendants' consideration, Plaintiff agreed to unilaterally dismiss eleven (11) of the thirteen (13) counts contained in his complaint;

    (c) Plaintiff had complied to the best of his ability to comply with the court's July 1, 2008 order that granted Plaintiff to July 16, 2008 to complete discovery inasmuch as: (1) the first six (6) days of the purported sixteen (16) day period had either expired prior to Plaintiff learning of the order or were consumed within the three day - Fourth of July holiday - weekend; (2) the next seven (7) days were consumed by Plaintiff being on a previously scheduled family vacation; and (3) being unable to persuade defendants to consent to a mutual continuance, Plaintiff "noticed" the taking of the three named defendants' depositions on Monday, July 14, 2008, but which "notice" this court quashed on about July 11, 2008 pursuant to a motion filed by defendants, thereby

---

[1] Although not articulated in Plaintiff's July 16, 2008 Motion, Plaintiff has subsequently filed, under court seal, copies of his medical records that show that commencing in February 2008 Plaintiff began to suffer **_cardiovascular_**, abdominal, and neurological (memory loss) problems.

permitting defendants to appear at times better suited to their schedules;

(4) But for the time period of April 18 2008 through June 18, 2008, Plaintiff has dutiful complied with the orders of this court and that, pursuant to these orders, Plaintiff was precluded from conducting discovery into all substantive issues raised in the complaint for the period commencing January 17, 2004 and ending April 18 2008; and

(5) Contrary to defendants' repeated assertion, Plaintiff had, in fact, commenced discovery in this matter by filing his first set of interrogatories on or about the 16th day of August, 2003 which defendants refused to answer, in good faith, and which the court's November 17, 2004 order precluded Plaintiff from challenging inasmuch as it limited discovery to those procedural issues raised by defendants in their Motion for Partial Summary Judgment.

(7) Subsequent to having filed said Motion the defendants having completed their taking of Plaintiff's deposition and Plaintiff has commenced the taking of the deposition of defendants Blackford and Appleton.

(8) Moreover, the parties have agreed to the following schedule with respect to the taking of future depositions, to wit: (a) the deposition of defendant Watts-Elder is to convene at 10:00 am of Thursday, August 14, 2008; (b) the deposition of defendant Blackford is to resume at 2:00 pm on Thursday, July 21, 2008; and (c) the deposition of defendant Appleton is to resume on Wednesday, September 10, 2008.

(9) Further, the parties have agreed that defendant Watts-Elder deposition will be completed on the scheduled date and that Plaintiff will have an additional three hour period to examine defendant Appleton and a two hour period to examine defendant Blackford.

10) Additionally, Plaintiff states that pursuant to Rule 45, FRCP, he has secured the issuance of four subpoenas from the office of the Court Clerk and

has prepared to issue them but has elected not to do so at this time due to the uncertainty of the period in which he will be allowed to conduct discovery.

(11) That this uncertainty is further manifested by the time period set forth in Plaintiff's pending Motion requesting the court to grant Plaintiff to and including July 31, 2008 to complete discovery in this matter and to which Motion, the court responded by directing Plaintiff to file the medical records that support Plaintiff's contention that his health made it impossible for him to comply with the court April 18, 2008 to June 18, 2008 discovery deadline.

(12) Hence, it's obvious that if the court concludes that Plaintiff's health did render his physical ability to comply with his April 18, 2008 order, then it naturally follows that the time period requested by Plaintiff in his July 16, 2008 Motion is insufficient.

(13) Moreover, such a conference is made necessary by the mere fact that the parties have informally agreed to a time schedule for Plaintiff to complete taking the depositions of the named defendants within a time-period different from and moreover conflicts with the one set by the court to file dispositive motions.

(14) Additionally, Plaintiff represents to the court that such Conference is needed to address the following issues:

> (a) Plaintiff's needs to take the depositions of additional witnesses such as: (1) Mr. Donald Newton, the white male employee who was placed in the Director of Field Operations position at the same time defendants were conspiring to perfect Plaintiff's termination; (2) Nicholas Cioffi, the individual who served as the Chair of the CHRO at all times pertinent to the issues before the court; (3) one or two of the employees of the Department of Administrative Services, (DAS) whose job it was to oversee and validate the statutorily mandated processes that

defendants were required, by law, to perfect; and (4) Raymond Peck, a white male coworker of Plaintiff during Plaintiff's employment at CHRO; (c) Plaintiff securing from defendants' their good faith responses to Plaintiff's interrogatories and their production of the documents that Plaintiff requested; and

(d) Plaintiff securing from defendants the discovery materials mandated by Rule 26 (a), FRCP.

WHEREFORE, premises considered, Plaintiff prays that this court enters his order scheduling a Status Conference in this matter for the reasons stated above and for all necessary and proper relief.

Respectfully Submitted,

Jewel E. Brown
By: _____
Jewel E. Brown, pro se
21 BREWSTER
SOUTH WINDSOR, CT. 06074
PHONE (860) 543-9806
FAX (860) 644-6551
E-MAIL: employmentpa@aol.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that he has caused a copy of the foregoing Motion for Status Conference to be served upon Defendants' Attorneys this 29th day of July, 2008 by depositing a copy of the same in U. S. mail, postage prepaid, and addressed to Defendant' Attorney whose address is 55 Elm Street, Post Office Box 120, Hartford, CT 06141-0120.

Respectfully submitted
By: _____
Jewel Brown, pro se